## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 06/21/07 12:25 pm<br>June 21, 2007 | 1001 BISHOP ST., #2500 ASB<br>HON, HI. 96813 |
| SERVED ON (PRINT NAME)<br>*See attached Proof of Service | | MANNER OF SERVICE<br>CALVIN E. YOUNG, ESQ<br>PERSONAL SERVICE |
| SERVED BY (PRINT NAME)<br>Dexter Carrasco | | TITLE<br>Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   6/21/07
                  DATE

[signature]
Calvin E. Young

SIGNATURE OF SERVER

ADDRESS OF SERVER
PO Box 4302
Honolulu, HI 96812

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 22 2007
at __ o'clock and 55 min P.M.
SUE BEITIA, CLERK

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

June 19, 2007
SUBPOENA
CV01:00556 DAE:BMK
Proof of Service
Page 6 of 6

|  | MAIL | HAND-DELIVERED |
|---|---|---|
| 1) KEVIN P.H. SUMIDA, ESQ.<br>MARILYN S.H. NAITOH, ESQ.<br>LANCE S. AU, ESQ.<br>Matsui, Chung, Sumida & Tsuchiyama<br>737 Bishop Street, Suite 1400<br>Mauka Tower<br>Honolulu, HI 96813<br>Tel. No. 808.536.3711<br>Fax No. 808.599.2979 | [ ]<br>[ ]<br>[ ] | [ ]<br>[ ]<br>[ ] |
| 2) SIDNEY K. AYABE, ESQ.<br>CALVIN E. YOUNG, ESQ.<br>Ayabe, Chong, Nishimoto, Sia & Nakamura<br>1001 Bishop St., Ste. 2500<br>Pauahi Tower<br>Honolulu, HI 96813<br>Tel. No. 808.537.6119<br>Fax No. 808.526.3491 | [ ]<br>[ ] | [ ]<br>[X] |
| 3) DENNIS M. LOMBARDI, ESQ.<br>NANCY P. YOUNGREN, ESQ.<br>CASE LOMBARDI & PETTIT<br>Formerly known as CASE BIGELOW & LOMBARDI | [ ]<br>[ ] | [ ]<br>[ ] |
| 4) ROGER S. MOSELEY, ESQ.<br>Mosely Biehl Tsugawa Lau & Muzzi<br>1100 Alakea St. 23rd Fl.<br>Alakea Tower<br>Honolulu, HI 96813 | [ ] | [ ] |

AO88 (Rev. 12/06) Subpoena in a Civil Case

ORIGINAL

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

PATSY N. SAKUMA, Plaintiff Pro Se

V.

AOAO TROPICO AT WAIKELE, ET. AL, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number: CV.01.00556DAE:BMK

TO: Kevin P.H. Sumida, Esq.
Calvin E. Young, Esq.
Nancy P. Youngren, Esq.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): 1) Your copy of: Pl.'s August 29, 2002 letter to [Hon.] Magistrate Judge Barry M. Kurren, US Dist.Ct.- Hawaii Dist., Ex. D to Def's Mem.In Opp. to Pl.'s Motion For Reconsideration, CR. 58, filed Oct. 11, 2002; Excerpt 234 to Appeal No. 03-15522 attached hereto as Ex."A-1+2";

| PLACE U.S. District Court - Hawaii Dist., before Hon. D.Ct Judge David Alan Ezra | DATE AND TIME June 25, 2007; 11 AM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) [signatures] | DATE Tues. June 19, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PATSY N. SAKUMA, Plaintiff Pro Se
10960 Ashton Ave. #307, Los Angeles, CA 90024

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) on next page)

[1] If action is pending in district other than district of issuance, state district under case number

June 19, 2007
SUBPOENA
CV01:00556 DAE:BMK
PAGE 2 of 6

2) Conti: August 6, 2004 Fax cover letter and letter dated on or about August 6, 2004 by Pl. Patsy N. Sakuma to you, and Kevin P.H. Sumida, Esq. regarding HandiVan denial of access to private driveway of Pl's condominium home commonly known as 94-1016 Maiau St. #D, Waipahu, HI 96797; and copy of

3) Kevin P.H. Sumida, Esq. reply letter to Pl.'s Patsy N. Sakuma's letter dated on or about August 6, 2004.

Pg 3 of 6

# PATSY N. SAKUMA
Attorney At Law

10960 Ashton Avenue #307
Los Angeles, CA 90024
Tel. (310) 478-6755/Fax (310) 478-8155

August 29, 2002

Magistrate Judge Barry M. Kurren
U.S. District Court, Hawaii District
300 Ala Moana Blvd. C-338
Honolulu, HI 96850-0338
Facsimile No.: (808) 541-1303

Via Facsimile

Re: Plaintiff's Revisions Requested by K. Sumida, Esq. (8/28/02)
<u>Sakuma v. Assoc. of Apt. Owners of the Tropics At Waikele</u>
(U.S. District Court, Hawaii District, Civil No. CV01-00156 DAE-BMK)
<u>Assoc. of Apt. Owners of the Tropics At Waikele v. Sakuma</u>
(U.S. District Court, Hawaii District, Civil No. CV02-00147 HG-LEK)

Dear Honorable Judge Kurren:

Per Kevin Sumida's letter request dated 8/28/02, I am providing you a copy of my revisions to the findings of facts, conclusions of law, and recommended order in the above-referenced cases.

Mr. Sumdia's 7/29/02 letter, which enclosed a draft of these documents, crossed in the mail due to the fact I was still in Hawaii and my July 31 letter to that fact, along with my payments for the withheld maintenance fess, had reached him after he had sent out the letter to my Los Angeles address. By the time I had received the court's executed recommended order, the time to timely respond with my revisions had expired. I also had a relapse to my shoulder injury upon my return to Los Angeles. I, therefore, decided to file a motion for reconsideration. I called your deputy, Richland, I believe on 7/23/02 to inform the court of such filing and to get an assigned hearing date. She called me back that same day with your message that I do not need a date and to just file the motion.

I made the enclosed revisions to the findings of fact and conclusions of law to reflect what I believed occurred at the 7/29/02 motion hearing. Also, in the Joint Stipulation there were errors: 1) an omission of revision 4, as stated in my Exhibit 9 of my motion in opposition, and 2) an unapproved, new addition regarding Schuler's release section which was not submitted for my review and contradicts item #2 of defendant's Exhibit A, and more particularly stated in the enclosed revisions. Additionally, copies of the proposed Dismissals with Prejudice of both actions were missing, and my previous revisions to said Dismissal of the removed collection action were not made in the latest copies from Mr. Sumida.

This letter may be superfluous to the court since I was not able to meet the deadline to make revisions to the proposed order. But since Mr. Sumida

EXHIBIT "D"    EXHIBIT "A-1 of A-2"    000324

Pg. 4 of 6

Magistrate Judge Barry M. Kurren
U.S. District Court, Hawaii District
300 Ala Moana Blvd. C-338
Honolulu, HI 96850-0338
Facsimile No.: (808) 541-1303
Page 2

requested my input as to the status of the settlement documents for execution and copied you. I have written you.

Very truly yours,

Patsy N. Sakuma, Esq.
Pro Se

Enclosures: As stated

Cc: Kevin Sumida, Esq., via Facsimile
    Fax No. (808) 596-2979
          599

EXHIBIT "A-1 of A-2"

000325