IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ASSOCIATION OF APARTMENT ) <br> OWNERS OF THE TROPICS AT ) <br> WAIKELE, an unincorporated ) <br> association, HAWAIIANA ) <br> MANAGEMENT COMPANY, ) <br> LTD., a corporation, LOVE ) <br> YAMAMOTO & MOTOOKA, a ) <br> professional corporation, MILTON ) <br> M. MOTOOKA, an individual, AND ) <br> DOES 1-300, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 01-00556 DAE-BMK |

ORDER FINDING PLAINTIFF PATSY N. SAKUMA
IN CONTEMPT OF COURT

On June 25, 2007, the Court heard Defendants Association of Apartment Owners of the Tropics at Waikele's and Hawaiiana Management Company, Ltd.'s Motion for Order to Show Cause Why Plaintiff Patsy N. Sakuma Should Not Be Found In Contempt of Court. Plaintiff appeared at the hearing, pro se; Kevin P.H. Sumida, Esq., appeared at the hearing on behalf of Defendants. After reviewing Defendants' Motion and receiving arguments at the hearing, the

Court GRANTS Defendants' Motion and HEREBY FINDS PLAINTIFF PATSY N. SAKUMA in civil contempt.

BACKGROUND

On May 17, 2006, the Court approved declarations of attorneys' fees and costs according to its order imposing sanctions pursuant to 28 U.S.C. § 1927 ("Order Approving Costs"). The Court approved the fees and costs after providing Plaintiff with an opportunity to respond in writing to Defendants' itemized accounting of legal fees that Defendants incurred as a result of responding to Plaintiff's motion for relief from final order and final judgment. Plaintiff failed to respond. After reviewing the declarations of attorneys' fees and costs, the Court approved Defendants' attorneys' fees and costs in the amount of $1,275.00, as well as the attorneys' fees and costs for other defendants. The Court ordered that Plaintiff pay said amount on or before June 5, 2006. That order followed the United States Court of Appeals for the Ninth Circuit's affirmation of the Court's judgment filed and entered on November 20, 2003.[1]

Despite the Order Approving Costs and two letters to Plaintiff, dated December 15, 2006 and February 22, 2007, Plaintiff has not paid Defendants the $1,275.00 owed. Consequently, Defendants filed the instant Motion, requesting

---

[1] That decision was filed in the Court on February 12, 2004.

the Court to order Plaintiff to show cause as to why Plaintiff should not be found in contempt for failing to comply with the Court's Order Approving Costs. Defendants seek the $1,275.00 plus the appellate taxation of costs of $130.00 for a total of $1,405.00. Defendants also seek a sanction of additional attorneys' fees and costs for the filing of the instant Motion. Defendants duly served Plaintiff with a copy of the Motion.

Plaintiff did not file an opposition to the instant Motion, which was due on June 7, 2007, according to Local Rule 7.4. Over one week later, on June 15, 2007, she sent a letter to the Court via facsimile, in which she requested leave to file a late opposition memorandum. At no time did Plaintiff, an attorney, actually file a motion for extension or enlargement of time, according to Local Rules 6.2(b) and 7.7, to file her opposition to Defendants' Motion. Accordingly, the Court did not grant such a request. Plaintiff never filed an opposition, nor did she contact the Court at any other time regarding a possible extension.

STANDARD OF REVIEW

The "'courts have inherent power to enforce compliance with their lawful orders through civil contempt.'" Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). A district court has discretion to issue a civil contempt order should a party fail to

comply with a previous order.  See F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).  A party who fails "'to take all reasonable steps within the party's power to comply'" with a court order may be found in contempt.  Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (citing In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir.1993)) (footnote omitted).  A party should not be held in contempt if his or her action "'appears to be based on a good faith and reasonable interpretation of the court's order.'"  Id. (quoting In re Dual Deck, 10 F.3d at 695).  "'The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.'"  In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003) (quoting In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002)).

## DISCUSSION

Because Plaintiff never filed a motion for extension or enlargement of time, according to Local Rules 6.2(b) and 7.7, to file her opposition to Defendants' Motion, the Court never had an opportunity to rule on it.  Furthermore, although Plaintiff is proceeding pro se, she is an attorney and, thus, she should understand court procedures.  At the hearing, Plaintiff offered no reason why she failed to comply with the Hawaii Local Rules.  She argued that she did not receive notice of Defendants' Motion.  The record reflects, however, that Defendants duly served

Plaintiff with a copy of the Motion. Defendants' counsel confirmed the same during the hearing. Plaintiff offered no other reason to explain why she could not file a timely opposition. Consequently, the Court shall consider Defendants' Motion and the arguments made during the hearing only.

        Plaintiff has not submitted an alternative good faith, reasonable interpretation of the Order Approving Costs that would suggest that Plaintiff should not be held in contempt. Indeed, the Order Approving Costs was straightforward: it directed Plaintiff to pay Defendants' attorneys' fees in the amount of $1,275.00 on or before June 5, 2006. That order left little room, if any, for interpretation. Plaintiff not only has failed to comply with the Court's Order Approving Costs, though given over one year to do so, but she has presented no evidence suggesting that she has taken reasonable steps to comply. For instance, Plaintiff has not entered into any payment plans, nor has she taken any steps to contest the amount that she was ordered to pay. Notably, she did not respond to Defendants' itemized accounting of legal fees when given the opportunity. Only at the hearing on this matter did Plaintiff suggest that she had a "setoff" that relieved her of her obligation to comply with the Court's order, although she never moved for relief from the order based on this "setoff." That purported "setoff" had no direct bearing on the approved award. As Plaintiff continues to disobey a valid

Court order issued over one year ago and issued after the Ninth Circuit affirmed the judgment in this case, the Court has no choice but to find Plaintiff in contempt based on her plain disregard of the Court's order and procedures.

Accordingly, the Court HEREBY FINDS PLAINTIFF PATSY N. SAKUMA in civil contempt.  It is ORDERED that Plaintiff will deliver to Defendants' counsel, Kevin P.H. Sumida, cash or a cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants' law firm, Sumida & Tsuchiyama, no later than 4:00 p.m., Hawaii time, on June 26, 2007.  In the event that Plaintiff fails to make payment in that amount by that time, the Court shall order Plaintiff into custody until she complies or until further order of the Court is issued.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 25, 2007.



_____
David Alan Ezra
United States District Judge

<u>Patsy N. Sakuma vs. Association of Apartment Owners of the Tropics at Waikele, et al.</u>, Civil No. 01-00556 DAE-BMK; ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT

6