PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br>　　　　Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO &<br><br>MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co.,<br>　　　　Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals- Closed Nos. 03-15522 & 03-15480 Nos. 05-16940 & 06-16121)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT AND FINAL ORDER; MOTION FOR SANCTION AGAINST DEFENDANTS, THEIR ATTORNEYS, AND<br><br>　　　　THEIR<br>LAW FIRMS UNDER RULE 11, 28 U.S.C.A.; DECLARATION OF PATSY N. SAKUMA, AND EXHIBITS "1.2 to 12.3"<br><br>Rule 60(b)(6), 28 U.S.C.A.<br>Rule 11, 28 U.S.C.A.<br>LR. 7.1-7.9, U.S. District of Hawaii<br><br>(Non-Hearing Motion) LR.7.2(e) |

## I. INTRODUCTION

Because of extraordinary circumstances in this action, Plaintiff Pro Se Patsy N. Sakuma ("Sakuma") hereby respectfully seeks relief from all final judgments, final orders, and interlocutory orders in this action under Rule 60(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., including reopening the action to:

1) alter or amend the Stipulation For Dismissal for the related state collection action entitled *The Tropics At Waikele, an Association of Apartment Owners by its Board of Directors ("AOAO") v. Patsy Naomi Sakuma,* an individual, which action was first filed in the First Circuit Court of the State of Hawaii, Ewa Division, Civil No. 1RC01-5514 that was renumbered CV02-00147HG:LEK ("Removed Action") and was part of the global settlement with this action, a copy of which is attached hereto as Exhibit "1.1-1.3,"

2) amend or alter the Magistrate's Findings, Conclusions of Law and Recommended Order and Order Adopting the Magistrate's Findings and Recommended Order, a copy of which is attached hereto as Exhibit "2.1-2.5,"

3) amend or alter the Joint Tortfeasor/Joint Obligor Release and Indemnity Agreement ("Release") in the global settlement of this action and the Removed Action entered by the AOAO, Hawaiiana Management Company, Ltd, a corporation ("Hawaiiana"), Love Yamamoto & Motooka, a professional corporation ("LYM"), Milton M. Motooka, an individual ("Motooka"), and D.R. Horton-Schuler Homes, LLC, dba. Schuler Homes (fka Schuler Homes, Inc. "Schuler"), a Delaware limited liability company, a copy attached hereto as and Exhibit "I-1 to I-14," to Exhibit 3 hereto,

4) cause the Clerk of the Court to file Sakuma's Notice of Motion and Motion To Compel Compliance With Subpoena Duces

Tecum By Nancy J. Youngren, Esq. To Request One And Order To Show Cause Why Youngren Should Not Be Found In Contempt With Subpoena Duces Tecum's Requests 2 & 3, Or To All 3 Requests, & Order To Show Cause Why Kevin P.H. Sumida, Esq. Should Not Be Found In Contempt For Not Complying With Subpoena Duces Tecum; Declaration of Patsy N. Sakuma, Exhibits "A-1 to N-3" ("Motion To Compel Compliance With Subpoena");Errata Sheet, copies attached hereto as Exhibits "3.1-3.106," and

5) for an award of damages, attorney's fees and costs.

This Motion is based upon three extraordinary circumstances that she believed in good faith that: 1) she could not take an inconsistent position, 2) she had as a defense to sanctions Defendants' and their attorneys bad faith act of pleading that there was a complete settlement agreement, holding Sakuma to its terms, yet failing to disclose or explain Defendants' breach in their pleadings since the February 12, 2004 Final Judgment in Appeal No. 03-15522, a copy of which is attached hereto as Exhibits "4.1-4.2," or at subsequent Hearings CR 116 & 151, and 3) she suffered injury and things beyond her control that warrant reopening this action, as more particularly described below.

## II. BACKGROUND

On January 24, 2001, Sakuma filed a First Amended Complaint for unlawful handicap discrimination seeking damages and equitable relief under Title II of the Americans With Disabilities Act of 1990, 42 U.S.C. §12131 et seq. and The Fair Housing Amendments of 1988, 42 USC §3600 et seq CR 19.

3

On February 10, 2202, Tropics served Sakuma in a state action, which was removed by Sakuma to this Court. Before any discovery, the Magistrate Judge Barry M. Kurren assisted the parties in a settlement that was contingent on Sakuma's express reservations of rights to review and approve the settlement documents before her signature was required CR 38 at ¶3 at 2, Exhibit B.

With respect, Sakuma is informed and believes that the protraction of this action for over five (5) years results from: 1) Tropic's premature filing of its Motion To Enforce on June 4, 2002 CR 37 when there were still four remaining and disputed material terms of settlement CR 38, not just for the duplicative and unnecessary Removed Action's $150 filing fee that Defendants repeatedly alleges, 2) Tropics' failure to submit a Points & Authorities for its Motion To Enforce as set forth in LR. 7.2(f), a copy of which is attached hereto as Exhibit "4," 3) the retroactive application of amended LR.60.1, 74.1 and 74.2 from Orig. LR.60.1, 74.1 and 74.2, copies of which are attached hereto as Exhibits "4.1-4.8" to her Second Motion For Reconsideration CR 76-78, and 4) now the unfair sanctions against Sakuma for following the law and arguing the truth to what apparently the courts perceived was a loophole to §636(b)(1)(B)'s ten-day objection rule by Orig. LR.60.1(c)'s ten-day objection rule running also from the District Court's interlocutory Adopted Order and possibly for this action's financial impact that goes beyond just this case.

Sakuma has filed two Motions For Reconsideration CR 48-50 & 55-57 based on non-jurisdictional reasons, Two Motions For Relief under Rule 60(b) CR 55-57 & 76-78 for non-jurisdictional and jurisdiction reasons. They all have denied by either the Magistrate CR 52 (attached hereto as Exhibit "2.7&2.8"), the District Court CR 68 (attached hereto as Exhibit "2.9-2.18"), 93, 116, 119, 130 & 151 and have been affirmed by the Ninth Circuit in her four Appeals Nos. 03-15522, 03-15480, 05-16940, 06-16121, and copies of Panel's Memorandum are attached hereto as Exhibits "4.1-4.2,""4.3-4.4," and "5.1-5.3." Sakuma has also filed two rehearing and en banc petitions CR 73 & 141 that have been denied.

Pending is Sakuma's appeal No. 07-16396 of the District Court's Order Finding Pl. Patsy N. Sakuma In Contempt Of Court CR 151. On reconsideration requested by Sakuma, by letters dated July 27, August 3 & 24, 2007 from Anna F. Chang, Deputy Clerk for the Clerk of the Court (copies which are attached hereto as Exhibits"12.1-12.3,"), for the Clerk Sue Beitia, has informed Sakuma that upon direction of U.S. District Court Judge David A. Ezra, the Office of the Clerk is returning Sakuma's Notice of Motion and Motion To Compel Compliance With Subpoena Duces Tecum because the action is closed.

### III. DISCUSSION

Rule 60(b)(6) provides in pertinent part that:

> "On motion and upon such terms as are just, the court may relief a party or a party's legal representative form a final judgment, order, or proceeding for the following reasons: ...(6) any other reason justifying relief from the operation the judgment. The motion shall be made within a reasonable time, ...."

This clause "gives the district court power to vacate judgments "whenever such action is appropriate to accomplish justice." *United States v. Sparks*, 685 F. 2d. 1128, 1130 (9th Cir. 1982), citing *Klapott v. United States*, 335 U.S. 601, 615 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). "In order to obtain such relief from a judgment, however, "extraordinary circumstances" must exist. *Sparks, supra*, at 1130. "In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not reopen the underlying litigation after dismissal." *Keeling v. Sheet Metal Workers Intern. Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991) citing *[s]ee, e.g., TNT Marketing, Inc., v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986). Employer's repudiation of the settlement agreement that had terminated the litigation with the union was an "extraordinary circumstance that justified vacating prior order of dismissal; repudiation resulted in complete frustration of settlement, and circumstanced indicated bad-faith noncompliance with the settlement. *Id.* and Rule 60(b)(6), 28 USCA. Furthermore, a party seeking to reopen a case pursuant to such a motion for relief from judgment under the catch-all provision of Rule 60(b)(6) must demonstrate both injury and

6

circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Under, *Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996) a litigant may not take an inconsistent position like a disavowal of a defense and later claiming that same defense it had earlier disavowed. The Ninth Circuit in *Marx* barred plaintiffs from asserting their equitable estoppel theory on appeal concluding that plaintiff's "about-face" was "at best, inventive, especially given their earlier disavowal of an equitable estoppel theory. *Marx, supra.*

Three extraordinary circumstances exist here. The first is just like *Marx, supra:* Sakuma in good faith reasonably believed that she could not take an inconsistent position in her January 26, 2005 Motion For Relief From Judgment under Rules 60(b), (b)(4) and thereby (b)(1) & (3) CR 76-78 by claiming that there was no subject-matter jurisdiction over the settlement agreement because it was not a completed settlement agreement (as she claimed based on the Magistrate Judge's lack of statutory and constitutional authority to preside over hearing where he intended adopt ambiguous Findings drafted by opposing counsel Sumida who added provision to the Recommended Order to enforce the settlement by summary adjudication of indirect civil contempt that the District Court adopted verbatim without de novo review under

7

§636(b)(1)(B), (C) & (e)(6)(B)(iii), *International Union UMW v. Bagwell*, 512 U.S. 821, 828-834, 100 F.3d 653, 655-656 (9th cir. 1996), *Bingman v. Ward*, 100 F.3d 653, 655-656 (9th Cir. 1996), *United States v. Ritte*, 558 F.2d 926 (9th Cir. 1977), and she alleged that the two requirements for a completed settlement agreement are jurisdictional, not substantive, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed. 391 (1994); *Hagestad v. Treggesser*, 49 F.3d 1430, 1432-1433 (9th Cir. 1995), *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003), *MetroNet Services v. U.S. West*, 329 F.3d 986, 1099 (9th Cir. 2003), *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987), and *Harrop v. Western Airlines*, 550 F.2d 1143, 1145 (9th Cir. 1977)), and then in contradiction contend that Defendants' breached the settlement agreement in defense to Defendants' argument there was an enforceable settlement agreement and thereby indirectly and inconsistently admit that there was subject-matter jurisdiction over the settlement in that there was a completed settlement agreement for the district court to enforce under *Doi v. Halekulani, supra*. Sakuma was distinguishing here case from Doi, which is in accord with *Wilson v. Wilson, supra*[1], *Callie v. Near, supra, and In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) in that the specific issue she focused on in her New Rule 60(b) Motion CR 76-78 was the court's power to

---

[1] Wilson, supra, citing also [s]ee, e.g. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1993) in addition to *Callie* and *Ozyagcilar*.

8

add a missing signature to the settlement documents to the general issue of whether the parties intended to be bound only upon execution of a final written document to determine the ultimate issue of whether there was a completed settlement agreement. *Doi* she alleged was distinguishable: *Doi's* case was before the District Court, not the Magistrate like in her case, and because it was before the District Court. The District Court judge has broad contempt powers, *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) and *Chambers v. Nasco, Inc.*, 501 U.S. 32, 115 L.Ed 2d 27, 111 S.Ct. 2123. However, the Magistrate does not have broad contempt powers and is limited to only certify the facts and issue an Order To Show Cause Hearing before the district court under §636(e)(6)(C)(iii), *Bingman, supra and Ritte, supra*.

Additionally, subject-matter jurisdiction must be resolved first before the merits;*Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95, 140 L.2d 2d 210, 118 S.Ct. 1003 (1988); *Wilbur v. Locke*, 423 F.3d 1101, 1105 (9th Cir. 2005)[2]), and there is a page limitation for motions under LR.7.5(a) & (b) and for her Informal Opening Brief, Circuit Rule 28-1& 1(c); see also, "Information Package for Pro Se Appellants/Petitioners" at ¶VIII. Accordingly,

---

[2] Cf. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.2d. 2d 769 (1999) (Dismissal based on lack of personal jurisdiction permitted before deciding whether there was subject-matter jurisdiction, because these jurisdictional thresholds were on par with each other and the Court did state that a federal court may not hypothesize subject-matter jurisdiction for purposes of deciding the merits).

Sakuma in good faith believed she should, and only had page space to devote her New Rule 60(b) Motion to jurisdictional issues. See, CR 76-78, 86-87.

Furthermore, even if Sakuma had raised or should have raised or had room to raise the defense of repudiation at the District Court in her New Rule 60(b) Motion, then Sakuma in good faith and reasonably also believed that she would be sanctioned. Sakuma's belief of sanctions by against her was warranted, particularly by the District Court who did sanctioned her for six (6) of her claims on her New Rule 60(b) motions. The District Court's sanctions for her claim for unperfected local rules alone cited five (5) reasons justifying sanctions against her, which defense took up nine and a half (9-1/2) of her forty (40)-page limit for her Informal Opening Brief.[3] Of these eleven (11) reasons for sanctions, the Ninth Circuit explicitly upheld only two of the District Court's sanctions under Sakuma's Rule 60(b)(1)&(3), which claims Sakuma contended were contingent on the validity of her Rule 60(b)(4)& (b) claims citing see generally, *Gomez v. Vernon*, 255 F.3d 118, 1133-35 (9th Cir. 2001(explaining requirements for imposing sanctions under court'inherent authority and 28 U.S.C. §1927 and citing *F.H. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001) for the standard of review. Sakuma

---

[3]Purportedly, for violating Amended LR.10.2 new font requirement, and alleging the amended local rules 10.2, LR.60.1, 74.2, 74.1 violated *U.S. v. Terry's* adequate notice and opportunity for commentary and §§2071(b) &(e), 2071, 28 USCA.

believes said sanctions would or should have been reversed on certiorari to the U.S. Supreme Court if she had been able to afford filing a writ of certiorari.

The second extraordinary circumstance here is that all of the Defendants breached the settlement agreement they claimed was a completed one. It was bad-faith of Defendants to claim the settlement agreement was enforceable against Sakuma, yet exempting themselves from its terms and neither disclosing nor explaining their breach in their pleadings with the district court and on appeal CR 83-85, 121-123, 141, 156 or at the hearings in this action CR 116, and 152. Like in *Keeling, supra*, Defendants' repudiation resulted in the complete frustration of settlement and the circumstances of their, their attorneys and thus their attorneys' law firms' claim of a completed settlement without explaining or disclosing the Defendants' breaches in their pleadings or at the Hearings since the February 12, 2004 Final Judgment CR116 & 152 indicate bad-faith compliance. Their repudiation also caused Sakuma and her tenants, including her handicap mother further unlawful handicap discrimination by Defendants as follows:

> (1) On August 5-9, 2005, based on Sakuma's information and belief, Tropic's failure to amend its Rules to provide for reasonable parking accommodation almost one-and-a-half (1-1/2) years after the February 12, 2004 final order as it agreed to in the Release at 2-3, caused further unlawful handicap discrimination to Sakuma and her tenants, including Sakuma's mother, a qualified handicap person under Title II of the ADA and FHAA, *see* First Amended Complaint at 2-3 & 5 in that they were denied the HandiVan

11

service to pick up Sakuma's handicapped mother at her premise in the rear of the private driveway during normal week-day business hours, see Exhibits "G-6 to G-9" to Motion To Compel attached hereto to Exhibit 3. The HandiVan had received a complaint by the Lot 137 resident about entering the private driveway and the sign in front stated it was a private driveway so it refused to enter and pick up Sakuma's handicap mother for her to attend a state-care program for the elderly without a written right of entry from Tropics' Board. *See,* a photograph of the private driveway, Exhibits "G & O" to First Amended Complaint, attached hereto as Exhibits "7.1-7.2."

(2) The entry of the HandiVan into the private driveway is or should be considered as part of the reasonable handicap-parking accommodation set forth under the Release at 2-3. Through Sakuma's intervention and efforts did co-Defendants LYM & Motooka provide for such Right of Entry on or about August 6, 2004, a copy of which is attached hereto as Exhibit "8." Sakuma obtained a copy of the Right of Entry from Cheryl D. Soon, Director of the City and County of Honolulu, Dept. of Transportation, a copy of which is attached as Exhibit "G-4" to Exhibit 3 hereto and not from Defendants.

(3) On or about August 5, 2005, Co-Defendant Hawaiiana, Tropic's property management company, unlawfully discriminated against Sakuma and handicap tenant in it's employee/agent Patty Dykstra's failure to respond to Sakuma's mother's voice-message notifying Hawaiiana about the unlawful denial of entry of the HandiVan. Said unlawful handicap discrimination caused Sakuma additional time, expense and costs of $550 to secure the Right of Entry, which she billed to Tropics, see Exhibits "G-6 & 7" attached to Exhibit 3 hereto. Tropics has not paid the $550 to Sakuma to this date, nor did Sumida at the OSC Contempt Hearing explain their nonpayment, *see,* Transcript attached as Exhibits "F-1 to 19, to Exhibit 3 hereto.

(4) Based on Sakuma's best information and belief, on August 6, 2004, Hawaiiana unlawfully discriminated on the basis of handicap against Sakuma and handicap tenant in Vice-President Joe Pool's failure to respond to her August 6, 2004 voice-message and fax about the August 5 incident and notification to his employee Ms.

12

  Dykstra the day before requesting help to remedy the denial of entry, see copy of "G6& 7" attached to Exhibit 3 hereto.

(5) Hawaiiana and Tropics breached the Release in printing and distributing Tropic's June 2006 *News & Views* newsletter that failed to include their agreement to provide reasonable handicap parking accommodation for Tropic's qualified handicap resident's use of the guest stalls in the private driveway for up to one hour, a copy of which is attached hereto as Exhibit "J," to Exhibit 3 hereto. Such a notice would notify residents like Lot 137 that unlawful handicap discrimination at the Tropics would not be condoned.

(6) Co-Defendant Milton M. Motooka, Esq, of co-Defendant Love Yamamoto & Motooka now know as Motooka Yamamoto & Reverre caused a Judgment and Notice of Default to be recorded against Sakuma in state court of Hawaii for her lawful withholding of her monthly fees due to the above-unlawful handicap discrimination and failure of Tropic's in paying Sakuma the $550.00 to regain a right of entry for the HandiVan, a copy of which is attached hereto as Exhibits "9.1 to 9.5."

(7) Co-Defendant Schuler has breached the Release in failing to install the front-entry ramp and grab bars to the interior of Sakuma's premise it agreed to install on page 3 of said Release over three and a half (3-1/2) years since the February 12, 2004 Final Judgment, see Exhibits "G-8" and "I-1 to 14," attached to Exhibit 3 hereto, causing or contributing to Sakuma's mother breaking her leg on or about May 7, 2007, *see*, Exhibits "K-1 & K-2" to Exhibit 3 hereto.

  With respect, Sakuma suffered injury and things beyond her control that warrants reopening this action in that she is being unfairly sanctioned for following the law—Orig. LR.60.1(c) and §636(b)(1)(B), 28 U.S.C.A., asserting her First Amendment right to petition the government for a redress of her grievances, and unfairly punishing her for apparently opening what others

perceived as a Pandora box because she believes based on information and belief her contentions had or have a larger financial impact beyond her case in:

1) Sakuma did not draft Orig. LR.60.1& 60.1(c) nor Orig. LR74.1 nor 74.2, nor amend these local rules under apparently the "immediacy" exception to perfecting them, as Sakuma alleged on information and belief without public notice and opportunity for comment in CR 78 at 3-8 & CR at 6-11 and then retroactively apply them to deny her Second Motion for Reconsideration CR 55 like here in CR 68 at 5-6 &9-10. Said denial unfairly cast her motion as untimely when it was a timely objection to the Adopted Order even if Sakuma failed to cite §636(b)(1)(B)'s ten-day objection rule could be applicable to a court rule like LR.60.1(c) rather than LR.74.2 as Sakuma alleged in CR 52 at 2, and her Reply P&A to Def. Tropic's Opp. Mem. to Pl.'s Second M. For Reconsideration CR 56 at 5-6 & 9-10, Pl./App.s Opening Brief in Appeal No. 03-15522 at 2,

2) Apparently, linking Title II of the ADA as applying to the sale of condominiums under Fannie Mae's special Hula Mae loan program for only the state of Hawaii, see, her First Amended Complaint at ¶6 at 4 & ¶25 at 9 and recorded Certificate by AMFAC Property Development Corp, a Hawaii corporation, certifying both state-assisted financing like Hula Mae to the Waikele PUD, a copy of which is attached hereto as Exhibits "10.1 &10.2,"

3) Possibly affecting the tax credits for such financing as Sakuma alleged on information and belief in her First Amended Complaint at ¶106 at 45, Exhibit "H" thereto, see a copy of Amendment to Negative Pledge Agreement recorded on or about April 8, 1997 on dual system as OAR Doc No. 2374602/BOC Doc. No. 97-044909, a copy of which is attached hereto as Exhibits "11.1 to 11.6," and

4) Now, the Clerk of the Court refuse to file based on the District Court's direction Sakuma's twice-submitted Notice of Motion and Motion To Compel Compliance With Subpoena.

Sakuma is now forced to file this motion and a petition for writ of mandamus in order to file her Notice and Motion To Compel Compliance With Subpoena that if granted should strike Tropics' Motion For OSC Why Pl. Patsy N. Sakuma Should Not Be Found In Contempt CR 146, void the Order Finding Pl. In Contempt Of Court CR 151, and moot Sakuma's Ninth Circuit Appeal 07-16396. *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2nd Cir. 1991); *Clarke v. FTC*, 128 F.2d 542 (9th Cir. 1942); *Blackmer v. U.S.*, 52 S.Ct., 284 U.S. 421, 76 L.Ed. 375 (1932).

## IV. CONCLUSION

For the reasons set forth above, Sakuma prays that the District Court grant this Motion, grant her costs, and if she hires independent counsel in the future then grant her attorneys' fees.

Dated: Sept 3 , 2007 at Los Angeles, California.

_____

Patsy N. Sakuma, Plaintiff Pro Se