FILED IN THE
UNITED STATES DISTRICT COU
DISTRICT OF HAWAII

AUG 0 8 2002

at ___ 4 o'clock and 35 min. P
WALTER A. Y. H. CHINN, CLERK

Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

KEVIN P. H. SUMIDA          2544-0
MARILYN S.H. NAITOH        6742-0
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. 536-3711

Attorneys for Defendants
ASSOCIATION OF
APARTMENT OWNERS OF
THE TROPICS AT WAIKELE
and HAWAIIANA
MANAGEMENT COMPANY,
LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual, | ) CIVIL NO.  01-00556 DAE BMK |
| | ) |
| Plaintiff, | ) FINDINGS OF FACT, CONCLUSIONS |
| | ) OF LAW, AND RECOMMENDED |
| vs. | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANTS |
| ASSOCIATION OF APARTMENT | ) ASSOCIATION OF APARTMENT |
| OWNERS OF THE TROPICS AT | ) OWNERS OF THE TROPICS AT |
| WAIKELE, an unincorporated association, | ) WAIKELE and HAWAIIANA |
| HAWAIIANA MANAGEMENT COMPANY, | ) MANAGEMENT COMPANY, LTD.'S |
| LTD., a corporation, LOVE YAMAMOTO & | ) MOTION TO ENFORCE SETTLEMENT |
| MOTOOKA, a professional corporation, | ) AND FOR AWARD OF ATTORNEYS' |
| MILTON M. MOTOOKA, an individual; | ) FEES AND COSTS, AND DENYING |
| AND DOES 1-300, inclusive, | ) PLAINTIFF'S MOTION FOR |
| | ) SANCTIONS; EXHIBIT "A" |
| Defendants. | ) |
| | ) |
| | ) |

Ex 2. of 25

000132

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S MOTION TO ENFORCE SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND DENYING PLAINITFF'S MOTION FOR SANCTIONS

## FINDINGS OF FACT:

1.    The parties have come to agreement on all material terms of the settlement of this case.

2.    The material terms of settlement are outlined in the documents attached as Exhibit "A", and set out in further detail in the documents attached as Exhibit "H", to *DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S MOTION TO ENFORCE SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS,* filed herein on or around June 4, 2002.

3.    Plaintiff does not dispute that Exhibit "H" attached to said motion represents the agreement of the parties, with the following exceptions:

  a.    Plaintiff seeks an additional $150.00 from defendants;

  b.    Plaintiff desires that the settlement include a dismissal with prejudice, instead of a dismissal without prejudice, of the related collection action, being Civil No. Civil No.: CV02-00147 HG LEK; and entitled <u>AOAO Tropics at Waikele v. Pasty Naomi Sakuma</u> (hereinafter "collection action"); and

*Ex. 2.1.725*

000183

c.    Plaintiff requests a change in the settlement documents to reflect that she can dismiss claims, and sign the release, only on behalf of those for whom she has purported to assert claims in the above-referenced litigation.

4.    Although not material to the settlement, Defendants are willing to accommodate plaintiff's request as items 3.b. and 3.c., but not as to item 3.a above.

## CONCLUSIONS OF LAW

1.    Under Hawai`i law, an agreement to settle a legal dispute is a contract and its enforceability is governed by principles of contract law.  In Re Kealoha, 2 B.R. 201, 208 (D. Hawai`i 1980) (citing Richards Construction Co. v. Air Conditioning Co. of Hawai`i, 318 F.2d 410 (9th Cir. 1963).

2.    A settlement agreement is not invalid because certain details are not worked out, where those details are not essential to the proposal and do not change its terms or purpose.  Associates Financial Services, Inc. v. Mijo, 87 Hawai`i 19, 32, 950 P.2d 1219, 1232 (1998).

## RECOMMENDED ORDER:

Accordingly, it is recommended that the court issue an order as follows:

1.    *DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S MOTION TO ENFORCE SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS* is **GRANTED IN PART AND DENIED IN PART** as follows:

Ex 23.07 2.5

-3-

000184

a.    The parties shall, in accordance with their agreement, execute a JOINT TORTFEASOR/JOINT OBLIGOR RELEASE AND INDEMNITY AGREEMENT (hereinafter "Release") in the form attached hereto. Said Release has been modified to accommodate plaintiff's concerns stated in paragraphs 3.b and 3.c above, and as agreed by the defendants. For the purpose of this Recommended Order only, the revisions have been **bolded and italicized.**.

b.    Plaintiff shall, by the close of business on August 5, 2002, tender a check in the amount of the past due maintenance fees as of that date, in the amount of $ 770.00        .

c.    When plaintiff's check for the past due maintenance fees has cleared, the parties shall execute and file a dismissal with prejudice of the collection action.

d.    The parties must fully execute the Release before a notary public by no later than August 30, 2002        . If any party, by said date, should refuse or neglect to sign the Release, the stipulation dismissing the instant action (pursuant to the terms of the Release) or the stipulation dismissing the collection action (pursuant to the terms of this order), the other parties may submit the unsigned Release and/or stipulation(s) to this court. Upon such submission, the clerk of court is directed and empowered to sign the said

- 4 -    Ex2.4 p 25                        000185

Release and/or stipulation in the place of, and (for the limited purpose of signing said documents) as attorney-in-fact for the party(s) who have not signed the same.

2.    Defendants Association Of Apartment Owners Of The Tropics At Waikele And Hawaiiana Management Company, Ltd.'s request for attorneys fees and costs is **DENIED**. Likewise, plaintiff's Motion for Attorneys fees is **DENIED**.

DATED:  HONOLULU, HAWAII   8 - 8 - 02

_____
MAGISTRATE JUDGE OF THE ABOVE-ENTITLED COURT

Patsy N. Sakuma v. AOAO the Tropics at Waikele; Hawaiiana Management Company,Ltd. Love Yamamoto & Motooka, Milton M. Motooka, et al.
Civil No. 01-00556 DAE BMK

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S MOTION TO ENFORCE SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS AND PLAINTIFF'S MOTION FOR SANCTIONS

EX25725

000186

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 1 9 2002

at 3 o'clock and 30 min. P
WALTER A. Y. H. CHINN, CLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PATSY N. SAKUMA, an
individual,

      Plaintiff,

  vs.

ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE, an unincorporated
association, et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIV. NO. 01-00556 DAE-BMK

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND RECOMMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD.'S MOTION TO ENFORCE SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND COSTS, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

On September 17, 2002, Plaintiff filed a Motion for Reconsideration of Findings of Facts, Conclusions of Law, and Recommended Order Granting in Part and Denying in Part Defendants Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd.'s Motion to Enforce Settlement and for Award of Attorneys' Fees and Costs, and Denying Plaintiff's Motion for Sanctions (hereinafter "Findings and Recommendation"). Pursuant to Local Rule 60.1, a Motion for Reconsideration brought under subsection (c) must be filed within ten (10) days of the Court's written order. The Findings and

Ex. 27.0728

Recommendation were entered by this Court on August 8, 2002. Plaintiff did not file her Motion for Reconsideration until September 17, 2002. Accordingly, this Court finds that Plaintiff's Motion for Reconsideration is untimely.

The Court further notes that on September 13, 2002, Chief United States District Judge David A. Ezra entered an Order Adopting Magistrate's Findings and Recommendation. Because the Magistrate's Findings and Recommendation were adopted prior to Plaintiff's Motion for Reconsideration, it would be inappropriate for this Court to reconsider its Findings and Recommendation at this time.

Based on the reasons set forth herein, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 19, 2002.

Barry M. Kurren
United States Magistrate Judge

Ex. 2.8-728

PATSY N. SAKUMA v. ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, et al.; CIVIL NO. 01-00556 DAE-BMK; Order Denying Plaintiff's Motion for Reconsideration

2

IN THE UNITED STATES DISTRICT COURT

FEB 1 2 2003

FOR THE DISTRICT OF HAWAII

at 9 o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

| | |
|---|---|
| PATSY N. SAKUMA, | CV NO 01-00556 DAE BMK |
| Plaintiff, | |
| vs. | |
| ASSOCIATION OF APARTMENT OWNERS AT THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIAN MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and DOES 1-300, inclusive, | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;
ORDER DENYING DEFENDANTS' REQUEST FOR FEES AND COSTS

Pursuant to Local Rule 7.2(d), the court finds

this matter suitable for disposition without a hearing.

After reviewing Plaintiff's motion and the supporting

and opposing memoranda, the court DENIES Plaintiff's

Motion for Reconsideration to Alter or Amend the Final

Judgment Entered by the Court Pursuant to the

Magistrate's Findings & Recommendations, to Amend

Findings of Facts & Thereby Amend Judgment, or for Relief from Judgment.  The court also DENIES Defendants' request for fees and costs.

<u>BACKGROUND</u>

Plaintiff Patsy Sakuma's ("Plaintiff") Motion for Reconsideration to Alter or Amend the Final Judgment Entered by the Court Pursuant to Order Adopting Magistrate's Findings & Recommendations, to Amend Findings of Fact & Thereby Amend Judgment, or for Relief from Judgment ("Motion for Reconsideration") arises from the following procedural history:

| | |
|---|---|
| June 4, 2002 | Defendants AOAO of the Tropics at Waikele and Hawaiian Management Company, Ltd.'s ("Defendants") filed their Motion to Enforce Settlement and for Award of Attorneys' Fees and Costs ("Underlying Motion") |
| Aug. 8, 2002 | Magistrate Judge Barry M. Kurren ("Magistrate Judge") filed Findings of Fact, Conclusions of Law, and Recommended Order Granting in Part and Denying in Part Defendants' Underlying Motion ("Findings") |
| Sept. 13, 2002 | Judge David A. Ezra (the "court") adopted the Magistrate Judge's Findings |

**000235**

Ex. 29+2.18

Sept. 17, 2002    Plaintiff filed Motion for
                  Reconsideration of Findings
                  ("September 17 Motion for
                  Reconsideration")

Sept. 19, 2002    Magistrate Judge denied Plaintiff's
                  September 17 Motion for
                  Reconsideration

Sept. 30, 2002    Stipulation and Order for Dismissal
                  with Prejudice of All Claims and
                  Parties ("Stipulation for Dismissal")

On October 7, 2002, Plaintiff filed Motion for
Reconsideration to Alter or Amend the Final Judgment
Entered by the Court Pursuant to Order Adopting
Magistrate's Findings & Recommendations, to Amend
Findings of Facts & Thereby Amend Judgment, or for
Relief from Judgment ("Motion"). Defendants opposed
the Motion on October 11, 2002, in which they requested
an award of its fees and costs pursuant to Federal
Rules of Civil Procedure Rule 11. Plaintiff replied to
Defendants' opposition on October 22, 2002.

## DISCUSSION

Plaintiff[1] brings her Motion pursuant to (1)

---

[1] Plaintiff appears before the court as a pro-se.
Normally, in expecting compliance with the rules of the

3

**000236**

Ex. 2.10 ₮2.18

Federal Rules of Civil Procedure ("FRCP") 59(e) "to alter the court's entry of final judgment"; (2) "FRCP 52(b) to amend the findings of fact and conclusions of law so as to amend the Release and Dismissals"; or (3) "FRCP 60(b) for relief from the Release and Dismissals if this motion has been filed after 10-days of Final Judgment."

FRCP 59(e) provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (2002). Defendants argue that since there is no judgment[2] in this case, FRCP 59(e) is inapplicable. <u>See</u>

_____

court, the court will provide a pro-se plaintiff with greater latitude than it would provide a plaintiff represented by counsel. Here, however, the court recognizes that Plaintiff "is an attorney duly licensed to practice law in California." Declaration of Patsy N. Sakuma, filed Oct. 7, 2002 at ¶ 1. Thus, the court expects Plaintiff to adhere to the deadlines set forth in the FRCP and Local Rules of Hawaii.

[2] It is clear that FRCP 59(e) applies only to motions to alter or amend a "judgment." <u>See</u> <u>United States v. Martin</u>, 226 F.3d 1042, 1048 (9th Cir. 2000). "A 'judgment' is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies,' in other words a final order." <u>Id.</u> (quoting Fed. R. Civ. P. 54).

4

**000237**

EX. 2.11 ← 2.18

Opposition at 6. The court finds, however, that regardless of whether a "judgment" been entered in this case, "[j]udgment is not properly reopened absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (discussing scope of FRCP 59(e)).

Upon careful consideration of Plaintiff's Motion, the court finds no "highly unusual circumstances" to amend "judgment." Plaintiff's Motion requests the court to re-visit issues carefully considered by the Magistrate Judge in his Findings, which were filed on August 8, 2002. Any party could have objected to the Magistrate Judge's Findings within 11 calendar days after date of service of the order on all parties. See Local Rule 74.2 (2002). Thus, Plaintiff's objections to the Findings should have been filed with the clerk by August 19, 2002. No such filing occurred, and the court accordingly filed its Order adopting the Findings on September 13, 2002.

5

000238

Ex. 2.12 of 2.8

Plaintiff thereafter untimely filed her September 17 Motion for Reconsideration of Findings on September 17, 2002, which was <u>29</u> days late.  The Magistrate Judge correctly denied the September 17 Motion for Reconsideration because it was untimely filed.

Plaintiff's instant Motion is untimely even if the court were to construe it as a motion based upon the court's *adoption* of the Magistrate Judge's Findings.  The court adopted the Findings on September 13, 2002.  The deadline for a motion for reconsideration of the Order Adopting the Findings was September 24, 2002.  Thus, if the court were to construe the Motion as a motion for reconsideration of the court's September 13, 2002 order adopting the Magistrate Judge's Findings, Plaintiff's Motion was <u>13 days</u> late.

Plaintiff, however, contends that her Motion is timely since it is a motion for reconsideration of the *September 30, 2002* Stipulation for Dismissal.  Treated as such, the court finds no "highly unusual circumstances" warranting "amendment" of the

6

000239
000287

Ex. 2.13 of 2.18

Stipulation for Dismissal. "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000). Plaintiff should have raised these issues as an objection to the Magistrate Judge's Findings, prior to the Stipulation and Order for Dismissal. Although Plaintiff did file a "motion for reconsideration" to address the Magistrate Judge's allegedly erroneous conclusions of law, she did not do so in a timely fashion, and the Magistrate Judge correctly denied her September 17 Motion for Reconsideration for that reason. "It is not an abuse of the court's discretion to deny a Rule 59(e) motion that requests an amendment that relates to a matter that could have been raised before the judgment was entered." Id.

Ex. 2.14 of 2.18

000240

Plaintiff also contends that she discovered "new material facts" that warrant relief from previous orders. However, "the moving party will not prevail on a Rule 59(e) motion that introduces previously unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment." <u>Mincey</u>, 206 F.3d at 1137 n. 69. Plaintiffs' proffered "new" facts, however, were previously available, and thus not grounds for reconsideration at this time. <u>See id.</u>; Local Rule 60.1. Plaintiff's "new evidence" consists of (1) the inclusion of the contempt provision in the Magistrate's Findings; (2) a missing term from the Release;[3] and (3) unapproved terms in the Dismissal of the Removed Action. Plaintiff could have brought these facts to the court's attention, in a timely manner, at an earlier stage in this litigation.

In the alternative, Plaintiff argues that FRCP 52(b) provides her with a mechanism to bring this

_____

[3] Moreover, this allegedly missing term actually does appear in the Release, which the Magistrate Judge ordered the parties to sign. <u>See</u> Exhibit "A" attached to the Findings, at 1.

8

EX. 2.15 of 2.18

000241

000289

Motion.  FRCP 52(b) provides, "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b) (2002).  However, FRCP 52(b) "contemplates an underlying trial."  <u>See</u> <u>St. Paul Mercury Ins. Co. v. Fair Grounds Corp.</u>, 123 F.3d 336, 339 (5th Cir. 1997).  As no trial occurred in this case, Plaintiff may not bring her Motion pursuant to this rule.

Last, Plaintiff argues that FRCP 60(b) provides her with a mechanism if her Motion has been filed after 10 days of Final Judgment.  <u>See</u> Motion at 15.  However, under the Local Rules, any motion for reconsideration based upon "manifest error of law" must be brought within ten business days after the court's written order is filed.  Here, Plaintiff's Motion seeks reconsideration of issues considered by the Magistrate Judge in his August 8 Findings.  Plaintiff's Motion, filed on October 7, 2002, is clearly untimely to request reconsideration of these issues based upon

9

Ex. 2.16 of 2.18

000242

"manifest error of law." Moreover, as explained in greater detail above, Plaintiff presents no new facts that were previously unavailable that warrants reconsideration of the Magistrate Judge's Findings.

For the reasons stated above, the court need not address the merits of Plaintiff's Motion. Plaintiffs' Motion is procedurally defective and consists of issues and facts that she could have raised to the court in a timely fashion after the Magistrate Judge made his Findings. Plaintiff's failure to do so precludes her from prevailing on her Motion.

Last, Defendants argue that they are entitled to an award of attorneys' fees and costs for having to respond to Plaintiff's untimely motion and allegedly false certificate of service. See Opposition at 11-12. FRCP 11 permits the court to sanction attorneys for presenting a motion to the court for improper or frivolous purposes. See Fed. R. Civ. P. 11(b)(c) (2002). Although the court denies Plaintiff the relief she seeks in her Motion, the court does not find that she presented the Motion for an improper or frivolous

**000243**

Ex. 2.17 ฯ 2.18

reason.   Morever, the court finds that any false statements in her certificate of service do not warrant a sanction.

<u>CONCLUSION</u>

For the reasons stated above, the court DENIES Plaintiff's Motion for Reconsideration to Alter or Amend the Final Judgment Entered by the Court Pursuant to Order Adopting Magistrate's Findings & Recommendations, to Amend Findings of Fact & Thereby Amend Judgment, or for Relief from Judgment. Additionally, the court DENIES Defendants' request for an award of its fees and costs.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii,   FEB 12 2003                .

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

<u>Patsy N. Sakuma vs. Association of Apartment Owners at
the Tropics at Waikele, et al.</u>, Civil No. 01-00556 DAE-
BMK; ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION; ORDER DENYING DEFENDANT'S REQUEST FOR
FEES AND COSTS

Ex. 2.18 of 2.18

000244