RETURN TO COUNSEL

PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF THE TROPICS AT<br>WAIKELE, an unincorporated<br>association, HAWAIIANA<br>MANAGEMENT COMPANY, LTD., a<br>HEARING; DECLARATION<br>corporation, LOVE YAMAMOTO<br>& MOTOOKA, a professional<br>corporation, MILTON M.<br>MOTOOKA, an individual,<br>and D.R. HORTON-SCHULER<br>HOMES, LLC, a Delaware Limited<br>Liability Co.,<br>　　　　　　Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals- Closed<br>Nos. 03-15522 & 03-15480<br>Nos. 05-16940 & 06-16121)<br>　**"ERRATA SHEET"** TO:<br>NOTICE OF MOTION AND<br>MOTION  TO COMPEL<br>COMPLIANCE WITH SUBPOENA<br>DUCES TECUM BY NANCY J.<br>YOUNGREN, ESQ. TO REQUEST<br>ONE AND ORDER TO SHOW<br>CAUSE WHY YOUNGREN<br>SHOULD NOT BE FOUND IN<br>CONTEMPT FOR NOT COMPLY-<br>ING WITH SUBPOENA DUCES<br>TECUM'S REQUEST 2 & 3, OR<br>TO ALL 3 REQUESTS, & ORDER<br>TO SHOW CAUSE WHY KEVIN<br>P.H. SUMIDA, ESQ. SHOULD NOT<br>BE FOUND IN CONTEMPT OF<br>COURT FOR NOT COMPLYING<br>WITH SUBPOENA DUCES TECUM;<br>DECLARATION OF PATSY N.<br>SAKUMA; EXHIBITS "A-1to N-3"<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. David A. Ezra |

EXHIBIT 3.1

COMES NOW Plaintiff Pro Se Patsy N. Sakuma ("Sakuma"), hereby submits the following errata sheet correcting typographical errors primarily to the exhibit sequence and the date of her original Motion To Compel Compliance With Subpoena Duces Tecum By Nancy J. Youngren, Esq., To Request One And Order To Show Cause Why Youngren Should Not Be Found In Contempt For Not Complying With Subpoena Duces Tecum's Requests 2 & 3, Or To All 3 Requests, & Order To Show Cause Why Kevin P.H. Sumida, Esq. Should Not Be Found In Contempt Of Court For Not Complying With Subpoena Duces Tecum; Declaration of Patsy N. Sakuma; Exhibits, which was served on the parties and their attorneys on July 25, 2007, and should have been signed using the date of July 25, 2007, not July 27, 2007 as now appearing as Sakuma's signatory date of said Motion, and which was filed on or about July 26, 2007.

| Page | Old Language | Corrected: |
|------|-------------|-----------|
| 3:3 | …with the Subpoena Sakuma has issued. To the best of Sakuma's belief and… | …with the Subpoena Sakuma has issued, **a copy of which is attached as Exhibits "C-1 to C-3."** To the best of Sakuma's belief and… |
| 4:2-4:6 | …which was attached to Sakuma's facsimile cover-letter dated June 15, 2007 to the Leslie Sai for the Court requesting Leave of Court to File Late Opposition Mem. To Tropics' Motion For OSC Hearing Why Sakuma Should Not Be Held In Contempt, a copy of which is attached hereto as Exhibits "C-1 to C-6." | … which was attached to Sakuma's facsimile cover-letter dated June 15, 2007 to **the** Leslie Sai for the Court requesting Leave of Court to File Late Opposition Mem. To Tropics' Motion For OSC Hearing Why Sakuma Should Not Be Held In Contempt, a copy of which is attached hereto as Exhibits **"G-1 to G-9."** |
| 6:No.3 | …see Sakuma's June 15, 2007 Facsimile Request for Leave of Court to File a Late Opp. Mem., see Exhibits "C-1 to C-8," … | …see Sakuma's June 15, 2007 Facsimile Request for Leave of Court to File a Late Opp. Mem., *see* Exhibits **"G-1 to G-9,"** … |

EXHIBIT 2.2

| 8:5-6 | ...and that her may be limited activities for the next 48-72 hours, a copy of which is attached hereto as Exhibits "M-1 to M-5." | ...and that her **activities** may be limited ~~activities~~ for the next 48-72 hours, a copy of which is attached hereto as Exhibits "M-1 to M-**8**." |
| --- | --- | --- |
| 15:12 | ...Clarke v. FTC, 128 F.2d 542 (9th Cir. );... | ...Clarke v. FTC, 128 F.2d 542 (9th Cir. **1942**);... |
| 15:Date/ Signature Line | Dated: July 27, 2007 at Los Angeles, California | Dated: July **25**, 2007 at Los Angeles, California. |

Dated: _August 1_ , 2007 at Los Angeles, California.

Patsy N. Sakuma, Plaintiff Pro Se

EXHIBIT 33

Original

RETURN TO COUNSEL
ORIGINAL

*Resubmitted
Via facsimile
for reconsideration
8/7/07 [signature]
Tues

Patsy N. Sakuma
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. No. (310) 478-6755
Plaintiff Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

PATSY N. SAKUMA, an
individual,

        Plaintiff,

vs.

ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE, an unincorporated
association, HAWAIIANA
MANAGEMENT COMPANY, LTD.,
a corporation, LOVE YAMAMOTO
& MOTOOKA, a professional
corporation, MILTON M.
MOTOOKA, an individual, and
D.R. HORTON-SCHULER HOMES,
LLC, a Delaware Limited Liability
Co.,

        Defendants.

CIVIL NO. 01-00556 DAE:BMK

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I certify that a copy of the Errata Sheet To:" Notice Of Motion and Motion To

Compel Compliance With Subpoena Duces Tecum By Nancy J. Youngren, Esq. To

CV01-00556 DAE:BMK

080107_erratasheet_motion2compelsubpoena

Sakuma v. AOAO Tropics Waikele et al.

1

EXHIBIT 3.4

Request One And Order To Show Cause Why Youngren Should Not Be Found In Contempt For Not Complying With Subpoena Duces Tecum's Request 2 & 3, Or To All 3 Requests, & Order To Show Cuase Why Kevin P.H. Sumida, Esq. Should Not Be Found In Contempt Of Court For Not Complying With Subpoena Duces Tecum; Declaration of Patsy N. Sakuma; Errata Sheet, dated August 1, 2007 was/were served, either in person by hand-delivery or by mail, on the persons listed below.

|  | MAIL | HAND-DELIVERED |
|---|---|---|
| KEVIN P.H. SUMIDA, ESQ. | [X] | [ ] |
| LANCE S. AU, ESQ. | [X] | [ ] |

Sumida & Tsuchiyama, LLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
Tel. (808) 356-2600
Fax (808) _____
NANCY J. YOUNGREN, ESQ.
Case Lombardi & Pettit
Pacific Guardian Center Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813
Tel. (808) 547-5400
Fax (808) 523-5573
Co-Lead Attorneys for Defendant,
AOAO TROPICS AT WAIKELE

| MARILYN S.H. NAITOH, ESQ. | [X] | [ ] |
|---|---|---|
| KEVIN P.H. SUMIDA, ESQ. | [X] | [ ] |

Matsui Chung
fka Matsui Chung Sumida Tsuchiyama

EXHIBIT 3.5

737 Bishop Street, Suite 1400/ Mauka Tower
Honolulu, Hawaii 96813
Tel. No. 808.536.3711
Fax. No. 808.599.2979
Attorneys for Defendants,
AOAO TROPICS AT WAIKELE
and HAWAIIANA MANAGEMENT
COMPANY, LTD.


SIDNEY K. AYABE, ESQ.                    [X]              [ ]
CALVIN E. YOUNG, ESQ.                    [X]              [ ]
Ayabe, Chong, Nishimoto, Sia & Nakamura
Suite 2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Tel. (808) 527-6119
Fax (808) 526-3491
Attorneys for Defendants
LOVE YAMAMOTO & MOTOOKA
and Milton M. Motooka


DENNIS M. LOMBARDI, ESQ.      [X]              [ ]
NANCY J. YOUNGREN, ESQ.       [X]              [ ]
Case Lombardi & Pettit
fka Case Bigelow & Lombardi
Pacific Guardian Center
Suite 2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Attorneys for Defendants
D.R. HORTON-SCHULER HOMES, LLC
A DELAWARE-LIMITED LIABILITY COMPANY, DBA
SCHULER HOMES, FORMERLY KNOWN AS SCHULER
HOMES, INC.

DATED: August 1 , 2007, Los Angeles, CA 90024

EXHIBIT 3.6

Signature:
Print Name
[For]:

Patsy N. Sakuma
Plaintiff, Pro Se
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755

EXHIBIT 37

Original

RETURN TO COUNSEL

*Resubmitting
via ~~mail~~ 8/7/07
Tuesday fr
Reconsideration

Patsy N. Sakuma
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. No. (310) 478-6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual, | CIVIL NO. 01-00556 DAE:BMK |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co., | |
| Defendants. | |

### CERTIFICATE OF SERVICE

I certify that a copy of the <u>Pl.'s Notice Of Motion and Motion To Compel</u>

<u>Compliance With Subpoena Duces Tecum, etc.;Declaration of Patsy N. Sakuma,</u>

EXHIBIT 38

July 25
pns
dated ~~August 1,~~ 2007 was/were served, either in person by hand-delivery or by

mail, on the persons listed below.

|  | MAIL | HAND-DELIVERED |
|---|---|---|
| KEVIN P.H. SUMIDA, ESQ. | [X] | [ ] |
| LANCE S. AU, ESQ. | [X] | [ ] |

Sumida & Tsuchiyama, LLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
Tel. (808) 356-2600
Fax (808) _____
NANCY J. YOUNGREN, ESQ.
Case Lombardi & Pettit
Pacific Guardian Center Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813
Tel. (808) 547-5400
Fax (808) 523-5573
Co-Lead Attorneys for Defendant,
AOAO TROPICS AT WAIKELE

| MARILYN S.H. NAITOH, ESQ. | [X] | [ ] |
|---|---|---|
| KEVIN P.H. SUMIDA, ESQ. | [X] | [ ] |

Matsui Chung
fka Matsui Chung Sumida Tsuchiyama
737 Bishop Street, Suite 1400/ Mauka Tower
Honolulu, Hawaii 96813
Tel. No. 808.536.3711
Fax. No. 808.599.2979
Attorneys for Defendants,
AOAO TROPICS AT WAIKELE
and HAWAIIANA MANAGEMENT
COMPANY, LTD.

CV01-00556 DAE-BMK
072507_motion2compelsubpoena
2                    Sakuma v. AOAO Tropics Waikele et al.

EXHIBIT 39

SIDNEY K. AYABE, ESQ.           [X]           [ ]
CALVIN E. YOUNG, ESQ.           [X]           [ ]
Ayabe, Chong, Nishimoto, Sia & Nakamura
Suite 2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Tel. (808) 527-6119
Fax (808) 526-3491
Attorneys for Defendants/Appellees
LOVE YAMAMOTO & MOTOOKA
and Milton M. Motooka

DENNIS M. LOMBARDI, ESQ.        [X]           [ ]
NANCY J. YOUNGREN, ESQ.         [X]           [ ]
Pacific Guardian Center
*fka* Case Bigelow & Lombardi / *Case Lombardi + Pettit*
Suite 2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Attorneys for Defendants/Appellees
D.R. HORTON-SCHULER HOMES, LLC
A DELAWARE-LIMITED LIABILITY COMPANY, DBA
SCHULER HOMES, FORMERLY KNOWN AS SCHULER
HOMES, INC.

DATED:    July 25, 2007, Los Angeles, CA 90024

          Signature:
          Print Name    Patsy N Sakuma
          [For]:        Patsy N. Sakuma
                        Plaintiff, Pro Se
                        10960 Ashton Ave. #307
                        Los Angeles, CA 90024
                        Tel. 310.478.6755

APPEAL

# U.S. District Court
## District of Hawaii - CM/ECF V3.04 (3/07) (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:01-cv-00556-DAE-BMK

Sakuma v. AOAO Tropics Waikele, et al
Assigned to: Judge David Alan Ezra
Referred to: JUDGE BARRY M. KURREN
Demand: $0
Case in other court: Ninth Circuit Court of Appeals,
                         6-16121
                         05-16940
Cause: 42:3601 Fair Housing Act

Date Filed: 08/21/2001
Date Terminated: 09/30/2002
Jury Demand: Defendant
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Federal Question

## Plaintiff

**Patsy N. Sakuma**
*an Individual*

represented by **Patsy N. Sakuma**
10960 Ashton Avenue #307
Los Angeles, CA 90024
310-478-6755
PRO SE

V.

## Defendant

**Association of Apartment Owners of
The Tropics at Waikele**
*an Unincorporated Association*

represented by **Kevin P.H. Sumida**
Sumida & Tsuchiyama, LLLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
356-2600
Email: ksumida@sthawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance S. Au**
Sumida & Tsuchiyama, LLLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
356-2600
Email: lau@sthawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marilyn S.H. Naitoh**
Matsui Chung
737 Bishop St Ste 1400

3.11

EXHIBIT "A-1" A-10

Honolulu, HI 96813
536-3711
Email: info@triallawhawaii.com
*TERMINATED: 01/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nancy J. Youngren**
Case Lombardi & Pettit
Pacific Guardian Center Mauka Tower
737 Bishop St Ste 2600
Honolulu, HI 96813
547-5400
Fax: 523-5573
Email: njy@caselombardi.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Love Yamamoto & Motooka**          represented by    **Calvin E. Young**
*a Professional Corporation*                            Ayabe Chong Nishimoto Sia &
                                                        Nakamura
                                                        Pauahi Tower
                                                        1001 Bishop St Ste 2500
                                                        Honolulu, HI 96813
                                                        537-6119
                                                        Email:
                                                        calvin.young@hawadvocate.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Sidney K. Ayabe**
                                                        Ayabe Chong Nishimoto Sia &
                                                        Nakamura
                                                        Pauahi Tower
                                                        1001 Bishop St Ste 2500
                                                        Honolulu, HI 96813
                                                        537-6119
                                                        Email:
                                                        sidney.ayabe@hawadvocate.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Milton M. Motooka**          represented by    **Calvin E. Young**
*an Individual*                                  (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

EXHIBIT "A-2" of A-10                3,12

| 06/18/2002 | 38 | MOTION in opposition by plaintiff Patsy N. Sakuma's to defendants Association of Apartment Owners of the Tropics at Waikele & Hawaiian Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs, for sanctions, and award of attorney's fees and costs [37-1] (lmg) (Entered: 06/19/2002) |
| --- | --- | --- |
| 06/20/2002 | 39 | CERTIFICATE of service by plaintiff (lmg) (Entered: 06/24/2002) |
| 06/28/2002 | 40 | EP : settlement conference held with plaintiff and the court ( Ct Rptr : Chambers) JUDGE Mag Judge Barry M. Kurren (lmg) (Entered: 07/02/2002) |
| 06/28/2002 | 41 | EO:Defendants Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs [37-1] set for 7/29/02 at 9:00 a.m. is moved to 10:00 a.m. the same day before Judge Kurren ( Ct Rptr : ) cc: all parties JUDGE Mag Judge Barry M. Kurren (lmg) (Entered: 07/02/2002) |
| 07/18/2002 | 42 | REPLY memorandum by defendants AOAO Tropics Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs [37-1] and in opposition to plaintiff's request for sanctions' certificate of service (lmg) (Entered: 07/19/2002) |
| 07/22/2002 | 43 | Amended DECLARATION by defendant AOAO Tropics Waikele of Kevin P.H. Sumida in support of defendants Association of Apartment Onwers of The Tropics at Waikele and Hawaiiana Management Company, Ltd.'s motion for enforce settlement and for award of attorneys' fees and costs, and in opposition to plaintiff's request for sanctions; certificate of service [37-1] [37-1] (lmg) (Entered: 07/23/2002) |
| 07/23/2002 | 44 | Amended CERTIFICATE of service by defendant (lmg) (Entered: 07/23/2002) |
| 07/29/2002 | 45 | EP : Defendant AOAO Owners of the Tropics at Waikele and Hawaiiana Management Co., Ltd.'s M/Enforce Settlement and for Award of Attorneys' Fees and Costs - GRANTED in part. Attorneys' Fees DENIED. Plaintiff to make payment by 8-5-02 Stipulation for Dismissal will be filed thereafter. Sumida to prepare order; motion to enforce settlement and for award of attorneys' fees and costs [37-1] ( Ct Rptr : C6 1260) JUDGE Mag Judge Barry M. Kurren (lmg) (Entered: 08/06/2002) |
| 08/08/2002 | 46 | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDED ORDER GRANTING IN PART AND DENYING IN PART defendants Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settement and for costs, and denying plaintiff's motion for sanctions ; exhibit a - by Mag Judge Barry M. Kurren (cc: all counsel) (lmg) (Entered: 08/12/2002) |

EXHIBIT "A-3" or A-10    EXHIBIT 3,13

| | | |
|---|---|---|
| 09/13/2002 | 47 | ORDER adopting Magistrate's Finding and Recommendation by Judge David A. Ezra - adopting FINDINGS OF FACT, CONCLUSIONS OF LAW, AND RECOMMENDED ORDER GRANTING IN PART AND DENYING IN PART defendants Association of Apartment Owners of the Tropics Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for costs, and denying plaintiff's motion for sanctions [46-1] (cc: all counsel) (lmg) (Entered: 09/16/2002) |
| 09/17/2002 | 48 | NOTICE OF MOTION and motion by plaintiff Patsy N. Sakuma for reconsideration of findings of facts, conclusion of law, and recommended order granting in part and denying in part defendants Association of Apartment Owners of the Tropics Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs, and denying plaintiff's motion for sanctions [46-1] - referred to Judge David A. Ezra (lmg) Modified on 09/19/2002 (Entered: 09/18/2002) |
| 09/17/2002 | 49 | POINTS & AUTHORITIES by plaintiff in support of plaintiff's motion for reconsideration of findings of facts, conclusion of law, and recommended order granting in part and denying in part defendants Association of Apartment Owners of the Tropics Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs, and denying plaintiff's motion for sanctions [48-1] (lmg) (Entered: 09/19/2002) |
| 09/17/2002 | 50 | DECLARATION of plaintiff Patsy N. Sakuma re [48-1] (lmg) (Entered: 09/19/2002) |
| 09/17/2002 | 51 | DECLARATION of Kevin P.H. Sumida concerning failure to comply with order dated August 8, 2002; certificate of service [47-1] - by defendant (lmg) (Entered: 09/19/2002) |
| 09/19/2002 | 52 | ORDER by Mag Judge Barry M. Kurren denying motion for reconsideration of findings of facts, conclusion of law, and recommended order granting in part and denying in part defendants Association of Apartment Owners of the Tropics Waikele and Hawaiiana Management Company, Ltd.'s motion to enforce settlement and for award of attorneys' fees and costs, and denying plaintiff's motion for sanctions [48-1] (cc: all counsel) (lmg) (Entered: 09/23/2002) |
| 09/30/2002 | 53 | STIPULATION for dismissal with prejudice of all claims and parties; ORDER by Judge David A. Ezra - purs. to rule 41(a)(1)(ii) of the Fed.R.C.P., through their respective counsel, hereby stipulate that the first amended complaint herein be dismissed with prejudice; each party to bear their own attorneys' fees and costs; there are no remaining parties and/or issues - terminating case - on behalf of defendants (lmg) (Entered: 10/03/2002) |
| 09/30/2002 | 54 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/03/2002) |
| 10/07/2002 | 55 | NOTICE OF MOTION and motion by plaintiffs for reconsideration to alter or amend the final judgment entered by the court pursuant to order |

EXHIBIT "A-4" of A-10     EXHIBIT 3.14

6/27/2007 12:23 PM

| | | adopting magistrate's findings & recommendations, to amend findings of facts & thereby amend judgment, or for relief from judgment - referred to Judge David A. Ezra (lmg) (Entered: 10/10/2002) |
|---|---|---|
| 10/07/2002 | 56 | POINTS & AUTHORITIES in support of plaintiff's motion for reconsideration to alter or amend the final judgment entered by the court pursuant to order adopting magistrate's findings & recommendations, to amend findings of facts & thereby amend judgment, or for relief from judgment [55-1] (lmg) (Entered: 10/10/2002) |
| 10/07/2002 | 57 | DECLARATION of Patsy N. Sakuma - on behalf of plaintiff re [55-1] (lmg) (Entered: 10/10/2002) |
| 10/11/2002 | 58 | MEMORANDUM by defendants AOAO Tropics Waikele and Hawaiiana Mgmt Comp in opposition to plaintiff's motion for reconsideration to alter or amend the final judgment by the court pursuant to order adopting magistrate's findings & recommendations, to amend findings of facts & thereby amend judgment, or for relief from judgment [55-1]; declaration of Kevin P.H. Sumida; exhibits a-f; certificate of service (fe) (Entered: 10/15/2002) |
| 10/15/2002 | 59 | ERRATA Sheet to defendants AOAO Tropics Waikele and Hawaiiana Mgmt Company, Ltd.'s memorandum in opposition to plaintiff's motion for reconsideration to alter or amend the final judgment entered by the court pursuant to order adopting Magistate's findings & recommendations, to amend findings of facts & thereby amend judgment, or for relief from judgment, date 10/04/02; certificate of service [55-1] (lmg) (Entered: 10/15/2002) |
| 10/21/2002 | 60 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/21/2002) |
| 10/21/2002 | 61 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/21/2002) |
| 10/21/2002 | 62 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/21/2002) |
| 10/22/2002 | 63 | REPLY by plaintiff to defendants Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Co., Ltd.'s memorandum of opposition to plaintiff's motion to alter or amend the final judgment entered by the court pursuant to order adopting Magistrate's findings of facts & thereby amend judgment, or for relief from judgment, dated 10/04/02 [55-1] (lmg) (Entered: 10/23/2002) |
| 10/22/2002 | 64 | POINTS & AUTHORITIES by plaintiff in support of plaintiff's reply to defendants Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd.'s memorandum in opposition to plaintiff's motion to alter or amend the final judgment entered by the court pursuant to order adopting magistrate's findings of facts & thereby amend judgment, or for relief from judgment, dated 10/04/02 [55-1] (lmg) (Entered: 10/23/2002) |
| 10/22/2002 | 65 | DECLARATION of Patsy N. Sakuma - by plaintiff (lmg) (Entered: 10/23/2002) |

EXHIBIT "A-5" of A-10

| 10/25/2002 | 66 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/28/2002) |
|---|---|---|
| 10/25/2002 | 67 | CERTIFICATE of service by plaintiff (lmg) (Entered: 10/28/2002) |
| 02/12/2003 | 68 | ORDER denying plaintiff's motion for reconsideration; order denying defendants' request for fees and costs - by Judge David A. Ezra - the court denies plaintiff's motion for reconsideration to alter or amend the final judgment entered by the court pursuant to order adopting magistrate's findings & recommendations, to amend findings of facts & thereby amend judgment, or for relief from judgment; additionally, the court denies defendants' request for an award of its fees and costs [55-1], [37-1],[45-1] (cc: all counsel) (lmg) Modified on 03/17/2003 (Entered: 02/13/2003) |
| 03/13/2003 | 69 | NOTICE OF APPEAL to the United States court of appeals for the Ninth Circuit - by plaintiff Patsy N. Sakuma from Dist. Court decision [55-1] (cc: all counsel) (lmg) (Entered: 03/14/2003) |
| 03/13/2003 | 70 | CERTIFICATE of service by plaintiff (lmg) (Entered: 03/14/2003) |
| 03/13/2003 | | RECEIVED re [69-1] fee in amount of $ 105.00 ( Receipt # 214554) (lmg) (Entered: 03/18/2003) |
| 03/17/2003 | | NOTICE OF APPEAL and copy of docket sheet sent to 9th CCA [69-1] (cc: all counsel) (lmg) (Entered: 03/18/2003) |
| 04/07/2003 | 71 | TRANSCRIPT DESIGNATION and Ordering Form for dates: 07/29/2002 form Tape re [69-1] (bbb) (Entered: 04/14/2003) |
| 05/05/2003 | | Transcript of Proceedings 7/29/02 - Orig ;# of pages 13 ; Lisa Groulx; (gs) (Entered: 05/06/2003) |
| 05/12/2003 | 72 | CERTIFICATE of Record Transmitted to 9th CCA (sm) (Entered: 05/13/2003) |
| 09/25/2003 | 73 | Original Record transmitted fed exp to Clerk, 9CCA; clerk's files 4; reporter's transcript 1 (7/29/02) (sm) (Entered: 09/25/2003) |
| 02/12/2004 | 74 | JUDGMENT-9TH CCA affirming the decision of the District Court [69-1] filed and entered 11/20/03 Attest date 2/9/04 (cc: all counsel, DAE, BMK, CRM) (sm) (Entered: 02/13/2004) |
| 08/23/2004 | 75 | APPEAL Record returned to District Court by 9CCA Vol Clerk's File 4 Vol RT 1 Vol Sealed File(s) n/a regarding CA# 03-15522 (bbb) (Entered: 08/23/2004) |
| 01/26/2005 | 76 | NOTICE OF MOTION and motion by plaintiff Patsy N. Sakuma for relief from final order and final judgment, and award of attorney fees and costs, and sanctions ; points and authorities; declaration of Patsy N. Sakuma; Referred to Judge David A. Ezra (sm) (Entered: 01/26/2005) |
| 01/26/2005 | 77 | DECLARATION by plaintiff Patsy N. Sakuma to Notice of Motion for Relief from Final Judgment and Final Order and Award of Attorney Fees and Costs, and Sanctions; Certificate of Service; cc: Judge David Ezra re [76-1] (sm) (Entered: 01/26/2005) |

EXHIBIT "A-6" of A-10          3.16

| | | |
|---|---|---|
| 08/16/2005 | 98 | AMENDED DECLARATION by plaintiff Patsy N. Sakuma re [95-1] (emt) (Entered: 08/17/2005) |
| 08/16/2005 | 99 | CERTIFICATE of service by plaintiff Patsy N. Sakuma (emt) (Entered: 08/17/2005) |
| 08/26/2005 | 100 | MOTION by plaintiff Patsy N. Sakuma for extension of time to file notice of appeal ; certificate of service referred to Judge David A. Ezra (emt) (Entered: 08/26/2005) |
| 08/26/2005 | 101 | CERTIFICATE of service by plaintiff Patsy N. Sakuma (emt) (Entered: 08/26/2005) |
| 09/07/2005 | 102 | ORDER granting plaintiff's motion for extention of time to file notice of appeal by Judge David A. Ezra [100-1] (cc: all counsel) - The Court will extend for an additional thirty days, in accordance with Rule 4(a)(5)(C). (emt) (Entered: 09/08/2005) |
| 09/26/2005 | 103 | NOTICE OF APPEAL by plaintiff Patsy N. Sakuma from Dist. Court decision [93-1] (cc: all counsel, 9CCA ) - 9CCCA no. 05-16940 (emt) Modified on 10/17/2005 (Entered: 09/27/2005) |
| 09/26/2005 | | FILING FEE PAID in the amount of $ 255.00, receipt # 231706 (emt) (Entered: 09/27/2005) |
| 09/26/2005 | 104 | CERTIFICATE of service by plaintiff Patsy N. Sakuma (emt) (Entered: 10/04/2005) |
| 10/04/2005 | | NOTICE OF APPEAL and copy of docket sheet sent to 9th CCA [103-1] (cc: all counsel) (emt) (Entered: 10/04/2005) |
| 10/05/2005 | 107 | EO : Order to Show Cause set for 10/25/2005 09:00:00 AM before DAE cc: All counsel [93-1] 9:00 10/25/05 ( Ct Rptr : ) JUDGE Judge David A. Ezra (emt) (Entered: 10/11/2005) |
| 10/06/2005 | 105 | STATEMENT of no recorded transcripts for designation; no intent to file statement of evidence or proceedings by plaintiff Patsy N. Sakuma [103-1] (cc: 9CCA) (emt) (Entered: 10/07/2005) |
| 10/06/2005 | 106 | CERTIFICATE of service by plaintiff Patsy N. Sakuma (emt) (Entered: 10/07/2005) |
| 10/13/2005 | 108 | ORDER setting hearing date for order to show cause by Judge David A. Ezra re [76-1] (cc: all counsel) - order to show cause why sanctions should not be imposed upon plaintiff reimbursing defendants for fees and costs relating to plaintiff's motion for relief scheduled for hearing on 10/25/05, 9:00 a.m. before Judge David Alan Ezra (emt) (Entered: 10/14/2005) |
| 10/14/2005 | 109 | APPEAL number 05-16940 received from 9CCA regarding [103-1] (emt) (Entered: 10/17/2005) |
| 10/18/2005 | 110 | NOTICE OF MOTION and motion by plaintiff Patsy N. Sakuma for continuance to attend OSC hearing 10/25/05, 9 AM referred to Judge |

EXHIBIT "A-7" of A-10

317

| 05/31/2006 | 136 | TRANSCRIPT Designation and Ordering Form by Patsy N. Sakuma re 131 Notice of Appeal (emt, ) (Entered: 06/14/2006) |
| 06/07/2006 | 134 | Filing fee: $ 200, receipt number 235409 - balance due for appeal filed 5/31/06 (emt, ) (Entered: 06/14/2006) |
| 06/14/2006 | 137 | Certificate of Record (emt, ) Modified on 6/14/2006 forwarded to 9CCA on 6/14/06 (emt, ). (Entered: 06/14/2006) |
| 06/14/2006 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 131 Notice of Appeal (emt, ) (Entered: 06/14/2006) |
| 06/29/2006 | 139 | USCA Case Number 6-16121 for 131 Notice of Appeal filed by Patsy N. Sakuma,. (emt, ) (Entered: 06/30/2006) |
| 12/21/2006 | 141 | Appeal Record Returned by U.S. Court of Appeals for the Ninth Circuit re: Notice of Appeal filed 09/26/05, document [103]. (afc) (Entered: 12/22/2006) |
| 12/27/2006 | 142 | MOTION under FRAP 10(e)(1) and (2)(B) to Correct Excerpt No. 209 and add possible missing excerpt No. 98 of the Record; REQUEST for Certified Supplemental Records to be forwarded from the District Court re: 131 Notice of Appeal - filed by Patsy N. Sakuma. (Attachments: # 1 Declaration of Patsy N. Sakuma # 2 Exhibit A-1 # 3 Exhibit A-2 # 4 Exhibit A-3 # 5 Exhibit A-4 # 6 Exhibit A-5 # 7 Certificates of Service)(afc) (Entered: 12/27/2006) |
| 02/20/2007 | 145 | USCA JUDGMENT AND MEMORANDUM as to [103] and 131 Notices of Appeal filed by Patsy N. Sakuma. (Attachments: # 1 9CCA Transmittal Coversheet & Service List) *Judgment of the District Court is AFFIRMED.* (afc) (Entered: 02/20/2007) |
| 02/20/2007 | | COURT'S CERTIFICATE of Service - a copy of 145 USCA JUDGMENT; MEMORANDUM has been served by First Class Mail to the addresses of record on February 20, 2007. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Interoffice delivery: Chambers of Judge David Alan Ezra, U.S. Magistrate Judge Barry M. Kurren; respective courtroom managers. (afc) (Entered: 02/20/2007) |
| 05/18/2007 | 146 | MOTION for Order to Show Cause *Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court* by Association of Apartment Owners of The Tropics at Waikele. (Attachments: # 1 Affidavit of Lance S. Au# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Certificate of Service)(Au, Lance) (Entered: 05/18/2007) |
| 05/21/2007 | 147 | NOTICE of Hearing on Motion 146 MOTION for Order to Show Cause *Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court.* Motion Hearing set for 6/25/2007 11:15 AM before JUDGE DAVID ALAN EZRA. (tl, ) (Entered: 05/21/2007) |
| 06/22/2007 | 148 | Return of Service on Subpoena - Calvin E. Young, Esq. was served on June 21, 2007. (afc) (Entered: 06/22/2007) |

EXHIBIT "A·8" of A-10

| | | |
|---|---|---|
| 06/22/2007 | 149 | Return of Service on Subpoena - Nancy P. Youngren, Esq. was served on 06/20/07. (afc) (Entered: 06/22/2007) |
| 06/22/2007 | 150 | ACKNOWLEDGMENT OF SERVICE by Dexter Carrasco, Civil Process Server re Copy of Subpoena served upon Mosely Biehl Tsugawa Lau & Muzzi on 6/22/07.(afc) (Entered: 06/25/2007) |
| 06/25/2007 | 151 | ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT re 146. Signed by Judge DAVID ALAN EZRA on 6/25/07. *Court HEREBY FINDS PLAINTIFF PATSY N.SAKUMA in civil contempt. It is ORDERED that Plaintiff will deliver toDefendants' counsel, Kevin P.H. Sumida, cash or a cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants' law firm,Sumida & Tsuchiyama, no later than 4:00 p.m., Hawaii time, on June 26, 2007. In the event that Plaintiff fails to make payment in that amount by that time, the Court shall order Plaintiff into custody until she complies or until further order of the Court is issued.* (afc) (Entered: 06/25/2007) |
| 06/25/2007 | | COURT'S CERTIFICATE of Service - a copy of 151 ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT, has been served by First Class Mail to the addresses of record on June 25, 2007. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (afc) (Entered: 06/25/2007) |
| 06/25/2007 | 152 | EP:Motion Hearing held on 6/25/2007-Re-146-MOTION for Order to Show Cause Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court-Court hereby Grants the Motion. Motion terminated. The Plaintiff Patsy Sakuma is ordered to pay the Defendants a Total Sum of $1,405.00 by 4:00 p.m., June 26, 2007. If the Plaintiff fails to make payment, a Bench Warrant will be issued for her arrest. (Court Reporter Cynthia Fazio.) (Judge DAVID ALAN EZRA )(lls, ) (Entered: 06/25/2007) |
| 06/25/2007 | 153 | Return of Service on Subpoena Kevin P.H. Sumida, Esq. was served on 6/25/07 (afc) (Entered: 06/26/2007) |
| 06/26/2007 | 154 | Facsimile transmittal received: Emergency MOTION and Notice to Extend Time to Perform under Civil Contempt Order dated June 25, 2007 for Medical Reasons § 401, 28 USCA - filed by Patsy N. Sakuma. (Attachments: # 1 Declaration # 2 Exhibit A # 3 Facsimile Transmittal Cover Sheet)(afc) (Entered: 06/26/2007) |
| 06/26/2007 | 155 | ORDER signed by Judge DAVID ALAN EZRA denying 154 plaintiff's Emergency MOTION and Notice to Extend Time to Perform under Civil Contempt Order dated June 25, 2007, etc. ~ *"The Court has given the Plaintiff a year to comply. No further extensions will be allowed."* ~ (afc) (Entered: 06/26/2007) |
| 06/26/2007 | | COURT'S CERTIFICATE of Service - a copy of 155 the ORDER regarding plaintiff's Emergency Motion and its NEF, has been served by |

EXHIBIT "A-9" + A-10        3.19

| | | First Class Mail to the addresses of record on June 26, 2007. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (afc) (Entered: 06/26/2007) |
|---|---|---|
| 06/27/2007 | 156 | Additional Exhibits *Declaration of Kevin P.H. Sumida Regarding Order Finding Patsy Sakuma In Contempt of Court Dated 6/25/07* filed by Association of Apartment Owners of The Tropics at Waikele. (Sumida, Kevin) (Entered: 06/27/2007) |

EXHIBIT "A-10 of A-10"    3.20

6/27/2007 12:23 PM

(Youngren, N)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

PATSY N. SAKUMA, Plaintiff
Pro Se

V.

**SUBPOENA IN A CIVIL CASE**

AOAO TROPICO AT WAIKELE, ET. AL,
Defendants.

Case Number: CV.01.00556DAE.BMK

TO:
Kevin P.H. Sumida, Esq.
Calvin E. Young, Esq.
Nancy R. Youngren, Esq.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects) 1)Your copy of: Pl.'s August 29, 2002 letter to [Hon.] Magistrate Judge Barry M. Kurren, US Dist. Ct.-Hawaii Dist., Ex. D to Def's Mem In Opp. to Pl.'s Motion For Reconsideration, CR. 58, filed Oct. 11, 2002; Excerpt 234 to Appeal No. 03-15522 attached hereto as Ex. A-1+2;

| PLACE U.S. District Court-Hawaii Dist., before Hon D.Ct Judge David Alan Ezra | DATE AND TIME June 25, 2007, 11 AM. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE TWIS June 19, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
PATSY N. SAKUMA, Plaintiff Pro Se
10960 Ashton Ave. #307, Los Angeles, CA 90024

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

EXHIBIT B1 @ B-6

321

SUBPOENA
CV01:00556 DAE: BMK
PAGE 2 of 6

2) Conti: August 6, 2004 Fax cover letter and letter dated on or about August 6, 2004 by Pl. Patsy N. Sakuma to you, and Kevin. P.H. Sumida, Esq. regarding HandiVan denial of access to private driveway of Pl's condominium home commonly-known as 94-1016 Maiau St. #D, Waipahu, HI 96797; and copy of

3) Kevin. P.H. Sumida, Esq. reply letter to Pl.'s Patsy N. Sakuma's letter dated on or about August 6, 2004.

# PATSY N. SAKUMA

Attorney At Law

10960 Ashton Avenue #307
Los Angeles, CA 90024
Tel: (310) 478-6755/Fax (310) 478-8155

August 29, 2002

Magistrate Judge Barry M. Kurren
U.S. District Court, Hawaii District
300 Ala Moana Blvd. C-338
Honolulu, HI 96850-0338
Facsimile No.: (808) 541-1303

Via Facsimile

Re: Plaintiff's Revisions Requested by K. Sumida, Esq. (8/28/02)
Sakuma v. Assoc. of Apt. Owners of the Tropics At Waikele
(U.S. District Court, Hawaii District, Civil No. CV01-00156 DAE-BMK)
Assoc. of Apt. Owners of the Tropics At Waikele v. Sakuma
(U.S. District Court, Hawaii District, Civil No. CV02-00147 HG-LEK)

Dear Honorable Judge Kurren:

Per Kevin Sumida's letter request dated 8/28/02, I am providing you a copy of my revisions to the findings of facts, conclusions of law, and recommended order in the above-referenced cases.

Mr. Sumdia's 7/29/02 letter, which enclosed a draft of these documents, crossed in the mail due to the fact I was still in Hawaii and my July 31 letter to that fact, along with my payments for the withheld maintenance fess, had reached him after he had sent out the letter to my Los Angeles address. By the time I had received the court's executed recommended order, the time to timely respond with my revisions had expired. I also had a relapse to my shoulder injury upon my return to Los Angeles. I, therefore, decided to file a motion for reconsideration. I called your deputy, Richland, I believe on 7/23/02 to inform the court of such filing and to get an assigned hearing date. She called me back that same day with your message that I do not need a date and to just file the motion.

I made the enclosed revisions to the findings of fact and conclusions of law to reflect what I believed occurred at the 7/29/02 motion hearing. Also, in the Joint Stipulation there were errors: 1) an omission of revision 4, as stated in my Exhibit 9 of my motion in opposition, and 2) an unapproved, new addition regarding Schuler's release section which was not submitted for my review and contradicts item #2 of defendant's Exhibit A, and more particularly stated in the enclosed revisions. Additionally, copies of the proposed Dismissals with Prejudice of both actions were missing, and my previous revisions to said Dismissal of the removed collection action were not made in the latest copies from Mr. Sumida.

This letter may be superfluous to the court since I was not able to meet the EXHIBIT B-30486
deadline to make revisions to the proposed order. But since Mr. Sumida

3.33

EXHIBIT "D"    EXHIBIT "A-1 of A-2"    000324

Pg. 4 of 6

Magistrate Judge Barry M. Kurren
U.S. District Court, Hawaii District
300 Ala Moana Blvd. C-338
Honolulu, HI 96850-0338
Facsimile No.: (808) 541-1303
Page 2

requested my input as to the status of the settlement documents for execution
and copied you, I have written you.

Very truly yours,

Patsy N. Sakuma, Esq.
Pro Se

Enclosures: As stated

Cc: Kevin Sumida, Esq., via Facsimile
    Fax No. (808) 599-2979
                599

EXHIBIT 3.34

EXHIBIT B-4 of B-6

EXHIBIT "A-1 of A-2"

000325

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/20/07 15:05 | 737 BISHOP ST. #2600 HON., HI. 96813 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *See attached Proof of Service | PERSONAL SERVICE NANCY P. YOUNGREN ESQ. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| **DEXTER CARRASCO** Civil Process Server | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  6/19/07
_____
DATE

x _____

SIGNATURE OF SERVER

P. O. Box 4302
Honolulu, HI  96812
(808) 306-8342
_____
ADDRESS OF SERVER

---

le 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT B-5 of 86

JUDGMENT IN A
SUBPOENA
CVOI : 00556 DAE BMK
Proof of Service
Page 6 of 6

| | MAIL | HAND-DELIVERED |
|---|---|---|
| | [ ] | [ ] |
| 1) KEVIN P.H. SUMIDA, ESQ. | [ ] | [ ] |
| MARILYN S.H. NAITOH, ESQ. | [ ] | [ ] |
| LANCE S. AU, ESQ. | | |

Matsui, Chung, Sumida + Tsuchiyama
737 Bishop Street, Suite 1400
    Mauka Tower
Honolulu, HI 96813
Tel. No. 808. 536. 3711
Fax No. 808. 599. 2979

| | MAIL | HAND-DELIVERED |
|---|---|---|
| 2) SIDNEY K. AYABE, ESQ. | [ ] | [ ] |
| CALVIN E. YOUNG, ESQ. | [ ] | [ ] |

Ayabe Chong Nishimoto Sia + Nakamura
1001 Bishop St. Ste. 2500
    Pauahi Tower
Honolulu, HI 96813
Tel. No. 808. 53?. 6119
Fax No. 808. 526. 3491

| | MAIL | HAND-DELIVERED |
|---|---|---|
| 3) DENNIS M. LOMBARDI, ESQ. | [ ] | [ ] |
| NANCY P. YOUNGREN, ESQ. | [ ] | [X] |

CASE LOMBARDI + PETTIT
Formerly KNW AS CASE BIGELOW + LOMBARDI
737 Bishop St. Mauka Tower, Suite 2600, Honolulu, HI 96813

| | MAIL | HAND-DELIVERED |
|---|---|---|
| 4) ROGER S. MOSELEY, ESQ. | [ ] | [ ] |

Mosely Biehl Tsugawa Lau + Muzzi
1100 Alakea St. 23rd Fl.
    Alakea Tower
Honolulu, HI 96813

EXHIBIT B-6 of B-6

336

%AO88 (Rev. 12/06) Subpoena in a Civil Case

✗Duplicate Original Copy **Issued by the**

**UNITED STATES DISTRICT COURT**

DISTRICT OF HAWAII

PATSY N. SAKUMA,
        Plaintiff Pro Se
    V.
AOAO TROPICS AT WAIKELE ETAL.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 5 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 01 00556 DAE BMK

TO: Kevin P.H. Sumida, Esq.
    Marilyn Naitoh, Esq.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(1) Ex. D to CR 58 which is a letter dated August 29, 2002 to Magistrate Judge Barry Kurren written by Patsy N. Sakuma, and (2) August 6, 2005 letter by Kevin P.H. Sumida to Patsy N. Sakuma.

| PLACE | DATE AND TIME |
|---|---|
| 735 Bishop St. Suite 411, Honolulu, HI 96813 | June 26, 2007 Upon delivery of requisite Cashier's check by USDCt Court (Haw District) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 06/26/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patsy N. Sakuma, Plaintiff Pro Se
10960 Ashton Ave #307, Los Angeles, CA 90024  310.478.6755

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

C-107 C-3

3.37

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | ~ 5:00pm June 26, 2007 | 735 Bishop St. Suite 411 ~5:00pm Honolulu, Hawaii 96813 |

SERVED ON (PRINT NAME)
Kevin P.H. Sumida, Esq.

MANNER OF SERVICE
Hand-delivered in person
Kevin P.H Sumida, Esq.

SERVED BY (PRINT NAME)
Patsy N. Sakuma, Plaintiff Pro Se
Plaintiff Pro Se

TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 26, 2007
DATE

SIGNATURE OF SERVER
Patsy N. Sakuma, Plaintiff Pro Se
10960 Ashton Ave #307
ADDRESS OF SERVER
Los Angeles, CA 90024
Tel. 310.478.6755

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not cribing specific events or occurrences in dispute and resulting from the expert's study made at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

3.38       C-2 or C-3

Subpoena—Ju 26, 2007
CV01-00556 DAE BMK

Page # 10

|  | MAIL | HAND-DELIVERED |
|---|---|---|
|  |  | [X] 6/25/07 |
| 1) KEVIN P.H. SUMIDA, ESQ. | [ ] | [ ] |
| MARILYN S.H. NAITOH, ESQ. | [ ] | [ ] |
| LANCE S. AU, ESQ. | [ ] | [ ] |

Matsui, Chung, Sumida + Tsuchiyama
737 Bishop Street, Suite 1400
    Mauka Tower
Honolulu, HI 96813
Tel. No. 808.536.3711
Fax No. 808.599.2979
        Copy Mailed to

| 2) SIDNEY K. AYABE, ESQ. | [X] 7/2/07 | [ ] |
| CALVIN E. YOUNG, ESQ. | [X] 7/2/07 | [ ] |

Ayabe Chong Nishimoto Sia +
    Nakamura
1001 Bishop St. Ste. 2500
    Pauahi Tower
Honolulu, HI 96813
Tel No. 808.522.6119
Fax Nc. 808.526.3491

| 3) DENNIS M. LOMBARDI, ESQ. | [X] 7/2/07 | [ ] |
| NANCY P. YOUNGREN, ESQ. | [X] 7/2/07 | [ ] |
| CASE LOMBARDI + PETTIT | | |

Formerly KNW AS CASE BIGELOW + LOMBARDI, HI 96813
737 Bishop St. Ste 2600, Mauka Tower, Honolulu,

| 4) ROGER S. MOSELEY, ESQ. | [X] 7/2/07 | [ ] |

Mosely Biehl Tsugawa Lau +
    Muzzi
1100 Alakea St. 23rd Fl.
    Alakea Tower
Honolulu, HI 96813

339

EXHIBIT C-3 93 July 2, 2007

Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA          2544-0
LANCE S. AU                6244-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i  96813
Telephone No. 808-356-2600
info@sthawaii.com
ksumida@sthawaii.com
lau@sthawaii.com

Attorneys for Defendants
ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE and HAWAIIANA
MANAGEMENT COMPANY, LTD.

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; AND DOES 1-300, inclusive,<br><br>           Defendants. | CIVIL NO.  01-00556 DAE BMK<br><br>DECLARATION OF KEVIN P.H. SUMIDA REGARDING ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT DATED 6/25/07; CERTIFICATE OF SERVICE<br><br>Hearing Date:  June 25, 2007<br><br>Judge:  Hon. David A. Ezra |

EXHIBIT "D" of D-3

3.40

## DECLARATION OF KEVIN P.H. SUMIDA
## REGARDING ORDER FINDING PLAINTIFF
## PATSY N. SAKUMA IN CONTEMPT OF COURT DATED 6/25/07

STATE OF HAWAII              )
                                   ) SS.
CITY AND COUNTY OF HONOLULU   )

        KEVIN P.H. SUMIDA, being first duly sworn upon oath, deposes and says that:

        1.     He is an attorney duly licensed to practice in all the Courts of the State of Hawaii.

        2.     He is an attorney for defendants ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.

        3.     On June 26, 2007 at 5:00 p.m., Patsy Sakuma appeared at your declarant's office and gave to your declarant a cashier's check in the amount of $1450.00, payable to "AOAO Tropics at Waikele c/o Kevin P.H. Sumida, Esq."

        4.     A copy of the said check is attached hereto.

        Further declarant sayeth naught.

        Dated:  Honolulu, Hawaii, on June 26, 2007.

_____
KEVIN P.H. SUMIDA

EXHIBIT "B-2" of B-3

341

Received 6/26/07 at 5:00 pm

EXHIBIT "D3" of D3

3.42

PAY TO THE ORDER OF

ZONO PROJECT AT KAHUKU C/O TERRY PH. TUMBALI SR.

BISHOP, ESTATE

CASE1CV-01-00556DAE-BMK

$1,450.00

Authorized Signature

"091000001601" 000"00000000" :121301010128: :998841110"

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| ☒ FEDERAL QUESTION | ☒ FINAL DECISION OF DISTRICT COURT | ☐ DEFAULT JUDGMENT | ☐ DAMAGES: SOUGHT $_____ AWARDED $_____ |
| ☐ DIVERSITY | ☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT | ☐ DISMISSAL/JURISDICTION | ☐ INJUNCTIONS: |
| ☒ OTHER (SPECIFY): Sanctions Against Plaintiff under Ct's Inherent Authority + §1927, USC | ☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY): | ☐ DISMISSAL/MERITS | ☐ PRELIMINARY |
| | | ☐ SUMMARY JUDGMENT | ☐ PERMANENT |
| | | ☒ JUDGMENT/COURT DECISION | ☐ GRANTED |
| | | ☐ JUDGMENT/JURY VERDICT | ☐ DENIED |
| | | ☐ DECLARATORY JUDGMENT | |
| | | ☐ JUDGMENT AS A MATTER OF LAW | ☒ ATTORNEY FEES: SOUGHT $ to be determine AWARDED $_____ |
| | ☐ OTHER (SPECIFY): | ☐ OTHER (SPECIFY): | ☐ PENDING |
| | | | ☒ COSTS: $ to be determine |

## CERTIFICATION ▓▓▓▓▓▓

I CERTIFY THAT:

(1) COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

(2) A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

(3) A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

(4) I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_____          5/22/06
Signature                                 Date

▓▓▓▓▓ WHO COMPLETED THIS FORM

NAME: Patsy N. Sakuma
       Plaintiff  Pro Se

ADDRESS: 10960  Ashton Ave #307

E-MAIL: Pnscounsel@yahoo.com

TELEPHONE: 310.478.6755

FAX: Outgoing only; Incoming Broken

**★THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL★**
**★IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS★**

343

1

1     IN THE UNITED STATES DISTRICT COURT FOR THE

2         DISTRICT OF HAWAII

3  PATSY SAKUMA,     )  CIVIL NO. 01-00556DAE-BMK
             )
4      Plaintiff,  )  Honolulu, Hawaii
             )  June 25, 2007
5    vs.       )  10:38 a.m.
             )
6  ASSOCIATION OF APARTMENT )  MOTION FOR ORDER TO
  OWNERS OF THE TROPICS OF  )  SHOW CAUSE
7  WAIKELE, et al.,    )
      Defendants.  )
8  _____)

9        TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE DAVID ALAN EZRA,
10      UNITED STATES DISTRICT JUDGE

11  APPEARANCES:

12  Plaintiff, Pro Se:    PATSY SAKUMA, Esq.
              10960 Ashton Avenue, #307
13            Los Angeles, California 90024

14

15  For Association of    KEVIN P. H. SUMIDA, Esq.
  Apartment Owners of    Sumida & Tsuchiyama
16  the Tropics at Waikele  Dillingham Transportation Bldg.
  & Hawaiiana Management  735 Bishop Street, Suite 411
17  Co., Ltd.:      Honolulu, Hawaii  96813

18

19

20  Official Court Reporter:  Cynthia Fazio, RMR, CRR
              United States District Court
21            P.O. Box 50131
              Honolulu, Hawaii 96850
22

23

24

25  Proceedings recorded by machine shorthand, transcript produced
  with computer-aided transcription (CAT).

Ex."F-1" p. 19

3.44

1    MONDAY, JUNE 25, 2007                    10:38 A.M.

2            THE CLERK:  Calling the case of Civil Number

3    01-00556DAE-BMK, Patsy Sakuma versus Association of Apartment

4    Owners of the Tropics of Waikele, et al.

5            This hearing has been called for a Motion for Order to

6    Show Cause.

7            Counsel and plaintiff, your appearance, please.

8            MR. SUMIDA:  Good morning, Your Honor.  Kevin Sumida

9    for the defendant, Tropics of Waikele.

10           THE PLAINTIFF:  Yes, good morning, Your Honor.  Patsy

11   Sakuma for plaintiff, pro se.

12           THE COURT:  All right.  Mr. Sumida, I've got your

13   papers here and you still have not received payment?

14           MR. SUMIDA:  No, Your Honor.

15           THE COURT:  All right.

16           MR. SUMIDA:  And we've given her more than a year.

17           THE COURT:  Yes.  Well, more than a year.

18           All right.  Ms. Sakuma?

19           THE PLAINTIFF:  Yes, Your Honor.  I made an appearance

20   here today.  I received this notice of motion just last week,

21   as I faxed you.  I did not hear back from the court regarding

22   my request for leave of court to file a brief.

23           THE COURT:  You did not file a brief --

24           THE PLAINTIFF:  Fortunately, I came --

25           THE COURT:  Ms. Sakuma, you did not file a brief in a

-Ex F-2 of 19                              3.45

1    timely fashion.

2         THE PLAINTIFF:  Yes, sir, as I have been informed by

3    your clerk.

4         However, today I have a virus --

5         THE COURT:  You are an attorney, Ms. Sakuma.

6         THE PLAINTIFF:  I have a virus.  I have been vomiting

7    all day on the way here.

8         THE COURT:  Well, I'm very sorry about that.  You

9    haven't been vomiting for the last year.  Why didn't you pay

10   the money that you were ordered by this court to pay?

11        THE PLAINTIFF:  Yes, because defendants have breached

12   their settlement agreement, which is a position I could not

13   argue since I was arguing there was no federal subject matter

14   jurisdiction.

15        THE COURT:  All right, Ms. Sakuma, is that it, is that

16   your defense?

17        THE PLAINTIFF:  And my defense is I have evidence of

18   their breach.  I had to get a right of entry for my mother's

19   Handi-Van to the private driveway.  I have evidence of a 2006

20   Defendant AOAO newsletter not providing for handicap parking

21   into that driveway.

22         I also -- my mother, who is in the hallway somewhere,

23   was going to appear here to testify that on May -- on or about

24   May 3rd, 2007, she fell and that was in part because Defendant

25   Schuler -- DR Horton Schuler Homes LLC, formerly Schuler Homes

Ex. F 3 of 19                              3.46

4

```
 1    LLC, failed to add the handicap rails to that powder room.

 2    What happened was, it's a defective design, which goes beyond

 3    their lawsuit, the two doors collided.

 4              THE COURT:  All right.

 5              THE PLAINTIFF:  And she fell, broke her leg, she's in

 6    a cast and now I'm trying to secure an attorney for that.

 7              THE COURT:  Well, that -- that is a separate and

 8    distinct matter.  This is a matter that was appealed by you,

 9    which you lost the appeal, the matter has been final for over a

10    year.  All of these setoffs which you claim are, since you're

11    an attorney you should know, are not relevant.

12              THE PLAINTIFF:  Well, no, there are cases that say

13    that I could not take an inconsistent position --

14              THE COURT:  Well, you're right.

15              THE PLAINTIFF:  -- regarding -- regarding that.

16              THE COURT:  You've taken many --

17              THE PLAINTIFF:  And that was --

18              THE COURT:  All right, Ms. Sakuma, you may be seated.

19              THE PLAINTIFF:  Well, I also would like to ask the

20    court --

21              THE COURT:  Ms. Sakuma, I said be seated, please.

22              THE PLAINTIFF:  Okay.  I have other challenges to the

23    notes.

24              THE COURT:  All right.  Ms. Sakuma, the court hereby

25    finds you in contempt.
```

Ex. F -4 of 19     347

1            THE PLAINTIFF:  Well, could I state --

2            THE COURT:  No, ma'am.  The court hereby finds you in

3      contempt.

4            THE PLAINTIFF:  Well, I'd like to say something

5      regarding that because it is a very harsh penalty.

6            THE COURT:  Ms. Sakuma, you have not paid this

7      money --

8            THE PLAINTIFF:  The notice has not been in 14 point

9      times Roman in violation --

10           THE COURT:  Ms. Sakuma.

11           THE PLAINTIFF:  -- of the rules and --

12           THE COURT:  Ms. Sakuma.

13           THE PLAINTIFF:  -- lack of specificity.

14           THE COURT:  Would you like to go to jail today,

15     Ms. Sakuma?

16           THE PLAINTIFF:  No, I don't, but I would like to have

17     my day in court since I'm here.

18           THE COURT:  Ms. Sakuma, you had your day --

19           THE PLAINTIFF:  I came all the way from Los Angeles.

20           THE COURT:  You had your day in court, Ms. Sakuma.

21           THE PLAINTIFF:  Yes, but I would like to explain and

22     challenge the notice, which I have not been allowed to do.

23           THE COURT:  Challenge what notice?

24           THE PLAINTIFF:  The notice, I believe, is defective.

25     The notice of -- for the order to show cause for contempt.

Ex. F-5 of 19              348

1    There's no specificity as to what the contemptuous acts are.

2    In addition, the type of punishment is not stated.  I don't

3    know if I'm under criminal or civil contempt.  I'm entitled to

4    that based on --

5             THE COURT:  All right.  I am finding --

6             THE PLAINTIFF:  -- U.S. Supreme Court case Manus v.

7    Meyer.  Also U.S. Supreme Court Chambers v. Nasco.

8             THE COURT:  All right.  Ms. -- counsel, I believe you

9    did make service and filed proper return of service.

10            MR. SUMIDA:  Yes, we did, Your Honor.

11            THE COURT:  All right.  And since -- the court is

12   finding you in civil contempt for your failure to pay the

13   amount that you owed in this case.

14            THE PLAINTIFF:  Well, what about the bad acts that

15   defendants have -- I have a right to not be found in contempt

16   based on their bad acts --

17            THE COURT:  No, you don't, ma'am.

18            THE PLAINTIFF:  -- under Marks v. Loral Corporation,

19   that's Ninth Circuit, a 1996 case.

20            THE COURT:  Okay, Ms. Sakuma, you've already been

21   through appeal in this matter.  This is a totally different and

22   distinct issue.

23            THE PLAINTIFF:  Well, the -- the issue regarding the

24   disobedience of a lawful order, that's the issue.

25            THE COURT:  Ms. Sakuma.

Ex. F-6 y 19                                    349

1          THE PLAINTIFF:  I'm contesting the lawfulness of the

2     order.

3          THE COURT:  All right.  Ms. -- Ms. Sakuma, you have

4     until 4:00 p.m. this afternoon to pay the amount that you owe.

5     If you do not pay by 4:00 p.m., I will issue a bench warrant

6     for your arrest.

7          THE PLAINTIFF:  Well, Your Honor, because of that I

8     don't have an opportunity to present witnesses.

9          THE COURT:  No, ma'am.

10          THE PLAINTIFF:  So am I being fined in criminal

11     contempt?  Aren't I allowed due process?

12          THE COURT:  I told you in civil -- I told you in civil

13     contempt, Ms. Sakuma, for your failure to pay.  There's no --

14          THE PLAINTIFF:  Failure to pay.  And what about the

15     defendant's bad acts under those cases?

16          THE COURT:  Look, Ms. Sakuma --

17          THE PLAINTIFF:  U.S. Supreme Court, you know, Chambers

18     v. --

19          THE COURT:  All right.

20          THE PLAINTIFF:  Also, in addition, I'd like to see the

21     court's document of Exhibit D to CR 58, please.

22          THE COURT:  Ms. Sakuma.

23          THE PLAINTIFF:  I'd like to know if that document --

24          THE COURT:  You have until 4:00 p.m. --

25          THE PLAINTIFF:  -- has been tampered with.

Ex. F-7 of 19                    3.50

1          THE COURT:  -- this afternoon.

2          THE PLAINTIFF:  I understand, Your Honor, but I would

3     like that opportunity to see Exhibit D to CR 58.  I subpoenaed

4     Mr. Sumida, he refused to call the process server, which is his

5     right, but I'd like to see the court's copy to see what the

6     court has as far as that.

7          THE COURT:  Do you have any idea what she is talking

8     about, Mr. Sumida?

9          MR. SUMIDA:  I know that the sheriff has tried to

10    serve me with a subpoena, but I was not in the office at the

11    time.  I think she has served some other defendant -- counsel

12    for other defendants seeking copies of their pleadings.

13         THE COURT:  In matters that have -- yeah.  Which,

14    Ms. Sakuma, those are matters of public record and I'm going to

15    quash those subpoenas.

16         So you have until 4:00 p.m. this afternoon.

17         THE PLAINTIFF:  Well, I don't know what they have in

18    their copy.  They were supposed to -- if they didn't have the

19    same --

20         THE COURT:  Ms. Sakuma.

21         THE PLAINTIFF:  -- date as August 8th, when I called

22    the court, August 23, when I called the court, which is what I

23    believe --

24         THE COURT:  Ms. Sakuma, may I ask you a question?

25         THE PLAINTIFF:  -- Exhibit D was.

Ex. F 8 + 19                                    351

1          THE COURT:  May I ask you a question?

2          THE PLAINTIFF:  Yes, Your Honor.

3          THE COURT:  How important is your law license to you?

4          THE PLAINTIFF:  I beg your pardon?

5          THE COURT:  How important -- are you licensed to

6     practice law in California?

7          THE PLAINTIFF:  Well, right now, because of the

8     exorbitant amount of appeals costs, I was unable to pay my bar

9     dues.  So, my license in California is suspended pending the

10    payment of the bar dues.

11         THE COURT:  Oh, so you are suspended anyway.

12         THE PLAINTIFF:  Well, I'm suspended for nonpayment.

13         THE COURT:  All right.  So your suspend --

14         THE PLAINTIFF:  Due to, you know, being poor.

15         THE COURT:  You're suspended for nonpayment due to

16    being poor?

17         THE PLAINTIFF:  Well, doing -- being unable to pay

18    those dues.  I've had, as I told you, mitigating circumstances.

19    I have four water leaks, mold damage to my unit, which the HOA

20    of my condo in Los Angeles has refused to pay.  I have to take

21    them to court.

22         If I were able to sell my condo, definitely I could

23    pay the defendants, pay my bar dues, and then seek an appeal.

24    But because of all these extraneous unfortunate circumstances

25    I've been into, in addition to helping my mother secure a

Ex. F-9-19

352

1    foster home because she broke her leg due to the defendant's

2    breach --

3            THE COURT:  Okay.

4            THE PLAINTIFF:  -- I therefore have to, you know,

5    incur other expenses that I was unable to pay the defendants,

6    which they know about.

7            THE COURT:  All right.  Ms. -- all right.  Well, you

8    were certainly able to fly to Hawaii with your entire

9    entourage.

10           THE PLAINTIFF:  Well, because I respect the court.  I

11   honored the OSC hearing.  Yes, Your Honor, I did.  Right?

12           THE COURT:  All right, Ms. Sakuma.

13           THE PLAINTIFF:  All right.

14           THE COURT:  So you owe to them at the moment under the

15   court's order $1,405.  And that will be paid.

16           THE PLAINTIFF:  Well, I'd like to appeal that.

17           THE COURT:  I beg your pardon?

18           THE PLAINTIFF:  I would like to appeal that.

19           THE COURT:  No, you're not -- you've already appealed

20   it.  One thousand four hundred --

21           THE PLAINTIFF:  Well, I -- I did state that there are

22   other cases.  There's a lack of federal subject matter

23   jurisdiction that --

24           THE COURT:  Okay, okay, you have an opportunity --

25           THE PLAINTIFF:  U.S. versus Pierce.

Ex. F-10 of 19                                    353

 1          THE COURT:  You know what, Ms. Sakuma --

 2          THE PLAINTIFF:  Wilson v. -- Wilson --

 3          THE COURT:  Ms. Sakuma.

 4          THE PLAINTIFF:  -- which, you know, maybe this Ninth

 5    Circuit will hear an en banc petition this time.

 6          THE COURT:  Oh, maybe they'll hear it en banc.  Maybe

 7    they will, Ms. Sakuma, but in the meantime you are going to pay

 8    it.  Do you understand?  No ifs, ands or buts about it.

 9          THE PLAINTIFF:  Well, I am unable to pay it at this

10    time.  I'd like to have 30 days to pay it.  I'll pay an initial

11    500 --

12          THE COURT:  You've had a year to pay it, Ms. Sakuma.

13          THE PLAINTIFF:  Well, they owe me $500, which they

14    have not paid me, as I stated to you, for me having to incur

15    costs to get that right of entry for a Handi-Van for the City

16    and County of Honolulu, in direct --

17          THE COURT:  4:00 p.m. this afternoon.

18          THE PLAINTIFF:  -- breach of their settlement.

19          THE COURT:  Ms. Sakuma, 4:00 p.m.

20          THE PLAINTIFF:  They have not paid me that.

21          THE COURT:  4:00 p.m. this afternoon.

22          THE PLAINTIFF:  I would like to get an offset for at

23    least that amount.

24          THE COURT:  $1,405 by 4:00 p.m. this afternoon, no

25    ifs, ands or buts about it.


Exfil719                    354

1          THE PLAINTIFF:  Well, Your Honor, that is -- that is a

2     very harsh penalty.

3          THE COURT:  No, it isn't.

4          THE PLAINTIFF:  In consideration -- in consideration

5     I'm out-of-state and I will have to secure funds for that.

6          THE COURT:  Well, good luck, Ms. Sakuma, because

7     you're the one who has owed this money for a year.

8          THE PLAINTIFF:  Well, what about them owing me the

9     500?  They haven't offset it.

10         THE COURT:  One thousand four --

11         THE PLAINTIFF:  Where's the due process in that, Your

12     Honor?

13         THE COURT:  $1,405, Ms. Sakuma, by 4:00 p.m. Hawaii

14     standard time.  I want a cashier's or certified check or cash

15     delivered to Mr. Sumida at his office.

16         What is your office address, Mr. Sumida?

17         MR. SUMIDA:  Suite 411, 735 Bishop Street, Your Honor.

18         THE COURT:  There you are.

19         THE PLAINTIFF:  Well, I'm protesting that.  Means --

20         THE COURT:  Well, I'm sure you are, Ms. --

21         THE PLAINTIFF:  -- right to appeal.

22         THE COURT:  Ms. Sakuma, but you have had your right to

23     appeal.  You have gone through the entire process.  This court

24     has given you due process.  You have --

25         THE PLAINTIFF:  Well, I -- unfortunately, if you read

Ex. F - 12 of 19                    355

1    the Ninth Circuit appeal, it's a split in the circuit, intra

2    circuit and inter circuit, which requires me to go to the U.S.

3    Supreme Court.  I should not be in contempt for not being able

4    to find an attorney to go to the --

5            THE COURT:  Then you file your petition -- well, I

6    think your time for filing your petition for cert. --

7            THE PLAINTIFF:  No, that has lapsed, but based on this

8    new -- I'm raising this new subject matter jurisdiction, I

9    should be able to get an appeal for that.

10           THE COURT:  Okay.  Good luck.

11           THE PLAINTIFF:  Okay.  And I would like at least more

12   than 24 hours, Your Honor.

13           THE COURT:  No, ma'am.

14           THE PLAINTIFF:  I have to get cash, an out-of-state

15   check.

16           THE COURT:  I have --

17           THE PLAINTIFF:  I have no checks in Hawaii.  You're

18   putting out two handicapped persons.  A World War II disabled

19   veteran, who's my father, and my handicapped mother, who has

20   suffered.

21           THE COURT:  I'm putting --

22           THE PLAINTIFF:  She's right here in a cast.

23           THE COURT:  I'm putting them -- I'm putting them out

24   by having you pay $1,400?

25           THE PLAINTIFF:  Yes, Your Honor.  We are not rich

Ex. F - 13 of 19

356

1  people.  You know, if we had money we would be paying these

2  fees, hiring an attorney, going to the U.S. Supreme Court.

3          THE COURT:  You know, Ms. Sakuma, you are amazing.

4          THE PLAINTIFF:  Well, I'm trying to be an advocate for

5  myself and my handicapped parents.  I have to be vigorous

6  because unfortunately Mr. Sumida has not been forthcoming.  He

7  has done contemptuous acts to the court, which obviously the

8  court has not listened to my arguments, even with objective

9  documentary evidence, Your Honor.

10          I think it's only fair that I get at least a week to

11  come up with the 14-5.  If I have a week, I can come up with

12  it.  I think that's in all fairness in consideration of having

13  to pay $800 to fly here to honor your OSC, in spite of me

14  believing it's defective.  I came and appeared, I came up with

15  that $800.  I would like to have some consideration, Your

16  Honor.

17          THE COURT:  You know, I am sorry, Ms. Sakuma, but you

18  have very little credibility before this court because of your

19  past misstatements, because of your actions in this court,

20  because of your ignoring the orders of this court as well as

21  the Ninth Circuit.

22          THE PLAINTIFF:  Well, the Ninth Circuit has not found

23  me -- they didn't file sanctions against me for a frivolous

24  appeal, which is an indication that my arguments were

25  legitimate.  Unfortunately --

Ex. F-14 of 19

357

15

1          THE COURT:  Oh, you mean that in your view because the

2     Ninth Circuit didn't sanction you for frivolous appeal, it

3     means your arguments are -- were good arguments, is that --

4          THE PLAINTIFF:  Well, I supported my arguments with

5     U.S. Supreme Court cases and Ninth Circuit --

6          THE COURT:  All right.

7          THE PLAINTIFF:  -- cases, which unfortunately the

8     court did not --

9          THE COURT:  Ms. Sakuma, there comes a time --

10          THE PLAINTIFF:  -- decided on a different side of the

11     inter --

12          THE COURT:  Ms. Sakuma.

13          THE PLAINTIFF:  -- and intra circuit split.

14          THE COURT:  Ms. Sakuma, there comes a time in every

15     case's life when it's over.  And your case is over.

16          THE PLAINTIFF:  I understand that, but I would like --

17          THE COURT:  You will pay --

18          THE PLAINTIFF:  -- some consideration of the 14-50

19     that I have to pay in light that I am also incapacitated today

20     and I'm standing here not trying to vomit.

21          THE COURT:  You are -- you are in contempt of court as

22     of today, in civil contempt.

23          THE PLAINTIFF:  Well, Your Honor, I think I could --

24     at least get some consideration --

25          THE COURT:  I will give you -- I will give you,

Ex. F-15 of 19                    3.58

1       Ms. Sakuma.

2                   THE PLAINTIFF:  Yes.

3                   THE COURT:  You want -- you want an extra day, I will

4       give you one extra day.

5                   THE PLAINTIFF:  I would like an extra week, Your

6       Honor.

7                   THE COURT:  You are not getting an extra week.  You've

8       had a year.  You are going to get --

9                   THE PLAINTIFF:  Well, what about them having a year to

10      pay my $500?

11                  THE COURT:  Oh, I don't want to hear about the $500.

12      That wasn't the subject of this case.

13                  THE PLAINTIFF:  I cannot do an inconsistent pleading

14      in my federal case, as I stated.

15                  THE COURT:  Ms. Sakuma, if you do not lower your voice

16      to this court --

17                  THE PLAINTIFF:  Okay, I'm sorry, Your Honor.

18                  THE COURT:  -- if you shout one more time --

19                  THE PLAINTIFF:  I am not --

20                  THE COURT:  -- I will find you --

21                  THE PLAINTIFF:  I am not well.

22                  THE COURT:  -- in summary contempt of this court.

23                  THE PLAINTIFF:  That's right, Your Honor.

24                  THE COURT:  And you will be taken --

25                  THE PLAINTIFF:  I'm sorry.  I am very sick.

Ex. F-16 of 19                                          359

1          THE COURT:  -- to jail.  You understand me?

2          THE PLAINTIFF:  I am very sick.

3          THE COURT:  You don't look sick at all to me and

4    you've been able --

5          THE PLAINTIFF:  Well, that has been my problem

6    throughout my life.  Unfortunately, when I am sick I don't look

7    sick.  I've been vomiting.

8          THE COURT:  And you don't act sick.

9          THE PLAINTIFF:  I deposit the vomit downstairs to --

10         THE COURT:  Okay.

11         THE PLAINTIFF:  -- the entrance.

12         THE COURT:  All right.  Well, Ms. Sakuma, I will give

13   you until tomorrow at 4:00 p.m.  Instead of today you will have

14   until tomorrow at 4:00 p.m. Hawaii time to deliver either cash,

15   a certified check or a cashier's check payable to Mr. Sumida's

16   law firm at his business address.  Not mailed, delivered.

17         THE PLAINTIFF:  I would gladly --

18         THE COURT:  4:00 p.m. --

19         THE PLAINTIFF:  -- do it if the banks would allow me

20   to cash a cashier's check.

21         THE COURT:  If -- if, Ms. Sakuma --

22         THE PLAINTIFF:  It takes seven business days for my

23   check out-of-state to be cleared through the national bank

24   system, as you well know.

25         THE COURT:  Then you can -- then you know what you do,

Ex. F - 17 of 19                    360

1    Ms. Sakuma?  You call your bank and you have them wire the

2    money.

3                 THE PLAINTIFF:  Even that will take at least --

4                 THE COURT:  No, it doesn't.

5                 THE PLAINTIFF:  -- 24 hours.

6                 THE COURT:  No -- that's right, and you have 48 hours.

7                 THE PLAINTIFF:  Right, but I need to cash a check in

8    order to get the funds.

9                 THE COURT:  Ms. Sakuma, you have heard the order of

10   the court.  If you do not do that, I will then order you in

11   custody for failure to comply with the court's order.

12                THE PLAINTIFF:  Well, Your Honor, can I just ask you

13   one more time to --

14                THE COURT:  Anything else, Mr. Sumida?

15                MR. SUMIDA:  Nothing further, Your Honor.

16                THE COURT:  Court stands in recess.

17                THE PLAINTIFF:  All right.

18                (The proceedings concluded at 10:55 a.m., June 25,

19   2007.)

20

21

22

23

24

25

Ex. F-180719          361

19

```
 1                    COURT REPORTER'S CERTIFICATE

 2

 3          I, CYNTHIA FAZIO, Official Court Reporter, United

 4    States District Court, District of Hawaii, Honolulu, Hawaii, do

 5    hereby certify that the foregoing pages numbered 1 through 18

 6    is a correct transcript of the proceedings had in connection

 7    with the above-entitled matter.

 8

 9          DATED at Honolulu, Hawaii, July 6, 2007.

10

11                              /s/ Cynthia Fazio
                                _____
12                              CYNTHIA FAZIO, RMR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Ex. F-19 of 19                    362

P A T S Y  N.  S A K U M A
1 0 9 6 0  A S H T O N  A V E .  # 3 0 7
L O S  A N G E L E S ,  C A  9 0 0 2 4
T E L . / F A X :  3 1 0 . 4 7 8 . 6 7 5 5

## FACSIMILE TRANSMITTAL SHEET

| TO: Leslie Sae for Theresa | FROM: PATSY N. SAKUMA |
| COMPANY: US District Ct. | Hon. Judge Ezra's Staff | DATE: June 15, 2007 |
| FAX NUMBER: 808.541.1303 | TOTAL NO. OF PAGES INCLUDING COVER: 8 |
| PHONE NUMBER: 808.541.3089 | SENDER'S REFERENCE NUMBER: CV01-00556 DAE:BMK |
| RE: Request for Leave of Court to file Late Opp. Memo to Contempt Motion | YOUR REFERENCE NUMBER: |

☒ URGENT  ☒ FOR REVIEW  ☐ PLEASE COMMENT  ☒ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Per your suggestion, I left a voice message for Hon. Judge DEzra's assistant Theresa that I am requesting leave of Court to file Late Opposition Memo for 6/25/07 scheduled Contempt Hearing/Motion under the following grounds, including but not limited to

— Defendants Breach of Settlement Agreement causing me and handicap mother further attorney fees and cost to gain access for City + County of Hon. Handivan into Private cul de sac in or about Aug 5, 2004, which I believed I was estopped from alleging previously since I was alleging No settlement agreement. See attached my Aug 25, 2004 letter to Co-Defendants M. Motooka, 957, DYM, referring to letter to all listed/appearing attorneys K. Sumida, Cyming + N. Yningren

Hon. Judge D. A EZ. T   USDCt - Hawaii

Fax. 808. 541. 1303
Ph. 808. 541. 3089

CV01-00556 DAE: BMK
Pg 2

See also attached:

— Aug. 9, 2004 letter from Cheryl. D. Soon, Director,
Dept. of Transportation confirming denial + access
of City + County + Hon. Handivan in cul de sac
94-1016 Maian St for Plaintiff's h.c. mother

— Failure + Co. Def. D. R. Horton to install additional
handicap Bars to hallway + powder room per their allegations
of completed → + generally defective design of interior door from
Settlement Agreement   Garage to hallway + powder room door, resulting
in the two doors colliding + causing my
handicap mother to fall + break her leg
on or about May 3, 2007. Additionally, resulting
in Injured mother having to move out of home to
Foster home.

— Court notice just appeared under my condo
door last night June 14, 2007 + I was unaware
of its filing; see attached small print not Font Size Times Roman 14pt.

— Relying on 28 USC § 1824, § 401(3) 18 USC
Yagman v. Republic Ins. 987. F. 2d 622, 629 (9th cir
1993); Kirkland v. Legim Ins., 343, F. 3d 1135, 1142
(9th Cir. 2003); Wilsm v. Wilsm, 46. F. 3d 660 (7th
Cir. 1995) citing in Pierce v. Underwood, 487 US 552, 558
n. 1 (1988), cited in Metro Net v. US West, 329. F. 3d
986 (9th cir. 2003); and other cases.

— I couldn't previously allege Breach + Settlement Agreement
when I was alleging No Settlement Agreement based on estoppel
until Final Judgment in my appeals. sometime In May 2007

"G-2" of G9

364

Leslie Sai-Tin He'eia, WSH to
Hon. Judge. D.A. Ezra, USDCt-Hawaii
Fax 808. 541. 1303
Ph. 808. 541. 3089
Page 3


cc: Kevin P.H. Sumida, Esq.        via Fax No. 808. 599. 2979
    Marilyn S.H. Naitoh, Esq          Ph.   808. 536. 3711
    Matsui, Chung Sumida +
        Tsuchiyama

    Sidney K. Ayabe, Esq.    via Fax No. 808. 526. 3491
    Calvin. E. Young, Esq.        Ph.   808. 537. 6119
    Ayabe Chong Nishimoto
        Sia + Nakamura

    Dennis M. Lombardi , Esq.    via Fax. 808. 523. 5573
    Nancy Youngren, Esq.          Ph.   808. 547. 5400
    Case Lombardi + Pettit
        Formely Case Bigelow + Lombardi

                                        JMS

EXHIBIT "G. 3" of G-9

                                        365

DEPARTMENT OF TRANSPORTATION SERVICES

# CITY AND COUNTY OF HONOLULU

650 SOUTH KING STREET 3RD FLOOR • HONOLULU, HAWAII 96813
TELEPHONE (808) 523-4529 • FAX (808) 523-4730 • INTERNET www.co.honolulu.hi.us

JEREMY HARRIS
MAYOR



CHERYL D. SOON
DIRECTOR

GEORGE KEOKI MIYAMOTO
DEPUTY DIRECTOR

August 9, 2004

PT 71855

Ms. Pat N. Sakuma, Esq.
10960 Ashton Avenue, No. 307
Los Angeles, California 90024

Dear Ms. Sakuma:

This is in response to your facsimile received on August 6, 2004, regarding your mother's discontinuation of TheHandi-Van service at her home situated on a private roadway.

We are happy to inform you that the issue was resolved on the very same afternoon, and your mother was informed that her original pick-up and drop off location has been restored. We apologize for any inconvenience this may have caused your mother and your family, however, due to the complaints from neighbors, we could not continue service to your mother's home until we received the right of entry form attached.

Thank you for your patience and understanding. We look forward to your continued support of TheHandi-Van.

Sincerely,

CHERYL D. SOON
Director

Attachment

cc: Oahu Transit Services, Inc.
      Paratransit Operations

"G-4" of G-9    366

PAT N. SAKUMA
Attorney at Law
10960 Ashton Ave. #307
Los Angeles, CA 90024
(310) 478-6755/ Fax 478-8155

# Facsimile Cover Sheet

**To:** Milton Motooka Esq

**Company:** Motooka Yamamoto + Revere

**Phone:** 808.532.7900 x513

**Fax:** 808.532.7911

**From:** Above

**Phone:** "

**Fax:** "

**Date:** 8/25/04

**Pages including this cover page:** 3

**Comments:** Cover letter follows

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

"G-5 of G-9"

367

# PATSY N. SAKUMA

Attorney At Law

10960 Ashton Avenue #307
Los Angeles, CA 90024
Tel. 310.478.6755/Fax 310.478.8155
Email: pnscounsel@yahoo.com

August 25, 2004

AOAO Tropics At Waikele

Via Facsimile 808.532.7911/US MAIL

Hawaiiana Property Management, Co.
c/o Milton M. Motooka, Esq.
Motooka Yamamoto & Revere
1000 Bishop Street, Suite 801
Honolulu, HI 96813

Re:    Right of Entry/Kevin Sumida,Esq.'s and Your 08/06/04 Letters
       Demand for Reimbursement of Attorney Fees/Cost
       Breach of Settlement Agreement. CV-01-00556 DAE:BMK/CV02-00147HG:LEK

Dear Mr. Motooka:

This is in response to Kevin P.H. Sumida, Esq.'s letter dated August 6, 2004 and mailed on August 9, 2004, which you were copied.

My letter to Mr. Sumida dated August 5, 2004, more particularly provides the background to the problem preventing the City and County's HandiVan from entering the private driveway. As a direct result of your clients' breach of the settlement agreement, I am billing you for my attorney fees to resolve and obtain a right of entry for the HandiVan, as follows:

| | |
|---|---|
| 8/5/04: Tel.Call (TC) from Alice Sakuma re HandiVan problem | |
| Internet Research for Hon.C&C depts./HandiVan contacts | 0.1 |
| Draft/revise letter to Kevin P.H. Sumida,Esq.re problem & | 0.7 |
| file review for pertinent documents/dates | 2.2 |
| TC to Louis Navaro, Left 2 Messages to Call Back (LMTCB) | |
| TC to Cheryl Soon, LMTCB | 0.2 |
| 8/6/04: Draft fax cover letters to K.Sumida, Esq., Calvin Young, | 0.1 |
| Esq., & Nancy Youngren, Esq., Cheryl Soon | |
| TC to Tim, Mayor's Office, discussed lawsuits/present prob. | 0.1 |
| Rtn. TC from Luanne, HandiVan, discussed problem/request | 0.1 |
| reinstatement of HandiVan service | |
| Rtn. TC from Elvina, DOT, for C.Soon, request reinstatement | 0.2 |
| of service | |
| Rtn. TC from Elvina, LMTCB | 0.2 |
| Rtn. TC from Luanne, get update | 0.1 |
| Reviewed message from Elvina, no one has contacted her, | 0.2 |
| neither attorneys nor Hawaiiana | |
| TC to Patty Dykstra, Hawaiiana, LMTCB/draft fax | 0.1 |
| LMTCB to Joe Pool, VP, Hawaiiana | 0.3 |
| Total hrs. | 0.1 |
| | 3.7 |

 "6 6 0f G 9 368

AOAO Tropics At Waik
Hawaiiana Property Management, Co.
c/o Milton M. Motooka, Esq.
Motooka Yamamoto & Revere
August 25, 2004
Page 2

Based on these hours at my rate of $150.00 (which is the same rate your attorney Kevin P.H. Sumida had billed throughout these lawsuits), please send me a check for $555.00.

As I know the AOAO Board must approve the payment, I am giving you sixty days from the date of this letter to mail me a check. If you have questions, please feel free to contact me.

Very truly yours,

Patsy N. Sakuma, Esq.

Cc: Kevin P.H. Sumida, Esq.

369

# THE TROPICS AT WAIKELE
## ADDENDUM " _B_ "

Addendum " _B_ " to that Sales/Reservation Agreement reference dated Nov. 14, 1998 by and between Schuler Homes, Inc. **(Seller)** and Sakura _____ (Buyer) for the sale of Condominium Home No. 139 in THE TROPICS AT WAIKELE.

**Buyer and Seller agree as follows:**

1.) At no cost to Buyer, Seller agrees to design and install left and right railings at entryway and interior garage door, for handicap purposes.

All other terms and conditions of said Agreement shall remain in full force and effect. The undersigned acknowledges receipt of a fully completed copy of this addendum.

Buyer: _____    Date: 11/14/98

Buyer: _____    Date: _____

Buyer: _____    Date: _____

Buyer: _____    Date: _____

ACCEPTED BY SELLER:
SCHULER HOMES, INC.

_Mary K Flood_    Date: 11/23/98
Mary K. Flood
Vice President of Sales & Marketing

original:   Escrow         Design Center
cc:         SHI - closing  Customer Service
            Sales - file   Construction
            Buyer          Cooperating Broker
            Lender

F-80+ G-9

Signed Copy
by A DR Hntm Schuler
for EX

3.70

TRANSMISSION VERIFICATION REPORT

TIME : 06/15/2007 18:
NAME : PN SAKUMA
FAX  : 3104786755
TEL  : 3104786755

| | |
|---|---|
| DATE TIME | 06/15 18:22 |
| FAX NO./NAME | 18085411301 |
| DURATION | 00:03:43 |
| PAGE(S) | 08 |
| RESULT | OK |
| MODE | STANDARD |

G90tG9          371

# CASE LOMBARDI & PETTIT

### A LAW CORPORATION

Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Esther S. Han
Gregory M. Hansen
Michael L. Lam
Dennis M. Lombardi†

† A Law Corporation

Michael R. Marsh
Ted N. Pettit, Ph.D.
Lauren R. Sharkey
Mark G. Valencia
Nancy J. Youngren
John D. Zalewski

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@caselombardi.com
http://www.caselombardi.com

David G. Brittin
Michael G. Kozak
Malia S. Lee

Sandy S. Ma
Alexis M. McGinness
Margaret E. Parks

Of Counsel
Frederick W. Rohlfing III
Gary L. Wixom

Bruce C. Bigelow (1946-2001)

June 21, 2007

**VIA FACSIMILE (310) 478-6755
and FIRST CLASS MAIL**

Ms. Patsy N. Sakuma
10960 Ashton Avenue # 307
Los Angeles, California  90024

**Re:    Sakuma v. AOAO Tropico at Waikele
Civil No. CV01-00556 DAE-BMK**

Dear Ms. Sakuma:

On June 20, 2007, you served a Subpoena on Nancy Youngren, Esq. in the above-referenced matter requesting the production of various documents on June 25, 2007.  In accordance with Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, we object to the Subpoena and will not provide the requested documents for the following reasons:

1.    The Subpoena was served on June 20, 2007 and demands the production of documents five days later on June 25, 2007.  Not only will Ms. Youngren be out of the state and unavailable on June 25, 2007, your five-day notice fails to allow reasonable time for compliance in accordance with Rule 45(c)(3)(A)(i).

2.    The Subpoena requests, among other things, documents generated by you nearly four years ago and nearly four-year-old correspondence between third parties in an inactive litigation matter.  These documents also appear to be a matter of public record.  Thus, the Subpoena subjects Ms. Youngren to undue burden in accordance with Rule 45(c)(3)(A)(iv).

3.    Ms. Youngren is not a party in this matter and this case was closed on September 30, 2002.  Hence, the Subpoena seeks irrelevant information and is harassing and unduly burdensome in accordance with Rule 45(c)(3)(A)(iv).

3 72

Ms. Patsy N. Sakuma
June 21, 2007
Page 2

    Accordingly, no documents will be produced and Ms. Youngren will not appear on June 25, 2007 in response to the Subpoena.

    Thank you for your prompt attention to this matter.

    Very truly yours,

    *Mark G. Valencia*
    Mark G. Valencia

cc:    The Honorable David A. Ezra
       Calvin E. Young, Esq.
       Kevin P.H. Sumida, Esq.

MGV:af

"A2 of A2"    3.73