## JOINT TORTFEASOR/JOINT OBLIGOR
## RELEASE AND INDEMNITY AGREEMENT

KNOW ALL MEN BY THESE PRESENTS:

This Agreement is made by and between PATSY N. SAKUMA (hereinafter referred to as "RELEASOR"), of the City of Los Angeles, State of California, on the one hand, and the ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, dba. SCHULER HOMES (fka Schuler Homes, Inc.) (hereinafter collectively referred to as "RELEASEES"), on the other hand.

**Release of Claims.** For and in consideration of the covenants and conditions stated below, RELEASOR, for herself and on behalf of her heirs, executors, administrators, successors and assigns, and further on behalf of her parents, siblings and tenants to the extent that RELEASOR has asserted claims on their behalf, has released, acquitted and discharged, and by these presents does release, acquit and forever discharge, said RELEASEES and their respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates, shareholders, officers, directors, tenants, attorneys and agents from and on account of any and all claims, actions, causes of action, liability or liabilities, demands or damages of whatever name or nature, including any and all claims for general, special and statutory damages, for past and future earnings loss, for past and future medical expenses, for attorneys fees, for loss of services, for loss of support, for loss of association, companionship, love and affection, for property damage, and for any and all other additional losses incident to the relationships of husband and wife or parent and child, whether at law or in equity, in any manner arisen, arising or to grow out of the following:

1.  Any and all acts of handicap discrimination and/or alleged handicap discrimination, including but not limited to those under the Fair Housing Amendments of 1988, 42 U.S.C. § 3600, et seq., and any and all violations of the Fair Housing Amendments of 1988, or rules and regulations promulgated thereto, which may have occurred up through and including the date this Agreement is executed;

2.  Any and all acts of handicap discrimination or alleged handicap discrimination, including but not limited to those under Title II of the Americans with Disabilities Act, 42 USC § 1232 et seq., and/or rules and regulations promulgated thereto, including but not limited to Accessibility Guidelines for Buildings and Facilities ("ADAAG"),

374        I-1 of 10

which have may have occurred up through and including the date
this Agreement is executed;

3.      Any and all failures, refusals, or neglect to provide reasonable
        accommodation for any handicap or alleged handicap which may
        have occurred up through and including the date this Agreement is
        executed;

4.      Any and all acts of wrongful or unlawful intimidation, retaliation,
        and/or interference with any handicap rights, which may have
        occurred up through and including the date this Agreement is
        executed;

5.      Any and all acts which may constitute Intentional and/or negligent
        infliction of emotional distress, which may have occurred up
        through and including the date this Agreement is executed; and

6.      All matters asserted or which could have been asserted in the
        following lawsuits:

        a.      AOAO Tropics at Waikele v. Pasty Naomi Sakuma, Civil No.
                1RC01-5514, filed in the District Court of the First Circuit,
                State of Hawaii, and removed to the United States District
                Court for the District of Hawaii and re-numbered Civil No.:
                CV02-00147 HG LEK;

        b.      Patsy N. Sakuma v. AOAO the Tropics at Waikele,
                Hawaiiana Management Company, Ltd. Love Yamamoto &
                Motooka, Milton M. Motooka, et al., Civil No. 01-00556 DAE
                BMK, filed in the United States District Court for the District
                of Hawaii.

(Paragraphs Nos. 1 through 6.b. above are hereinafter referred to as "Released
Matters").

        **Monetary Consideration.** RELEASEES shall collectively pay
RELEASOR the sum of Eighteen Hundred and No/100 Dollars ($1,800.00).

        **One (1) hour permit to load and unload.** ASSOCIATION OF
APARTMENT OWNERS OF THE TROPICS AT WAIKELE (hereinafter "AOAO")
and RELEASOR agree that any resident with a valid Handicap permit issued by
the City and County of Honolulu may be allowed the non-exclusive right to park
in a guest stall for up to one hour for purposes of loading and unloading. The
use of said parking will be on a first come, first served basis. As stated in the
House Rules, no parking will be allowed between the hours of 2:00 a.m. and 5:00

a.m. without prior written approval from the AOAO, as stated in the House Rules. The House Rules will be amended as necessary to conform to this paragraph.

**Information re: who gets to call the tow truck.** The AOAO has already notified all residents that only the property manager and the AOAO President have the authority to call a tow truck during the day. However, RELEASOR understands that, between 2:00 a.m. and 5:00 a.m., the tow truck is given carte blanche authority to tow all unauthorized vehicles.

**Releasor to pay maintenance fees.** RELEASOR shall immediately come current on her past due maintenance fees, and shall continue to pay her maintenance fees when they become due. The AOAO agrees to waive attorneys fees and costs (presently in the approximate amount of $600) and late fees (presently in the approximate amount of $175) resulting from the prior failure on the part of RELEASOR to timely pay maintenance fees.

**Withdrawal of car noise citation and continued enforcement of governing documents.** The AOAO agrees to withdraw the car noise citation previously issued to her. However, all parties agree that withdrawal of the citation shall not constitute an admission of wrongful or improper citation in the first place. The AOAO agrees it will not attempt to enforce its Declaration, By-laws or House Rules on streets owned by the City and County of Honolulu, but it will continue to enforce its Declaration, By-laws and House Rules on the AOAO's common elements, including but not limited to driveways, roads, curbs, parking areas, and guest parking stalls. RELEASOR and the AOAO agree that all owners and residents are bound, and continue to be bound, by the terms of all applicable Declarations, By-laws, and House Rules, to the extent that said Declarations, Bylaws and House Rules are not found to violate any local laws under the City and County of Honolulu, any state laws of the State of Hawaii, nor federal laws under the United States of America.

**Front entry ramp.** D.R. HORTON-SCHULER HOMES, LLC, dba. SCHULER HOMES (fka Schuler Homes, Inc.) (hereinafter "Schuler") agrees to install a ramp or other construction element which removes the barrier of the step to the front entrance of RELEASOR's house in the Tropics of Waikele subdivision. The design, location and materials are to be determined solely by Schuler, so long as they are in compliance with any applicable building and safety code or laws of the City and County of Honolulu and State of Hawaii, the ADAAG, and applicable governing documents of the AOAO. If RELEASOR desires a location, design, or materials other than as determined by Schuler, RELEASOR shall be solely responsible for any increase in costs.

**Installation of grab bars.** Schuler agrees to install grab bars in the powder room in the two locations as agreed by the parties, and in the master bedroom in three locations as agreed by the parties. The design, exact location, and materials are to be determined solely by Schuler, so long as they are in

compliance with any applicable building and safety code or laws of the City and County of Honolulu and State of Hawaii, the ADAAG, and applicable governing documents of the AOAO. If RELEASOR desires a location, design, or materials other than as determined by Schuler, RELEASOR shall be solely responsible for any increase in costs. RELEASOR intends to conduct inspections to determine that the grab bars in the master bathroom can be properly and safely installed, to review the state of the plumbing in RELEASOR's house, and to make any repairs necessary to accommodate the installation of grab bars, and defendant Schuler agrees to wait until the completion of such inspections, review and necessary repairs, before it begins installation of said grab bars.

RELEASOR admits that neither RELEASEES nor anyone on RELEASEES' behalf has made any agreement to do or omit to do any act or thing not herein mentioned, that no representation of fact or opinion has been made other than as expressed herein to induce this compromise, that this compromise is made by RELEASOR with full knowledge of the facts and possibilities of the case and with advice of counsel, that this Release contains the entire agreement between the parties herein, and that the terms of this Release are contractual and not a mere recital.

It is further understood and agreed by RELEASOR that this is a full and final release of said RELEASEES and RELEASEES' respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates, shareholders, officers, directors, tenants, attorneys and agents with respect to all claims known or unknown, suspected or unsuspected, and that the payment of said sum is not to be deemed or construed as an admission of liability of any person or corporation whomsoever, but is to be construed strictly as a compromise of disputed and contested claims in order to avoid further litigation and expense for the parties.

It is understood and agreed by RELEASOR that although RELEASOR has thoroughly examined the injuries, damages and losses she may have sustained as a result of the said Released Matters, and the nature, extent and results thereof, and although some injuries, damages and losses resulting from said Released Matters may not be known or anticipated, this Release covers and is intended to cover all of the injuries, damages and losses resulting from the said Released Matters, whether or not known or anticipated at this time.

RELEASOR further covenants and agrees, that, for the consideration mentioned above, this Release shall reduce the claim or claims of said RELEASOR against all other tortfeasors and joint obligors in the amount of the above-mentioned consideration, or to the extent of the prorata share of any liability on the part of the said RELEASEES and their respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates,

shareholders, officers, directors, tenants, attorneys and agents, and in accordance with Chapter 663, Part II of the Hawaii Revised Statutes, as amended, as well as the Uniform Joint Obligations Act, Sections 483-1 through 483-6 of the Hawaii Revised Statues, as amended, whichever amount is greater, the intent of this provision being to relieve the said RELEASEES and their respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates, shareholders, officers, directors, tenants, attorneys and agents from liability to make contribution to any other joint tortfeasor, within the meaning of Sections 663-14 and 663-15 of the Hawaii Revised Statutes, as amended, or to any other joint obligor, within the meaning of Sections 483-1 through 483-6 of the Hawaii Revised Statues, as amended.

RELEASOR hereby represents, warrants, certifies and declares that she does not know and is not aware of any other alleged joint tortfeasors or joint-obligors who may be liable or otherwise responsible for the damages, injuries or losses sustained by RELEASOR or her heirs, parents, siblings, executors, administrators, tenants, successors, and assigns as a result of the said Released Matters, and that it is not necessary to obtain court approval as to the good faith of this settlement as provided in Act 300, Hawaii Session Laws (2001).

And, for the foregoing consideration, RELEASOR hereby covenants and agrees to protect, indemnify, defend and forever hold harmless said RELEASEES and their respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates, shareholders, officers, directors, tenants, attorneys and agents against any and all liability, cost and expense resulting from any claim, demand, suit, action, cause of action, or lien (including claims of workers' compensation insurers, temporary disability insurers, medical insurers, and no-fault insurers) which may be asserted by or on behalf of any person for injury or damage or loss sustained by RELEASOR or her heirs, parents, siblings, executors, administrators, tenants, successors, and assigns, or anyone claiming under them, directly out of the said Released Matters, and to defend said RELEASEES and their respective heirs, executors, administrators, assigns, insurers, indemnitors, successors, predecessors, parent companies, affiliated companies, partners, employees, members, associates, shareholders, officers, directors, tenants, attorneys and agents against any said claim, demand, suit, action or cause of action.

The parties agree to cause to be dismissed with prejudice the lawsuit filed in the United States District Court for the District of Hawaii, entitled <u>Patsy N. Sakuma v. AOAO the Tropics at Waikele, Hawaiiana Management Company, Ltd. Love, Yamamoto & Motooka, Milton M. Motooka, et al.</u>, being Civil No. 01-00556 DAE BMK.

Upon payment of the past due maintenance fees, the parties further agree to cause to be dismissed with prejudice the lawsuit originally filed in the District Court of the First Circuit, State of Hawaii, entitled <u>AOAO Tropics at Waikele v. Pasty Naomi Sakuma</u>, being Civil No. 1RC01-5514, which matter was subsequently removed to the United States District Court for the District of Hawaii and re-numbered Civil No. CV02-00147 HG LEK.

**Counterparts.**  This agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, these presents have been duly executed on the dates indicated next to each signature.

"RELEASOR"

SEP 2 5 2002          WALTER A. Y. H. CHINN
_____       _____
DATE                  Attorney-in-fact for
                      PATSY N. SAKUMA, pursuant to Orders dated
                      8/8/2002 and 9/13/2002

"RELEASEES"

ASSOCIATION OF APARTMENT OWNERS
OF THE TROPICS AT WAIKELE, an
unincorporated association

_____       By_____
DATE                     Its

HAWAIIANA MANAGEMENT COMPANY,
LTD., a corporation

_____       By:_____
DATE                     Its

381          I-60714          6

Upon payment of the past due maintenance fees, the parties further agree to cause to be dismissed with prejudice the lawsuit originally filed in the District Court of the First Circuit, State of Hawaii, entitled <u>AOAO Tropics at Waikele v. Pasty Naomi Sakuma</u>, being Civil No. 1RC01-5514, which matter was subsequently removed to the United States District Court for the District of Hawaii and re-numbered Civil No. CV02-00147 HG LEK.

**Counterparts**.  This agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument.

IN WITNESS WHEREOF, these presents have been duly executed on the dates indicated next to each signature.

<div align="center">"RELEASOR"</div>

_____        _____

DATE                PATSY N. SAKUMA

<div align="center">"RELEASEES"</div>

ASSOCIATION OF APARTMENT OWNERS
OF THE TROPICS AT WAIKELE, an
unincorporated association

_____        By _____

DATE                    Its _____

HAWAIIANA MANAGEMENT COMPANY,
LTD., a corporation

_____        By: _____

DATE                    Its _____

I.7 714

382

LOVE YAMAMOTO & MOTOOKA, a
professional corporation,

_8/14/02_                          By: _____
DATE                                   Its President

_8/14/02_                          _____
DATE                               MILTON M. MOTOOKA

D.R. HORTON-SCHULER HOMES, LLC, dba.
SCHULER HOMES (fka Schuler Homes, Inc.)

_____                        By: _____
DATE                                   Its _____

I-8 of 14

383

LOVE YAMAMOTO & MOTOOKA, a
professional corporation,

_____          By: _____
DATE                          Its _____

_____          _____
DATE                      MILTON M. MOTOOKA

D.R. HORTON-SCHULER HOMES, LLC, dba.
SCHULER HOMES (fka Schuler Homes, Inc.)

_____          By: _____
DATE                      Its Executive Vice President

STATE OF CALIFORNIA )
) SS.
CITY AND COUNTY OF LOS ANGELES )

On this _____ day of _____, 2002,

before me personally appeared _____, to me known to be
the person described in and who executed the foregoing instrument in behalf of
PATSY N. SAKUMA, and acknowledged that he/she executed the same as the
the attorney-in-fact for said PATSY N. SAKUMA.
Witness my hand and seal.

_____
Notary Public, State of California

_____
Printed Name
My commission expires: _____

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this _____ day of _____, 2002,
before me personally appeared _____, to me
known, who being by me duly sworn, did say that he/she is the of the Association
of Apartment Owners of the Tropics at Waikele, an unincorporated association,
and that the foregoing instrument was signed on behalf of the Association of
Apartment Owners of the Tropics at Waikele, an unincorporated association, that
he/she acknowledged that the instrument to be the free act and deed of  the
Association of Apartment Owners of the Tropics at Waikele, an unincorporated
association.

_____
Notary Public, State of Hawaii

_____
Printed Name

My commission expires: _____

385          I-9 of 14     8

STATE OF CALIFORNIA         )
                                      ) SS.

CITY AND COUNTY OF LOS ANGELES     )

                     On this _____ day of _____, 2002, before me personally appeared Patsy Sakuma to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.
                    Witness my hand and seal.

_____
Notary Public, State of California

_____
Printed Name
My commission expires: _____

STATE OF HAWAII           )
                                  ) SS.

CITY AND COUNTY OF HONOLULU     )

                     On this _22nd_ day of _August_, 2002, before me personally appeared _____ Dennis Perry _____ to me known, who being by me duly sworn, did say that he/she is the of the Association of Apartment Owners of the Tropics at Waikele, an unincorporated association, and that the foregoing instrument was signed on behalf of the Association of Apartment Owners of the Tropics at Waikele, an unincorporated association, that he/she acknowledged that the instrument to be the free act and deed of the Association of Apartment Owners of the Tropics at Waikele, an unincorporated association.

_____
Notary Public, State of Hawaii

      Annie C. Kekoolani
_____
Printed Name

My commission expires: ____02-16-06____

I-10714

386

8

STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

On this _16th_ day of _August_, 2002,

before me personally _Emory Bush_ to me known, who being by me duly sworn, did say that he/~~she~~ is the _President_ of Hawaiiana Management Company, Ltd., a corporation, and that the foregoing instrument was signed on behalf of Hawaiiana Management Company, Ltd., a corporation, that he/~~she~~ acknowledged that the instrument to be the free act and deed of Hawaiiana Management Company, Ltd., a corporation.

Notary Public, State of Hawaii

**Annie C. Kekoolani**
Printed Name

My commission expires: _02-16-06_


STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

On this _____ day of _____, 2002,

before me personally appeared _____, to me known, who being by me duly sworn, did say that he/she is the _____ of Love Yamamoto & Motooka, a professional corporation, and that the foregoing instrument was signed on behalf of Love Yamamoto & Motooka, a professional corporation, that he/she acknowledged that the instrument to be the free act and deed of Love Yamamoto & Motooka, a professional corporation.

Notary Public, State of Hawaii

Printed Name

My commission expires: _____

*JOINT TORTFEASOR/JOINT OBLIGOR*
*RELEASE AND INDEMNITY AGREEMENT*

3.87    I-110714

STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

On this _____ day of _____, 2002,

before me personally _____, to me known,
who being by me duly sworn, did say that he/she is the _____
of Hawaiiana Management Company, Ltd., a corporation, and that the foregoing
instrument was signed on behalf of Hawaiiana Management Company, Ltd.,
a corporation, that he/she acknowledged that the instrument to be the free act and
deed of Hawaiiana Management Company, Ltd., a corporation.

_____
Notary Public, State of Hawaii

_____
Printed Name

My commission expires: _____


STATE OF HAWAII                          )
                                         ) SS.
CITY AND COUNTY OF HONOLULU              )

On this __15ᵗʰ__ day of __August__, 2002,

before me personally appeared _Milton M. Motooka_, to me known,
who being by me duly sworn, did say that he/she is the _President_
of Love Yamamoto & Motooka, a professional corporation, and that the foregoing
instrument was signed on behalf of Love Yamamoto & Motooka, a professional
corporation, that he/she acknowledged that the instrument to be the free act and
deed of Love Yamamoto & Motooka, a professional corporation.

_James C Williams_
Notary Public, State of Hawaii

_James C Williams_
Printed Name

My commission expires: _11/05/04_

STATE OF HAWAII                    )
                                   ) SS.
CITY AND COUNTY OF HONOLULU        )

      On this _15th_ day of ___August_____, 2002, before me
personally appeared Milton Mootoka to me known to be the person described in
and who executed the foregoing instrument and acknowledged that he executed
the same as his free act and deed.
      Witness my hand and seal.

_James C. Williams_____
Notary Public, State of ~~California~~ HAWAII

_JAMES C WILLIAMS_____
Printed Name

My commission expires: _11/05/04_


STATE OF HAWAII                    )
                                   ) SS.
CITY AND COUNTY OF HONOLULU        )

      On this _____ day of _____, 2002,
before me personally appeared _____, to me known,
who being by me duly sworn, did say that he/she is the _____
of D.R. Horton-Schuler Homes, Llc, Dba. Schuler Homes (fka Schuler Homes,
Inc.), and that the foregoing instrument was signed on behalf of D.R. Horton-
Schuler Homes, Llc, Dba. Schuler Homes (fka Schuler Homes, Inc.), a
professional corporation, that he/she acknowledged that the instrument to be the
free act and deed of D.R. Horton-Schuler Homes, Llc, Dba. Schuler Homes (fka
Schuler Homes, Inc.).

_____
Notary Public, State of Hawaii

_____
Printed Name

My commission expires: _____

*JOINT TORTFEASOR/JOINT OBLIGOR*
*RELEASE AND INDEMNITY AGREEMENT*

389  I-13 of 14  10

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this _____ day of _____, 2002, before me
personally appeared Milton Mootoka to me known to be the person described in
and who executed the foregoing instrument and acknowledged that he executed
the same as his free act and deed.
Witness my hand and seal.

_____
Notary Public, State of California

_____
Printed Name

My commission expires:

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

On this _____ day of ___AUG 1 9 2002___, 2002,
before me personally appeared _Michael T. Jones_____, to me known,
who being by me duly sworn, did say that he/she is the Executive Vice President
of D.R. Horton-Schuler Homes, Llc, Dba. Schuler Homes (fka Schuler Homes,
Inc.), and that the foregoing instrument was signed on behalf of D.R. Horton-
Schuler Homes, Llc, Dba. Schuler Homes (fka Schuler Homes, Inc.), a
professional corporation, that he/she acknowledged that the instrument to be the
free act and deed of D.R. Horton-Schuler Homes, Llc, Dba. Schuler Homes (fka
Schuler Homes, Inc.).

_____
Notary Public, State of Hawaii
LORDES C. SAKODA
Printed Name
My commission expires: DEC 1 5 2003

*JOINT TORTFEASOR/JOINT OBLIGOR*
*RELEASE AND INDEMNITY AGREEMENT*

390   I-14 of 14 10

# Tropics at Waikele

# News & Views

## *June 2006*

### Design Review Requests

No additions or alterations to the original design of a Home, which are visible from the exterior of any Home, are permitted without the prior written approval and consent of the Board and in accordance with the Declaration and the Bylaws, and where required, approval of the Modification Committee of the Waikele Community Association. The addition of air conditioner units is considered n alteration for the purposes of these rules.

Design Review Application forms and information are available at Hawaiiana Management by calling Patty Dykstra at 593-6851 or by e-mail at patricia@hmcmgt.com.



### Parking Complaints

Private Drive Parking is for guests only and in marked spaces only.     No parking/towing signs are posted at the entrance of each private driveway.  Towing is still in effect.  Many complaints are being received of some residents parking in guest stalls and on the private driveways, often these cars are obstructing other vehicles coming and going.  Please be considerate of your neighbors and park only in the appropriate designated areas.

Vehicles will be towed to ACE Towing at Sand Island.  Charges to recover your vehicle from Ace Towing are steep.  If you have any questions about parking restrictions please contact Hawaiiana Management Company and avoid having your vehicle towed.

"J"

391

Ben ( Dr Terry Vernoy Nurse )

# Terry A. Vernoy, M.D., Inc.

**Orthopaedic Surgery**
**Arthroscopic Surgery**
**Sports Medicine**

Queens P.O.B. II                    Pali Momi P.O.B.
1329 Lusitana St., Suite #206       98-1079 Moanalua Rd.#250
Honolulu, HI 96813                  Aiea, HI 96701
Tel. 550-4924                       Tel. 487-1881
Fax 533-1448
         Physician's Exchange 524-2575                    45 M/S

Pali Mom  Dr Terry Vernoy

MAY 0 7 2007

2:45 pm

MB-2588

K-1 of 12

392

**mobic**
[meloxicam] tablets

Bea (Dr Terry Verroy) nurse

Alice Sukuma appt 2:45 N/S

Pati Mom Dr Terry Verroy

MAY 0 7 2007
2:45 p.m

i 808 Jasie cellular phone #
286-2684

EVISTA
raloxifene HCl

MB-7588

K-2072

3.93

## Notices

**U.S. District Court**

**District of Hawaii - CM/ECF V3.04 (3/07)**

#### Notice of Electronic Filing

The following transaction was entered on 5/21/2007 at 2:27 PM HST and filed on 5/21/2007
**Case Name:** Sakuma v. AOAO Tropics Waikele, et al
**Case Number:** 1:01-cv-556
**Filer:**
**WARNING: CASE CLOSED on 09/30/2002**
**Document Number:** 147(No document attached)

**Docket Text:**
NOTICE of Hearing on Motion [146] MOTION for Order to Show Cause *Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court.*
Motion Hearing set for 6/25/2007 11:15 AM before JUDGE DAVID ALAN EZRA. (tl, )

**1:01-cv-556 Notice has been electronically mailed to:**
Sidney K. Ayabe sidney.ayabe@hawadvocate.com
Kevin P.H. Sumida ksumida@sthawaii.com, knekomoto@sthawaii.com
Calvin E. Young calvin.young@hawadvocate.com
Lance S. Au lau@sthawaii.com
Nancy J. Youngren njy@caselombardi.com

**1:01-cv-556 Notice will not be electronically mailed to:**

Dennis M. Lombardi
Case Lombardi & Pettit
Pacific Guardian Center Mauka Tower
737 Bishop St Ste 2600
Honolulu, HI 96813

Patsy N. Sakuma
10960 Ashton Avenue #307
Los Angeles, CA 90024

"L-1 of 2"                394

Ex. "A"   06.25.07 OSC Contempt
Hearing

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
300 ALA MOANA BLVD., C-338
HONOLULU, HAWAII 96850 · 0338
CLERK
OFFICIAL BUSINESS

C-GMS11 96024

PRESORTED
FIRST CLASS





UNITED STATES POSTAGE
$00.375
MAY 29 2007
MAILED FROM ZIP CODE 968

"L-2072"    395

Patsy N. Sakuma
10960 Ashton Ave #357
Los Angeles, CA 90024
Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 26 2007

at 2 o'clock and 20 min. __
SUE BEITIA, CLERK

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 6 2007

at 1 o'clock and 35 min. P_M
SUE BEITIA, CLERK

**DENIED**

_____ Court
UNITED STATES DISTRICT JUDGE

Dist. Court has given the Ptys
a year to Comply. No further
extension will be allowed - Justice

PATSY N. SAKUMA
Plaintiff
v.
AOAO TROPICS AT WAIKELE
ET AL.

)
)
)  CV 01-00556 DAE-BMK
)
)  TO EXTEND TIME TO
)  PERFORM UNDER CIVIL
)  CONTEMPT ORDER DATED
)  JUNE 25, 2007 FOR
   MEDICAL REASONS
   §401, 28 USCA

Plaintiff, Patsy N. Sakuma, pro se, moves
the district court for an order extending the time to
perform under its June 25, 2007 civil contempt
order from no later than 4pm, June 26, 2007
to no later than 4pm June 28, 2007 to deliver
a cashier's check, money order or cash in the amount
of $1,450 to Kevin P.H. Sumida at his office,
address not specified but presumably 733 Bishop
Street, Suite 400, Honolulu, Hawaii 96813 and not
737 Bishop street, Mauka Tower, Suite 1400, Honolulu,
Hawaii for medical reasons due to vomiting and
diarrhea since June 24, 2007, see attached Medical
Summary dated June 25, 2007 by Mike Takagi, PA-C,
The Medical Center-Kapolei Clinic, 590 Kamokila Blvd.,
Suite 102, Kapolei HI 96707-20022

"M-1 of 8

3.96

CV01-00556 DAE-BMK

Per Plaintiff's doctor's report and her activities "may be limited due to her medical problems in the next 48 to 72 hours. Everyone In Plaintiff's Hawaii household is also sick and no one can come into town today to make the payment. Moreover, the district court not Kevin P.H. Sumida provided Kevin P.H. Sumida's Bank wire account no. to make a wire transfer within 24 hours.

Wherefore, Plaintiff pro se requests the district court accepts her doctor's report as proof of her incapacity to convert and cash her out of state checks into a cashier's check A money order within its original deadline if by 4 p.m. June 26, 2007 and grant an extension for her to perform so that she will not have a bench warrant issued for her arrest for failure to perform for its original deadline.

Patsy N. Sakuma
Plaintiff Pro Se

397

M-2078

7

CV01-00556 DAE BMK

CV01-00556 DAE BMK
DECLARATION

WAIPAHU,          )
                  )
STATE OF HAWAII   )

Plaintiff, Patsy N. Sakuma, Pro Se, hereby declares:

(1) I am the plaintiff Pro Se in the above entitled action.

(2) On or about the evening of Sunday, June 24, 2007 I fell ill with vomiting and diarrhea.

(3) On June 25, 2007 at or around ten a.m in the morning I requested a Continuance from the Honorable District Court Judge David A. Ezra from the 11:15 Am OSC-Contempt Hearing due to illness.

(4) I then spoke to his clerk in the third floor of the US District Courthouse, because the judge was in session. The clerk's office down told me to wait in the hall. I told him I was vomiting and had diarrhea. The court denied my continuance and proceeded with the hearing.

-3-

398

M-398

CV01.00556 DAE-BMK

(5) As proof of my illness and unfitness to fully advocate my reasons why the contempt order should have denied and why an extension to perform by the contempt order deadline should be granted, attached hereto and incorporated herein is EX"A", a true and correct copy of my doctor's report signed by Mike Takagi, PA-C of the Medical Corner - Kapolei Clinic, 890 Kamokila Blvd, Suite 102, Kapolei HI 96707-2022, Tel No. 943-1111 that states I have nausea, vomiting and diarrhea and that my 'activities' may be limited due to drug for the next 48-72 hours be one illness.

(6) I do not have a Hawaii Bank or Savings Account. I only have Los Angeles, California checking accounts. I was not given Kevin P.H. Sumida, Esq's wire Bank Account No. to "wire" my monies from Los Angeles, California to his Hawaii Bank account at the June 25, 2007 hearing I haven't figured out what I need to do is also no need. cashier or money order make the required 'correction' of the check. I also request a correction of the amount owed to $41,375 per the District Courts Original Order. 'extension' 3.99 wherefore, I pray the court grant this extension.

Patsy'i Sakuma

/L

M-4678

Date:  6/25/07

**The Medical Corner - Kapolei Clinic**
890 Kamokila Blvd. Suite 102
Kapolei, HI 96707-2022
Tel No. 808-943-1111

Page   1

CV01: 00556 DAE.BMK

### Encounter Summary

Insurance:   Self Pay

Patient:     Patsy Sakuma
             94-016 Maiau St
             Apt D
             Waipahu, HI 96797

Contact:
Telephone:                   Ext:
Fax:
Provider:   Takagi, Mike  PA-C

Telephone:      (808)680-9191
Birth Date:     5/12/55
Encounter Date: 6/25/07
Purpose:        Simple Care

---

### Presenting Problem

CC: vomitting and diarrhea since last night.
(+) vomitting
(+) diarrhea

### Comments

Pt has nausea, vomiting and diarrhea activities may be limited due to this for next 48 to 72 hrs.

| Service | Description | Charge |
|---------|-------------|--------|
|         | Excise Tax  |        |

Statement Total:      $0.00

Statement Balance:    $0.00

Payment Received:

### This is Not a Bill!

"Exhibit A"
-7- 3.100
M-5078

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2596 |
| RECIPIENT ADDRESS | 5411303 |
| DESTINATION ID | |
| ST. TIME | 06/26 12:18 |
| TIME USE | 02'15 |
| PAGES SENT | 6 |
| RESULT | OK |

Fax No. 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

H6078

3101

Kevin P.H. Sumida, Esq.
Sumida & Tsuchiyama
Tel. No 808.356.2600
Fax No. 808.356.2609

From Patsy N. Sakuma
Plaintiff Pro Se
CV01: 00556 DAE: BMK

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2597
RECIPIENT ADDRESS     3562609
DESTINATION ID
ST. TIME              06/26 12:21
TIME USE              05'21
PAGES SENT            6
RESULT                OK
```

(handwritten, inverted):

@ 1.01: 00556 DAE: BMK

Plaintiff Reese

Firm Fujiyama Sekino

Fax No. 808.356.2609

Tel No. 808.356.2600

Kevin P.H. Sumida + Tsushiyama

Kevin P.H. Sumida, Esq

3.102

M-7078

Prescription For:        **SAKUMA, PAT**
Pharmacist's Name:    KEVIN KERN
Pharmacy Phone:       (808) 674-9655
This drug expires:       06/24/08

DRUG NAME: PROMETHAZINE 25MG  TAB ZYDU

may affect some laboratory tests. Make sure your doctors, nurses, and laboratory technicians know you are using this medicine. Because this medicine may interact with certain diagnostic and anesthetic medicines, BEFORE YOU HAVE ANY MEDICAL OR DENTAL TREATMENTS, EMERGENCY CARE, OR SURGERY, tell the doctor or dentist that you are using this medicine. THIS MEDICINE MAY CAUSE drowsiness or dizziness. Do not drive, operate machinery, or do anything else that could be dangerous until you know how you react to this medicine. THIS MEDICINE WILL ADD TO THE EFFECTS of alcohol and other depressants. Do not drink alcohol without first discussing it with your doctor. Ask your pharmacist if you have questions about which medicines are depressants. THIS MEDICINE MAY CAUSE increased sensitivity to the sun. Avoid exposure to the sun or sunlamps until you know how you react to this medicine. Use a sunscreen or protective clothing if you must be outside for a prolonged period. DO NOT BECOME OVERHEATED in hot weather or during exercise or other activities since heatstroke may occur. BEFORE YOU BEGIN TAKING ANY NEW MEDICINE, either prescription or over-the-counter, check with your doctor or pharmacist. CAUTION IS ADVISED WHEN USING THIS MEDICINE IN CHILDREN OR IN THE ELDERLY because they may be more sensitive to the effects of this medicine. FOR WOMEN: IF YOU PLAN ON BECOMING PREGNANT, discuss with your doctor the benefits and risks of using this medicine during pregnancy. IT IS UNKNOWN IF THIS MEDICINE IS EXCRETED in breast milk. DO NOT BREAST-FEED while taking this medicine. IF YOU HAVE DIABETES, this medicine may affect your blood sugar. Check blood sugar levels closely and ask your doctor before adjusting the dose of your diabetes medicine.

POSSIBLE SIDE EFFECTS:  SIDE EFFECTS, that may go away during treatment, include drowsiness, dizziness, dry mouth, blurred or double vision, nausea, or vomiting. If they continue or are bothersome, check with your doctor. CHECK WITH YOUR DOCTOR AS SOON AS POSSIBLE if you experience yellowing of the eyes/skin, unusual or involuntary muscle twitching or movements, or unusual tendency to burn in the sun. CONTACT YOUR DOCTOR IMMEDIATELY if you experience fever; mental or mood changes; fast, slow, or irregular heartbeat; confusion; hallucinations; seizure; unusual sweating; muscle spasms; swelling of hands, face, lips, eyes, throat, or tongue; difficulty swallowing or breathing; or hoarseness. An allergic reaction to this medicine is unlikely, but seek immediate medical attention if it occurs. Symptoms of an allergic reaction include rash, itching, swelling, severe dizziness, or trouble breathing. If you notice other effects not listed above, contact your doctor, nurse, or pharmacist.

OVERDOSE:  If overdose is suspected, contact your local poison control center or emergency room immediately. Symptoms of overdose may include shortness of breath, trouble breathing, dry mouth, unusual or severe drowsiness or restlessness, severe dizziness, flushing, nightmares, dilated pupils, loss of consciousness, and seizures.

ADDITIONAL INFORMATION:  DO NOT SHARE THIS MEDICINE with others for whom it was not prescribed. DO NOT USE THIS MEDICINE for other health conditions. KEEP THIS MEDICINE out of the reach of children. IF YOU WILL BE USING THIS MEDICINE FOR AN EXTENDED PERIOD OF TIME, be sure to obtain necessary refills before your supply runs out.

The information in this monograph is not intended to cover all possible uses, directions, precautions, drug interactions, or adverse effects. This information is generalized and is not intended as specific medical advice. If you have questions about the medicines you are taking or would like more information, check with your doctor, pharmacist, or nurse.

Copyright 2007 Wolters Kluwer Health, Inc. All rights reserved. Database Edition 07.2 Information Expires June 27, 2007

Case No.06-16121

Filed 09|18|06

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

PATSY N. SAKUMA, an individual

Plaintiff-Appellant/Petitioner

vs.

CASE NO. 06-16121
(U.S. District Court for the
Hawaii District,Civ.#01-00556
/DAE:BMK)

ASSOCIATION OF APARTMENT OWNERS
OF THE TROPICS AT WAIKELE, an
unincorporated association;HAWAIIANA MANAGEMENT COMPANY, LTD., a
corporation;LOVE YAMAMOTO & MOTOOKA, a professional corporation;
MILTON M. MOTOOKA,an individual;D.R.HORTON-SCHULER HOMES,LLC
a Delaware limited liability company dba:Schuler Homes,fka Schuler Homes, Inc.,

Defendants-Appellees/Respondents

## APPELLANT'S OR PETITIONER'S INFORMAL OPENING BRIEF

1.   Jurisdiction
   a.   Timeliness of Appeal or Petition:
      (i)   Date of entry of judgment or order
            of district court:  05/17/06
      (ii)  Date of service of any motion made after judgment
            (other than for fees and costs):N/A
      (iii) Date of entry of order deciding motion: N/A
      (iv)  Date notice of appeal or petition filed: 05/31/06
      (v)   For prisoners, date you gave notice of appeal to prison
            authorities: N/A
   b.   IF POSSIBLE, PLEASE ATTACH ONE COPY OF EACH OF THE
        FOLLOWING:
      1.   The order from which you are appealing.
      2.   The district court's entry of judgment.
      3.   The district court docket sheet.

N-1073

3.104

follow the Ninth Circuit decisions on point, and should have known about the U.S.

Supreme Court decision of *International Union, UMW*, even if I only stated the

holding of it at the OSC since I had faxed that case and *Bingman* about two days

before the hearing to the District Court judge and Sumida, and emailed the other

two counsels Young and Youngren pursuant to LR.7.8. Under *Gomez, Townsend,*

and *Matter of Yagman*, the District Court abused its discretion in sanctioning me

since my contention was warranted under existing law and I made diligent inquiry.

   D. Denial Of My Request For Another Hearing Was Legal Error.

   With respect the District Court erred concluding it did not deny me my

Constitutional rights when I requested a hearing on August 23, 2002 through the

Magistrate's deputy, as set forth in my August 29, 2002 letter (CR 58, Ex. D) with

a typographical error showing 07/23/02, not 08/23/02[1]. Nevertheless, even

assuming I made this typographical error, it is apparent from the context of my

letter that it is a typographical error and that I asked for a hearing after the July 29,

2002 Motion to Enforce Hearing.  Neither Tropics, the District Court, nor

---

[1] To the best of my recollection and belief, the typographical error of 07/23/03 was
not in the copy of Excerpt 324 of Volume II of Pl./App. Excerpt of Record in my
prior appeal 03-15522, and the twenty or fifty other copies I mailed with my
rehearing and en banc petition (CR 78, Ex. 6). Only after I had set that letter out
for review in my related appeal in December 2005 or January 2006 did I notice the
07/23/06 date. I cannot explain why the original second page is missing or
misplaced from my file,[1] or if how this first page that looks original came into my
possession. My original computer copy has been destroyed when my computer
crashed sometime on or about late September 2005.

Magistrate has ever denied that I made that call on August 23, 2002 to the

Magistrate's deputy in any of their papers. As I requested a hearing, I did not

waive my due process rights as the District Court erroneously concluded. (CR 119

at 5). With respect, the District Court erred as a matter of law that another hearing

was not required. §636(e)(6)(B(iii); Twice Amended LR.74.2; *see, Thomas v. Arn,*

*supra; Ritte, supra, Townsend, supra* at 1368; *Hart, supra at* 1171. Moreover, the

District Court could have cured the defect by a de novo review of the ambiguous

Findings (CR 78, Ex. 4 at 16-18) or have the Magistrate certify them under

§636(e)(6)(B(iii). Therefore, its finding of untimeliness is legal error and warrant a

reversal of the sanctions order against me.

### 5. Lack Of Subject-Matter Jurisdiction Over The Settlement.

The due process violations here were a total usurpation of power and

want of jurisdiction because the Magistrate violated my Constitutional rights of

due process and right to contract to obtain my consent to a settlement in open court

and to obtain my agreement by unlawful summary adjudication of indirect civil

contempt (CR 73 at 9). *Watts v. Pickney,* 752 F.2d 406 (9th Cir. 1985). *Watts*

satisfies the District Court's application of the First and Eight Circuit test that the

due process violation amount to a total want of jurisdiction from inception (CR 116

at 10). However, my consent still only amounted to a settlement in principle

pursuant to my express *Reservation of Rights* under *Gypsum, Ciaramella,* and

3.106

N-303

Continued