**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATSY N. SAKUMA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE; et al., <br><br> Defendants - Appellees. | Nos. 05-16940 <br> 06-16121 <br><br> D.C. No. CV-01-00556-DAE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted December 4, 2006**

Before:   GOODWIN, LEAVY, and FISHER, Circuit Judges.

In No. 05-16940, Patsy N. Sakuma appeals pro se from the district court's order denying her motion for relief from a judgment enforcing a settlement in

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

underlying litigation against the Association of Apartment Owners of the Tropics at Waikele and others. In No. 06-16121, Sakuma appeals from the district court's imposition of sanctions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on a motion to set aside a judgment as void. *Export Group v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995). We review the imposition of sanctions for abuse of discretion. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001). We affirm.

The district court entered judgment in Sakuma's case on October 3, 2002. Sakuma, a licensed attorney, filed her motion for relief from judgment on January 26, 2005, more than two years after entry of judgment. To the extent Sakuma's motion was made on the basis of excusable neglect or fraud and therefore pursuant to Fed. R. Civ. P. 60(b)(1) or 60(b)(3), it was untimely, and the district court lacked jurisdiction to consider the merits of the motion. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (pending appeal does not toll time for filing a motion under Rule 60(b)(1), (2), or (3)).

To the extent Sakuma's motion was based on Rule 60(b)(4), the district court properly rejected her contention that its judgment was void because the magistrate judge lacked authority to recommend an order providing that the settlement would be self-executing if Sakuma failed to sign. *See* 28 U.S.C.

2

5 2 of 5 3

§ 636(b)(1)(B). The record also supports the district court's rejection of Sakuma's claim that its judgment was void because proceedings in that court had violated her due process rights.

The district court did not abuse its discretion in imposing sanctions for Sakuma's frivolous motion for relief from a judgment that had already been affirmed by this court. *See generally Gomez v. Vernon*, 255 F.3d 1118, 1133-35 (9th Cir. 2001) (explaining requirements for imposing sanctions under court's inherent authority and 28 U.S.C. § 1927).

Sakuma's remaining contentions lack merit.

**AFFIRMED.**