## LR7.2  MOTIONS; NOTICE, HEARING, MOTION AND SUPPORTING PAPERS

(a) Except as otherwise provided by this rule, all motions shall be entered on the motion calendar of the assigned judge for hearing not less than twenty-eight (28) days after service.

(b) The twenty-eight (28) day period may be shortened by order of court upon the submission of an ex parte application. Such an application must be accompanied by an affidavit or declaration setting forth the reasons necessitating shortened time.

(c) The twenty-eight (28) day period shall not apply to the following motions: those designated as non-hearing motions under subsections (d) and (e) of this rule; applications for a temporary restraining order; motions for protective order; motions for withdrawal of counsel; motions for an extension or shortening of time; motions made during the course of a trial or hearing.

(d) The court, in its discretion, may decide any motion without a hearing.

(e) The following motions shall be non-hearing motions to be decided on submissions: motions to alter, amend, reconsider, set aside or vacate a judgment or order; motions for judgment as a matter of law or for a new trial; motions for clarification of a judgment or order; motions for relief from judgment; motions to proceed in forma pauperis; motions for appointment of counsel; motions for certification of finality under Fed.R.Civ.P. 54; appeals from a magistrate judge's decision or order; objections to a magistrate judge's report and recommendation. The court, in its discretion, may set any of the foregoing motions for hearing sua sponte, or upon application by a party.

(f) All motions shall be accompanied, when appropriate, by affidavits or declarations sufficient to support material factual assertions and by a memorandum of law.

[Effective October 30, 1997. Amended effective June 2, 2003.]

## LR7.3  MOTIONS; DEADLINE FOR HEARINGS ON DISPOSITIVE MOTIONS

Unless otherwise ordered by the court, all dispositive motions shall be heard no later than thirty (30) days prior to the scheduled trial date.

[Effective October 30, 1997.]

## LR7.4  MOTIONS; OPPOSITION AND REPLY

An opposition to a motion set for hearing shall be served and filed not less than eighteen (18) days prior to the date of hearing. An opposition to a non-hearing motion shall be served and filed not more than eleven (11) days after service of the motion. When appropriate, the opposition shall include affidavits or declarations and a memorandum of law. A party not opposing a motion shall instead file a statement of no opposition or no position within the time provided above.

Any reply in support of a motion set for hearing shall be served and filed by the moving party not less than eleven (11) days prior to the date of hearing. Any reply in support of a non-hearing motion shall be served and filed by the moving party not more than eleven (11) days after service of the opposition. A reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded.

No further or supplemental briefing shall be submitted without leave of court.

[Effective October 30, 1997. Amended effective December 1, 2002.]

6.1 0f 68

HAWAI'I

attorney, the amount which the clerk is to pay for the attorney's services.

[Effective October 30, 1997.]

## LR66.1

In the exercise of the authority vested in the court by the statute that is promulgated for the administration of the estate of any person, the officers appointed by the court. Except as otherwise ordered by the court in which the appointment of a receiver is made, in any action brought by or against such an officer, the following rules shall apply, and by these rules.

**(a) Inventories.** Unless the court otherwise orders, as soon as practicable after his or her appointment, the receiver, unless she has taken possession of the estate, shall file an inventory upon good cause shown, shall file an inventory of the property in his or her possession or in the possession of others, and shall file a separate schedule, an inventory of the property taken into possession by the receiver but claimed by other persons.

**(b) Reports.** Within one month after his or her appointment, and at intervals of three months thereafter, or at such other times as the court may direct, the receiver or other similar officer shall file reports of the receiver's acts, and of the receipts and expenditures and of the receiver's transactions in the business.

**(c) Compensation of Receivers or similar officers.** The compensation of receivers or similar officers and of the attorneys who have been appointed by the court to aid in the administration of the business, the discovery and acquisition and sale of assets, plans, and the like, shall be ascertained and fixed by the court, and an allowance shall be made only on notice to creditors and others as the court may direct. The notice...

**(d) Administration of Estate.** The receiver or similar officer shall administer the estate as nearly as may be in accordance with the administration of estates in bankruptcy.

[Effective October 30, 1997.]

## LR72.1 MAGISTRATE JUDGES — AUTHORITY UNDER 28 U.S.C. § 636(a)

Each magistrate judge of this court is authorized, pursuant to 28 U.S.C. § 636(a), and may:

(a) Exercise all the powers and duties conferred or imposed upon magistrate judges by law and the Federal Rules of Criminal Procedure;

(b) Administer oaths and affirmations, impose conditions of release under 18 U.S.C. § 3146, and take acknowledgments, affidavits, and depositions; and

(c) Conduct extradition proceedings, in accordance with 18 U.S.C. § 3184.

[Effective October 30, 1997.]

---

HAWAI'I

(5) days thereafter serve upon all other parties and mail or deliver to the judge and to the clerk a statement of any objection he or she may have to the proposed draft, the reasons therefor and a substitute proposed draft. Thereafter, the judge shall take such further action as is necessary under the circumstances.

**(b)** The judgment or order shall be signed or initialed by the judge and shall be the direction to the clerk to enter it.

**(c)** Judgments and orders prepared by the court or clerk shall be served by the clerk on all parties appearing in the action. Judgments and orders prepared by a party shall be served by that party on all other parties appearing in the action immediately upon receipt of a copy of the judgment or order signed by the judge.

[Effective October 30, 1997.]

## LR60.1  MOTIONS FOR RECONSIDERATION

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law;

(c) Manifest error of law or fact.

Motions asserted under Subsection (c) of this rule must be filed within ten (10) days of the court's written order.

[Effective October 30, 1997.]

## LR65.1.1  WHEN A BOND OR SECURITY IS REQUIRED

The court, on motion or of its own initiative, may order any party to file an original bond or additional security for costs in such an amount and so conditioned as the court by its order may designate.

[Effective October 30, 1997.]

## LR65.1.2  QUALIFICATIONS OF SURETY

Subject to approval of the court, every bond for costs under this rule must have as surety either: (1) a cash deposit equal to the amount of the bond; or (2) a corporation authorized by the Secretary of the Treasury of the United States, to act as surety on official bonds pursuant to 31 U.S.C. §§ 9301–09; or (3) a resident of the district, who owns real or personal property within the district sufficient in value above any incumbrances to justify the full amount of the suretyship; or (4) any insurance, surety or bonding company licensed to do business in the State of Hawai'i.

[Effective October 30, 1997.]

## LR65.1.3  SUITS AS POOR PERSONS

At the time application is made, under the Acts of Congress providing for suits by poor persons, for leave to commence any civil action without being required to prepay fees and costs or to give security for them, the applicant shall file a written consent that the recovery, if any, in the action, to such amounts as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff and, to plaintiff's

LR58.2                                                                                    HAWAI'I

served by that party on all other parties appearing in the action immediately upon receipt of a copy of the judgment or order signed by the judge.

[Effective October 30, 1997.]

### LR60.1  MOTIONS FOR RECONSIDERATION

Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law;

(c) Manifest error of law or fact.

Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

[Effective October 30, 1997. Amended effective December 1, 2002.]

### LR65.1.1  WHEN A BOND OR SECURITY IS REQUIRED

The court, on motion or of its own initiative, may order any party to file an original bond or additional security for costs in such an amount and so conditioned as the court by its order may designate.

[Effective October 30, 1997.]

### LR65.1.2  QUALIFICATIONS OF SURETY

Subject to approval of the court, every bond for costs under this rule must have as surety either: (1) a cash deposit equal to the amount of the bond; or (2) a corporation authorized by the Secretary of the Treasury of the United States, to act as surety on official bonds pursuant to 31 U.S.C. §§ 9301–09; or (3) a resident of the district, who owns real or personal property within the district sufficient in value above any incumbrances to justify the full amount of the suretyship; or (4) any insurance, surety or bonding company licensed to do business in the State of Hawai'i.

[Effective October 30, 1997.]

### LR65.1.3  SUITS AS POOR PERSONS

At the time application is made, under the Acts of Congress providing for suits by poor persons, for leave to commence any civil action without being required to prepay fees and costs or give security for them, the applicant shall file a written consent that the recovery, if any, in the action, to such amounts as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff and, to plaintiff's attorney, the amount which the court allows or approves as compensation for the attorney's services.

[Effective October 30, 1997.]

### LR66.1  RECEIVERSHIPS

In the exercise of the authority vested in the district courts by Fed.R.Civ.P. 66, this rule is promulgated for the administration of estates by receivers or by the other similar officers appointed by the court. Except in the administration of the estate, any civil action in which the appointment of a receiver or other similar officer is sought, or which is

44                                           EXHIBIT "2"                              63 of 68

# District of Hawaii Local Rules

| Rule Name: | Chapter: | Last Modified: |
|---|---|---|
| LR74.2. Magistrate Judges; Review of Recommendations for Disposition - 28 U.S.C. § 636(b)(1)(B). | CHAPTER I - GENERAL AND CIVIL RULES | 11/97 |

Any party may object to a magistrate judge's case dispositive proposed order, findings, or recommendations under LR72.4, 72.5 and 72.6 within ten (10) days after being served with a copy thereof. Such party shall file with the clerk, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed order, findings, or recommendations to which objection is made and the basis for such objections. Any party may respond to another party's objections within ten (10) days after being served with a copy thereof. Each of the above ten (10) day periods may be enlarged by a district judge. A district judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may exercise discretion to receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**File for Download:**
File Type: WordPerfect 6.1

File Size: KBytes

EXHIBIT "2"

6.40f68

**LR 74.2    Magistrate Judges; Review of Recommendations for Disposition - 28 U.S.C. § 636(b)(1)(B)**

Any party may object to a magistrate judge's case dispositive order, findings, or recommendations under LR72.4, 72.5, and 72.6 within eleven (11) calendar days after the date of service of the order on all parties.

The objecting party shall file with the clerk, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections. Filing of a response shall be governed by LR7.4. Each of the eleven (11) day periods may be enlarged by a district judge. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions. Cross-objections shall be filed within two (2) working days of the receipt of an objection or within eleven (11) calendar days after service of the magistrate judge's order. Any opposition to a cross-objection shall be filed within eleven (11) calendar days of receipt of the original objection. No reply in support of objections of cross-objections to a magistrate judge's case dispositive proposed order, findings, or recommendations shall be filed without leave of court.

EXHIBIT "2"

6.5of68

# LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI'I

Effective October 30, 1997

Including Amendments Received Through September 15, 2003

---

*Research Note*

Use WESTLAW® to find cases citing a rule. In addition, use WESTLAW to search for specific terms or to update a rule; see the H1–RULES and H1–ORDERS Scope Screens for further information.

Amendments to these rules are published, as received, in the Pacific Reporter 2d and Hawai'i Reports *advance sheets*.

---

*Table of Rules*

Cross Reference Tables.

### CHAPTER I. GENERAL AND CIVIL RULES

LR
1.1   Title.
1.2   Effective Date; Transitional Provision.
1.3   Scope of the Rules; Construction.
1.4   Definitions.
4.1   Service of Process.
5.1   Depositions: Original Transcripts.
5.2   Identification of Original Filings.
6.1   Computation of Time.
6.2   Extensions, Enlargements, or Shortening of Time.
   (a) Stipulations Extending or Enlarging Time.
   (b) Applications for Extension or Enlargement of Time.
   (c) Ex Parte Applications.
   (d) Extension to Respond to Third-Party Claims.
   (e) Orders Shortening Time.
7.1   Motions; Format.
7.2   Motions; Notice, Hearing, Motion and Supporting Papers.
7.3   Motions; Deadline for Hearings on Dispositive Motions.
7.4   Motions; Opposition and Reply.
7.5   Motions; Length of Briefs and Memoranda.
7.6   Motions; Affidavits and Declarations.
7.7   Motions; Filing; Lodging Extra Copy.
7.8   Motions; Uncited Authorities.

Mat# 40235033                [IT-212—Pub. 10/03]                                    1

EXHIBIT "2"                                                           6.6 0468

shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible.

(e) **Affidavit of Counsel.** The affidavit of counsel shall include: (1) a brief description of the relevant qualifications, experience and case-related contributions of each attorney and paralegal for whom fees are claimed, as well as any other factors relevant to establishing the reasonableness of the requested rates; (2) a statement that the affiant has reviewed and approved the time and charges set forth in the itemization of work performed and that the time spent and expenses incurred were reasonable and necessary under the circumstances; and (3) a statement identifying all adjustments, if any, made in the course of exercising "billing judgment."

(f) **Responsive and Reply Memoranda.** Unless otherwise ordered by the court, any opposing party may file a responsive memorandum within eleven (11) days after service of the statement of consultation. The responsive memorandum in opposition to a motion for attorneys' fees and related non-taxable expenses shall identify with specificity all disputed issues of law and fact, each disputed time entry, and each disputed expense item. The moving party, unless otherwise ordered by the court, may file a reply memorandum within eleven (11) days after service of the responsive memorandum. Thereafter, unless otherwise ordered by the court, the motion and supporting and opposing memoranda will be taken under advisement and a ruling will be issued without a hearing.

**LR74.1.   Magistrate Judges; Appeal of Non-Dispositive Matters - 28 U.S.C. § 636(b)(1)(A).**

A magistrate judge may hear and determine any pretrial matter pending before the court, except those motions delineated in LR72.4(a). _Any party may move for reconsideration before the magistrate judge pursuant to LR60.1. A reconsideration motion shall toll the time in which any appeal must be taken from the magistrate judge's order._ Any party may appeal from a magistrate judge's order determining a motion or matter under LR72.3_, or, if a reconsideration order has issued, the magistrate judge's reconsideration order,_ within eleven (11) calendar days ~~after issuance~~_from the entry_ of the ~~magistrate judge's~~ order~~, which t~~. The clerk shall serve on ~~all~~_the_ parties _the magistrate judge's non-dispositive order and any reconsideration order, unless the order and/or reconsideration order has been prepared by counsel, in which event counsel responsible for such preparation shall be responsible for service of the order(s) so prepared._ The appealing party shall file with the clerk, and serve on the

7

magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from after having been served with a copy thereof. Any party in interest may file a response within eleven (11) calendar days after ~~having been served with a copy~~service thereof. Each of the above periods of eleven (11) ~~day periods~~days may be altered by the magistrate judge or a district judge. ~~Filing of a response shall be governed by LR7.4. The eleven (11) calendar day period may be altered by the magistrate judge or a district judge.~~ Oral argument will not be scheduled unless requested by the court. A district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The district judge may also reconsider sua sponte any matter determined by a magistrate judge under this rule. Any cross-appeal shall be filed within two (2) working days of the ~~receipt~~filing of an appeal or within eleven (11) calendar days after ~~service~~the filing of the magistrate judge's order, whichever is later. Any opposition to a cross-appeal shall be filed within eleven (11) calendar days of ~~receipt~~service of the cross-appeal. No reply in support of an appeal or cross-appeal shall be filed without leave of court.

**LR74.2   Magistrate Judges; Review of Recommendations for Disposition - 28 U.S.C. § 636(b)(1)(B)**

Any party may object to a magistrate judge's case dispositive order, findings, or recommendations under LR72.4, 72.5, and 72.6 within eleven (11) calendar days after the ~~date of~~entry of the magistrate judge's order, findings, or recommendations. Any party may move for reconsideration before the magistrate judge pursuant to LR60.1. A reconsideration motion shall toll the time in which objections must be filed to the magistrate judge's order, findings, or recommendations; objections must be filed within eleven (11) days from entry of the order disposing of the reconsideration motion. The clerk shall serve on the parties the magistrate judge's order, findings, and recommendations and any reconsideration order, unless the order, findings, and recommendations, and/or any reconsideration order has been prepared by counsel, in which event counsel responsible for such preparation shall be responsible for service of the order ~~on all parties~~, findings, recommendations, and/or reconsideration order so prepared. The objecting party shall file with the clerk, and serve on the magistrate judge and all parties, written objections ~~which shall~~that specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections. ~~Filing of a response shall be governed by LR7.4. Each of the~~Any party in interest may file a response within eleven (11) calendar days after service thereof.

__Each of the above periods of__ eleven (11) ~~day periods~~__days__ may be ~~enlarged~~__altered__ by __a magistrate judge or__ a district judge.  A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The district judge may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  Cross-objections shall be filed within two (2) working days of the ~~receipt~~__filing__ of an objection or within eleven (11) calendar days after ~~service~~__the filing__ of the magistrate judge's order.  Any opposition to a cross-objection shall be filed within eleven (11) calendar days of ~~receipt~~__service__ of the original objection.  No reply in support of objections o~~f~~__r__ cross-objections to a magistrate judge's case dispositive proposed order, findings, or recommendations shall be filed without leave of court.

LR83.1.   **Attorneys; Admission to the Bar of this Court.**

   (a) **Admission to Practice.**  Admission to and continued membership in the bar of this court is limited to attorneys of good moral character who are members in good standing of the bar of this court prior to October 1, 1997 and those attorneys who are admitted to membership after October 1, 1997.

   (b) **Eligibility for Membership.**  After October 1, 1997, an applicant for admission to membership in the bar of this court must be an attorney who is a member in good standing of the bar of the State of Hawaii.

   (c) **Procedure for Admission.**  Each applicant for admission to the bar of this court shall file with the clerk a verified petition for admission, stating the applicant's full name, residence address, office address, the names of the courts before which the applicant is admitted to practice, and the respective dates of admission to those courts.  The petition shall be accompanied by proof of membership in the bar of the State of Hawaii.

   (d) **Attorneys for the United States, Students at an Accredited School of Law.**  Any attorney who is an active member in good standing of the bar of the highest court of any State and who is employed by the United States or one of its agencies in a