PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br><br>　　　　　　Plaintiff,<br><br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a HEARING; DECLARATION corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co.,<br>　　　　　　Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals- Closed Nos. 03-15522 & 03-15480 Nos. 05-16940 & 06-16121)<br><br>NOTICE OF MOTION AND MOTION  TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY NANCY J. YOUNGREN, ESQ. TO REQUEST ONE AND ORDER TO SHOW CAUSE WHY YOUNGREN SHOULD NOT BE FOUND IN CONTEMPT FOR NOT COMPLY-ING WITH SUBPOENA DUCES TECUM'S REQUEST 2 & 3, OR TO ALL 3 REQUESTS, & ORDER TO SHOW CAUSE WHY KEVIN P.H. SUMIDA, ESQ. SHOULD NOT BE FOUND IN CONTEMPT OF COURT FOR NOT COMPLYING WITH SUBPOENA DUCES TECUM; DECLARATION OF PATSY N. SAKUMA; EXHIBITS<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. David A. Ezra |

Ex. 3. 107 & 3.128

NOTICE is hereby given of the filing of this motion pursuant to Rules 45(c)(2)(B) and (e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. by Plaintiff Pro Se Patsy N. Sakuma ("Sakuma").  In support hereto, Sakuma is also filing a Declaration of Patsy N. Sakuma with exhibits attached.

This motion seeks, in part, to compel Nancy J. Youngren ("Youngren"), one of the lead attorneys for Co-Defendant AOAO Tropics At Waikele, an unincorporated association ("Tropics"), as note on the copy of the District Court docket sheet attached hereto as Exhibits "A-1 to A-10," and the only appearing and signatory attorney of record for Case Lombardi & Pettit formerly known as Case Bigelow & Lombardi, who represent Co-Defendant D.R. Horton-Schuler Homes, LLC, a Delaware limited liability company and formerly known as Schuler Homes, LLC, a Delaware limited liability company in this action, 1) to comply with the subpoena duces tecum as to her objections to Request One of said subpoena, a copy of which is attached hereto as Exhibits "B-1 to B-6," that Plaintiff Sakuma has issued, 2) for a Notice Of Motion on this motion for an Order To Show Cause Why Nancy J. Youngren, Esq., Should Not Be Found In Contempt For Non-Compliance to the Unobjected to Requests Two and Three of Sakuma's Subpoena, or alternatively to all Three Requests and setting a deadline for such compliance or if not a bench warrant for her arrest.  As to Kevin P.H. Sumida, Esq., under Rule 45(e) this motion seeks for the District Court to also issue a

Ex 3. 108₇ 3. 128

Notice of Hearing on this Motion for Order To Show Cause Why Kevin P.H.

Sumida, Esq. Should Not Be Found In Contempt Of Court for Noncompliance

With the Subpoena Sakuma has issued, a copy of which attached hereto as Exhibits

"C-1 to C-6." To the best of Sakuma's belief and information, Sumida has not filed

or served objections under Rule 45(c)(2)(B).

Youngren has chosen to refuse to comply with the subpoena as to Request

One of said subpoena to produce for inspection and copying Exhibit D to CR 58

and Excerpt 324 to Sakuma's Appeal No. 03-15522. Youngren has not made any

objections to Requests 2 & 3 of said subpoena to produce for inspection and

copying: 1) an August 6, 2004 fax cover letter and letter dated on or about August

6, 2004 by Sakuma to Youngren and Sumida regarding the denial of entry of the

HandiVan, a transportation service for the disabled under or contracted out by the

Department of Transportation, City and County of Honolulu, State of Hawaii, into

the private driveway leading to Sakuma's condominium home commonly-known

as 94-1016 Maiau St. #D, Waipahu, HI 96797 to pick up Sakuma's 80 years-old

disabled, wheel-chair bound mother, and 2) Kevin P.H. Sumida, Esq.'s ("Sumida")

reply letter to Patsy N. Sakuma's demand letter dated on or about August 6, 2004,

for payment of $550.00 for her attorney fees and costs to secure reinstatement of

the HandiVan's right of entry into the private driveway leading to Sakuma's

Waikele home, as referred to in Sakuma's August 25, 2004 letter to co-Defendant

Ex 3. 109 73.128

Hawaiiana Management Company, Ltd, a corporation ("Hawaiiana"), c/o co-Defendant Milton M. Motooka, Esq., Tropics' co-counsel, attached hereto as Exhibits "C-5 & C-6 and which was attached to Sakuma's facsimile cover-letter dated June 15, 2007 to the Leslie Sai for the Court requesting Leave of Court to File Late Opposition Mem. To Tropics' Motion For OSC Hearing Why Sakuma Should Not Be Held In Contempt, a copy of which is attached hereto as Exhibits "C-1 to C-6." To the best of Sakuma's information and belief, Sumida has yet to refund to Sakuma her $45.00 overpayment of the sanctions by her cashier's check as ordered by the Court, as he stated to her he would when she gave him the cashier's check, a copy of which Sumida attached as an Exhibit to his Declaration Regarding Order Finding Sakuma In Contempt Of Court Dated 6/25/07, attached hereto as Exhibits "D1-D-3." As will be explained below, all of the subpoenaed materials were necessary to Sakuma, as part of her defense to the contempt finding by the District Court at the June 25, 2007 OSC Hearing.

**BACKGROUND:**

On or about June 20, 2007, Sakuma caused personal service of a subpoena duces tecum on Youngren, pursuant to the Proof of Service by Sakuma's Civil Process Server, which was entered on June 22, 2007 into the docket as CR 149. On or about that same day on June 20, 2007 to June 22, 2007, Sakuma's Civil Process

4

*EX. 3110 & 3.128*

Server attempted to serve a copy of the same subpoena on Sumida. Sumida chose to avoid personal service and was not served before said Hearing date.

On or about June 21, 2007, Mark G. Valencia an attorney representing Youngren and working in the same law firm as Youngren—Case Lombardi & Pettit—mailed by First-Class Mail to Sakuma's Los Angeles' address written objections to the subpoena for Youngren, but only as to Request One of said subpoena, a copy of which is attached hereto as Exhibits C-1 & 2. The objection letter was also copied to the District Court Judge Hon. David A. Ezra, Sumida, and Calvin E. Young, Esq., one of two attorneys representing co-Defendants Love Yamamoto & Motooka and Milton M. Motooka. Sakuma did not receive Youngren's June 21 objection letter before leaving Los Angeles, California for Honolulu, Hawaii the morning of June 23, 2007. Sakuma also did not receive said objection via facsimile transmission on or about June 21, 2007, even if so noted in said objection letter because Sakuma's fax machine can only send, not receive faxes. Youngren and thereby Valencia knew or should have known that Sakuma could not receive faxes on her machine as early as May 22, 2006 if not sooner from Youngren's receipt of service of Sakuma's Ninth Circuit Docket for Appeal No. 06-16121 stating this problem, a copy of which is attached hereto as Exhibit "E."

At the June 25, 2007 OSC-Contempt Hearing, see attached Transcript attached hereto as Exhibits "D-1 to D-19," the Court:

Ex 3.111 7 3,128

1) Denied Sakuma an emergency continuance of said Hearing due to illness by not mentioning her request to the court's staff one-hour before the scheduled 11:15 AM Hearing by holding the Hearing earlier, as stated in Sakuma's Emergency Motion To Extend Time To Perform Under Civil Contempt Order Dated June 25, 2007 For Medical Reasons and Declaration of Patsy N. Sakuma, a copy attached hereto as Exhibit "G-1 to G-5," and as indicated by the 10:38 AM Hearing time on page 1 of Transcript at 1:4,

2) Stated it would quash any Motion to compel production of Exhibit D of CR 58 by the subpoena issued by Sakuma concluding it was a public record, Transcript at 8:13-8:15; Sumida admitted he was not served the subpoena but others had been served. Transcript at 8:9-12,

3) Rejected Sakuma's defense alleging Defendants' breach of settlement agreement[1] and cases holding Sakuma could not take an inconsistent position that there was no subject-matter jurisdiction and then claim there was because of Defs' breach, *see* Sakuma's June 15, 2007 Facsimile Request for Leave of Court to File a Late Opp. Mem., *see,* Exhibits "C-1 to C-8, citing cases like *Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996),[2] Transcript at 6:18-19,

4) Rejected Sakuma's request for a $550.00 offset for her attorney's fees and costs requested in her August 25, 2004 letter to co-Defendant Motooka, Esq., that she incurred as a result of Tropics' breach in having to regain a right of entry for the HandiVan to pick up her wheel-chair bound mother to attend a state program for the elderly on or about August 5, 2004, see Exhibits D-5 & D-6 in: i) Tropics' failing to provide for reasonable handicap parking accommodation in residential use of the guest stalls in the private driveway, and as confirmed by Tropics' News & Views, June 2006 Issue stating: "Private Driveway Parking is for guests only and in marked spaces only," a copy of which is attached hereto as Exhibit "J," and ii) co-Defendant D.R. Horton-Schuler Home's breach in failing to install the

---

[1] Joint Tortfeasor/Joint Obligor Release and Indemnity Agreement by Sakuma and Defs. and signed on Sept. 25, 2002 by the Clerk of the Court for Sakuma who refused to sign it, a copy of which is attached hereto as Exhibits "I-1-I-10."

[2] Sakuma emailed the case to the District Court and Defendants and their attorneys in compliance with noncited cases in Motion under LR.7.8.

Ex 3,112 of 3,128

handicap bars and front ramp, causing Sakuma's mother to break her leg exiting the 1st floor powder room of Sakuma's condominium home, *see* attached note from Terry A. Vernoy, M.D., Orthopaedic Surgery and Prescription, both dated May 7, 2007, and attached hereto as Exhibits "K-1&K-2," *see also* Transcript at 3:23-4:7,

5) Considered but rejected Sakuma's contention of defective Notice of Motion, attached hereto as Exhibit "L-1," that was apparently served electronically earlier on May 21, 2007 to Defendants and their attorneys listed thereunder, but later on May 23, 2007 to Sakuma via U.S. First-Class mail, as evidenced by the copy of the postmarked stamped envelope attached hereto as Exhibit "L-2,"

6) Found Sakuma in civil contempt for failing to pay sanctions awarded to Tropics and Hawaiiana in the form of their attorney fees and costs under the court's inherent authority and §1927, 28 USCA, Transcript at 4:24-4:25, and

7) With respect, ordered Sakuma to pay the sanctions the next day June 26, 2007 by 4PM at Sumida's office, or a bench warrant for Sakuma's arrest would be issued, *see*, Transcript at 7:3-7-6, in compromise after she stated that the Court was forcing her to speak when she was in pain[3]... that she had deposited a bag of vomit inside the Courthouse entrance (Transcript at 17:9-11).

On June 26, 2007, Sakuma faxed to the Court her Emergency Motion For Extension To Comply Due to Illness, with attached declaration. In her declaration she stated that about one-hour earlier at around 10:00 AM before the June 25, 2007 Hearing, she had asked the Court via Hon. Judge Ezra's staff for a continuance due to illness since he was in session, and attached her doctor's note as proof she had been ill at the Hearing, and that supports her contention now, with respect, that her

---

[3] Sakuma's assertion has been omitted in the Transcript, and which omission will cause her to incur further costs and expense to file a Motion To Correct Transcript since Court Reporter Cynthia Fazio disputes Sakuma claim.

Ex 3.113 7 3.128

due process rights had been violated by the Court. Sakuma also averred she was still too sick to comply with the Court's 4:00 PM deadline on June 26, 2007. Her doctor's note dated June 25, 2007 after the Hearing stated that she had been treated for vomiting and diarrhea that started on June 24, 2007 and that her may be limited activities for the next 48-72 hours, a copy of which is attached hereto as Exhibits "M-1- to M-5." The District Court denied her Emergency Motion. *See, id.*

On June 26, 2007, around 5:00 PM even if her entire family members residing at the premises were sick (Exhibit "M-2"), Sakuma complied with the Court's June 25, 2007 Order. Sakuma also personally served Sumida at his law office at 735 Bishop Street, Suite 411, Honolulu, Hawaii 96813 a subpoena duces tecum. Said subpoena requested that Sumida produce for inspection and copying: 1) Exhibit D to CR 58, and 2) the August 6, 2005 letter by him to Sakuma.

## DISCUSSION:

Youngren failed to properly file and serve her objections to Sakuma's subpoena. Rule 45(c)(2)(B) provides, in part, that ..."a person commanded to produce and permit inspection..., if such time is less than 14 days after service [of the subpoena], serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials..."

Rule 45(c)(2)(B) required Youngren to serve her written objection as a pleading to Sakuma's subpoena pursuant to a Proof of Service and then filing the

Ex 3.114 7 3.128

pleading and the completed Proof of Service with the Clerk of the Court. Rules 5(d)&(e), Fed.R.Civ. Proc, 28 U.S.C.A. The court docket (Exhibits A-5 to A-8) shows Youngren failed to file a pleading and proof of service evidencing her objections to the subpoena. Accordingly, Valencia's June 21, 2007 letter objection does not or should not be considered to be in compliance with Rule 45(c)(2)(B). Valencia's allegations here should be sanctionable under the court's inherent powers and §1927, in that a Rule 11 violation has been avoided by Valencia not filing and serving the objections properly under Rule 45(c)(2)(B). Accordingly, the court should find that Youngren's letter objection failed to comply with Rule 45(c)(2)(B), is void and sanctionable. Therefore, the court should issue a Notice of Hearing on Sakuma's Motion For OSC Why Youngren Should Not Be In Contempt Of Court For Not Complying With Sakuma's Subpoena under Rule 45(e), as Youngren lacked adequate excuse to disobey the subpoena. Even assuming the June 21 objection letter is proper under Rule 45(c)(2)(B), the objections for Youngren still fail substantively for the reasons set forth below.

Valencia's first objection to the subpoena issued on Youngren was that she was scheduled to be out-of-the state on June 25, 2007 was not supported by any objective documentary evidence. This statement was also not made under penalty of perjury by way of a declaration or affidavit duly filed and served. Youngren is one of the lead attorneys for Tropics. It was thus reasonable for Sakuma to have

9

Ex. 3.1157 3.128

presumed that Youngren in that role would be attending the Hearing sinceTropics

had filed the motion for the June 25, 2007 Hearing.  Youngren, as co-lead attorney

for Tropics, did not previously inform Sakuma, this court nor the other co-

Defendants and their attorneys that she would not be attending the June 25, 2007

Hearing and also could have delivered the subpoenaed documents to Sumida, co-

lead counsel for Tropics to bring to the Hearing.

Valencia's next objection for Youngren was that the five-day objection

period was unreasonable under Rule 45 (c)(3)(A)(i). However, his contention is not

supported by Rule 45 nor the facts. Comment C45-10 to Rule 45 explicitly

provides: "[t]here is no specific time period set forth in Rule 45 for when the

subpoena is returnable, *i.e.,* for the notice time the recipient must be given before

compliance is called for." The rule is that a "reasonable" time must be allowed;

what is reasonable is not defined. It depends on the circumstances. A five-day

period has been held to be reasonable. CR45-10.  Youngen was still in Honolulu,

Hawaii on or about June 20, 2007, just five-days before the June 25, 2007 Hearing

because she had been personally served the subpoena that day. It was reasonable

for Sakuma to assume that Youngren had immediate access of her or her law

firm's file copies of the subpoenaed documents or that she would or should have

had access to her files for this action to locate Exhibit D to CR 58 and Excerpt 324

since the case was still active and not closed due to her client Tropics' June 25,

Ex 3.1167 3.128

2007 Hearing. Youngren also could have easily given the subpoenaed documents to Sumida to bring to the Hearing if she was going to be out-of-the state that day. Thus, Valencia's objection based on unreasonable time for compliance in accordance with Rule 45(c)(3)(A)(i) is frivolous and reckless.

Valencia's second objection that, among other things, the subpoena requests documents generated nearly four years ago and nearly four-year-old correspondence between third parities in an inactive litigation matter is grossly misleading, and should be sanctionable. He knew or should have known his contention was frivolous or grossly reckless in that Youngren's client Tropics had just filed its May 18, 2007 Motion. Moreover, even if it Exhibit D to CR 58 and Excerpt 324 to Appeal No. 03-15522 are four-year old documents, they were specifically identified. Exhibit D to CR 58, is an exhibit to Youngren's client Tropic's Mem. In Opp. To Sakuma's Post-Judgment Motions For Reconsideration so it is reasonable for Sakuma to expect it would be in Youngren or her firm's or co-counsel Lombardi's files, or Tropic's file in the possession of Sumida or his law firm. A copy of Tropics' Opp. Mem. with Exhibit D to CR 58 was also served on Youngren, as attorney for co-Defendant D.R. Horton, Schuler Homes, see attached Exhibit A-5. A chronological search by dates of the files in this action should have made Youngren's compliance not burdensome.

Ex 3.117 - 3.128

Apparently, the version of Exhibit D to CR as Excerpt 324 in Appeal No. 03-15522 is or may be sealed pursuant to the Docket Sheet CR 75, see attached Exhibit A-6. Therefore, Sakuma believes she may not inspect them without incurring further expenses and costs to unseal the versions in the Ninth Circuit's file and the fifty other copies of said Excerpt 324 filed with Sakuma's rehearing/en banc petition to Appeal No. 03-15522. Upon inspection after the June 25, 2007 OSC-Contempt Hearing after Sakuma was feeling better on or about June 28, 2007, Sakuma did inspect the District Court's copy of Exhibit D to CR 58, which showed the disputed date of July 23, 2002 ("07/23/02"), not the August 23, 2002 ("08/23/02") date. Sakuma believed to the best of her recollection and belief that the August 23, 2002 date was the original date she had typed in her August 29, 2002 letter, Exhibit D to CR 58, as the date she called the Magistrate's deputy Richland to the Magistrate Judge Barry M. Kurren to request a hearing. See also, Sakuma's Appellant's Informal Opening Brief at 4.8-4.9, CR 139 (Exhibit A-8) copies of which are attached hereto as Exhibits "N-1 to N-3." Accordingly, there is no other source that can be easily obtained without incurring further costs to Sakuma to inspect Exhibit D to CR 58 and Excerpt 324 to compare the disputed dates other than the copies of said Exhibit D and Excerpt 324 in the possession of defendants' attorneys, including Sumida and Youngren.

Ex 3.1187  3.128

Valencia for Youngren also failed to support his allegation that Youngren's, Lombardi's or their firms' control and possession of Exhibit D and Excerpt 324 are in the public record. Again, Valencia did not attach any declaration, affidavit, pleading or exhibit to corroborate that the date of July 23, 2002, not August 23, 2002 as Sakuma has claimed was the original appearing in said Exhibit D to CR 58 and Excerpt 324, on file with Youngren, co-counsel Lombardi, or their law firm. Additionally, by virtue of Youngren's role as co-lead attorney of Tropics, Youngren has or should have access to her other client Tropic's copy of Exhibit D to CR 58 and Excerpt 324, which copies presumably are in Kevin P.H. Sumida's, Au's or his law firm Sumida & Tsuchiyama's possession and control. Thus, even if Sakuma failed to serve Sumida before the June 25, 2007 Hearing, Sakuma could have had Tropics' versions of subpoenaed documents through Youngren.

A subpoena is the only way to compel a nonparty to produce documents or other materials, *Fisher v. Marubeni Cotton Corp.* 526 F.2d 1338 (8th Cir. 1975); in the aid of a pending action.  Rule 45(a)(2)(A)&(C); *Sullivan v. Dickson*, 283 F.2d 7525, 727 (9th Cir. 1960), cert denied 81 S.Ct. 1906, 366 U.S. 951, 6 L.Ed.2d 1243. Pursuant Valencia's admission in his June 21, 2007 letter objection Youngren is a nonparty (Exhibit "D-1"). Youngren status as co-lead attorney for Tropics and co-attorney for D.R. Horton-Schuler Home also evidence that

Ex 3.119 4 3.128

13

Youngren is a nonparty in this action. The Subpoena is the only way to compel a nonparty like Youngren to produce the documents in the subpoena.

The subpoenaed documents may provide Sakuma a defense of the civil contempt finding against her in that they may prove there was fraud on the court under Rule 60(b), 28 USCA and thereby on Sakuma in that unknown sources to Sakuma may have unlawfully entered her Los Angeles residence and switched her original Exhibit D to CR 58 and her August 29, 2002 Letter to change the date in the material evidence of Exhibit D to Tropic's CR 58 from originally August 23, 2002 ("08/23/02") to July 23, 2002 ("07/23/02"). The August 23, 2002 date is a timely reservation of Sakuma's due process rights to appear before the district court to hear the summary adjudication of indirect civil contempt recommendation to be imposed if Sakuma refused to sign the documents when ready for execution, under §636(b) & (e), and which August 23, 2002 date is corroborated by Sakuma's contentions in all her pleadings CR49 & 50, 57&57, 64 &65, 78 &79. Therefore, Sakuma's claim that she preserved her due process rights by asking for such a hearing after the Motion To Enforce Hearing of July 29, 2002, on August 23, 2002, and not before said Hearing like the July 23, 2002 date as stated in the District Court's and Sakuma's versions of Exhibit D to CR 58 and Sakuma's version of Excerpt 324, is not clouded or made irrelevant. Through the subpoenaed documents, Sakuma may more easily prove tampering with material evidence in

Ex 3.120 7 3.128

14

this action that prejudiced her in raising defenses to the completed settlement agreement. A valid claim of fraud on the court would or should have negated a finding of a completed settlement agreement in this action under *Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir. 1984, and 2) and thereby would or should have negated the sanctions by this Court and affirmed by the Ninth Circuit in Appeals Nos. 05-16940 and 06-16121 for Sakuma's assertions under Rule 60(b)(1) & (3) for lack of a Final Judgment/Order and thus subject-matter jurisdiction over the settlement agreement.

*Toumajian v. Failey*, 135 F.3d 648, 657-658 (9th Cir. 1998) had held there are: "no sanctions for raising valid challenge to jurisdiction. The striking of a pleading is a permissible contempt sanction for failure under Rule 45 to comply with a subpoena duces tecum. *Daval Steel Prods., a Div. of Francosteel Corp v. M/V Fakredine,* 951 F.2d 1357 (2nd Cir. 1991); *Clarke v. FTC,* 128 F.2d 542 (9th Cir.  ); *Blackmer v. U.S.,* 52 S.Ct. 252, 284 U.S. 421,76 L.Ed. 375 (1932). Under these cases, the Court should strike the Motion For OSC Hearing , reverse its contempt finding, and order Tropics to repay Sakuma her $1,450.00 payment.

For the reasons set forth above, Sakuma prays that the District Court grant this Motion.

Dated: July 27, 2007 at Los Angeles, California.

_____

Patsy N. Sakuma, Plaintiff Pro Se

15

Patsy N. Sakuma
10960 Ashton Avenue #307
Los Angeles, CA 90024
(310) 478-6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>             Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER, HOMES, LLC, a Delaware Limited Liability Co.,<br><br>             Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>Ninth Circ. Closed Appeals:<br>Nos. 03-15522, 03-15480<br>Nos. 05-16940 & 06-16121<br><br>DECLARATION OF<br>PATSY N. SAKUMA<br>AND EXHIBITS "A-1 to N-3" |

## DECLARATION OF PATSY N. SAKUMA

STATE OF CALIFORNIA        )
                           )  SS.

CV-01-00556 DAE:BMK
072507_declarationpns

Ex 3.122 ➔ 3.128

CITY OF LOS ANGELES          )

      PATSY N. SAKUMA, declares under penalty of perjury and says that:

      1. She is the Plaintiff pro se in the above-entitled action, and the Defendant, pro se, in the related state-court action entitled ASSOCIATION OF APARTMENT OWNERS by its Board of Directors ("AOAO") v. PATSY NAOMI SAKUMA, an individual, which action was first filed in the First Circuit Court of the State of Hawaii, Ewa Division, Civil No. 1RC01-5514, and which she as Defendant Sakuma removed to this District Court and was renumbered as CV02-00147HG:LEK ("Removed Action") without remand by the Plaintiff AOAO, and is part of the global settlement with this action.

      2. Attached hereto as Exhibits "A-1 to A-10" are true and correct copies of pages of the U.S. District Court, District of Hawaii's Civil Docket and on page two, Exhibit "A-2," Nancy J. Youngren of Case Lombardi & Pettit is listed as one of the three lead attorneys who represents the Association of Apartment Owners of The Tropics at Waikele, an unincorporated association ("Tropics") and an attorney to be noticed.

      3. Attached hereto as Exhibits "B-1 to B-6" is a true and correct copy of the subpoena duces tecum that your declarant caused to be personally

EX 3. 123  73.128

served on Nancy [J.] P. Youngren, Esq. on June 20, 2007 at 4:05 P.M. at 737 Bishop St. #2600, Honolulu, HI 96813 and the completed and filed Proof of Service received from your declarant by Civil Process Server Dexter Carrasco.

4. Attached hereto as Exhibits "C-1 to C-6" are true and correct copies of the subpoena duces tecum that your declarant personally served on Kevin P.H. Sumida, Esq., on June 26, 2007 at his office at 735 Bishop Street, Suite 411, Honolulu, HI 96813 and completed and filed Proof of Service signed by your declarant.

5. Attached hereto as Exhibits "D-1 to D-3" is a copy of Declaration of Kevin P.H. Sumida Regarding Order Finding Plaintiff Patsy N. Sakuma In Contempt Of Court Dated 6/25/07; Certificate of Service that to the best recollection and information of your declarant was received on July 2, 2007.

6. Attached hereto as Exhibit "E" is page 2 of Plaintiff/Appellant's Ninth Circuit Docket Sheet for Appeal No. 06-16121 signed by your declarant on May 22, 2006 and stating under the line for "FAX:" "incoming/broken."

7. Attached hereto as Exhibits "F-1 to F-19," is a true and correct copy of the Transcript of Proceeding Before The Honorable David Alan Ezra United States District Judge On June 25, 2007 at 10:38 AM on Defs.' Tropics

Ex 3.124 + 3.128

and Hawaiiana's Motion For Order To Show Cause by Cynthia Fazio, Court Reporter.

8.   Attached hereto as Exhibits "G-5 & G-6" are true and correct copies of Patsy N. Sakuma, Esq.'s demand letter dated August 25, 2004 to Hawaiiana Property Management Co. c/o Milton M. Motooka, Esq. for reimbursement of attorney fees/costs for the breach of settlement agreement, pursuant to the Joint Tortfeasor/Obligor Release and Indemnity Agreement effectively dated September 25,2002 for the civil actions: CV-01-00556 DAE:MBK/CV02-0014HE:LEK in this Hawaii District, which are part of the attached copies of the June 15, 2007 facsimile cover letter and exhibits your declarant sent to Leslie Sai/Theresa for the Hon. Judge David A. Ezra, attached hereto as Exhibits "G-1 to G-9."

9.   Attached hereto as Exhibits "H-1 & H-2" is copy of a letter dated June 21, 2007 from Mark G. Valencia, Esq. of Case Lombardi & Pettit sent by First-Class U.S. Mail to your declarant, but not received by fax on that same or any other day since your declarant's facsimile machine is broken as to receiving faxes.

10.  Attached hereto as Exhibits "I-1 to I-14," is a copy received by your declarant of the Joint Tortfeasor/Joint Obligor Release And Indemnity

Ex 3.125 of 3.128

Agreement by and between Patsy N. Sakuma and the Association of Apartment Owners Of The Tropics At Waikele, an unincorporated association, Hawaiiana Mangement Company, Ltd., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, dba SCHULAR HOMES (fka Schuler Homes, Inc.) wherein Plaintiff's signature was signed by the Clerk of The Court on September 25, 202 when she refused to sign it.

11. Attached hereto as Exhibit "J" is a copy of the June 2006 Issue of "Tropics' News & View," received by your declarant.

12. Attached hereto as Exhibit "K-1 to K-2" are copies your declarant received from her handicapped, wheel-chaired bound 80-year old mother of her mother's doctor appointment from Terry A. Vernoy, M.D. Orthopaedic Surgery on May 7, 2007, and Prescription for Meloxican, also dated on that same day.

13. On or about May 7, 2007, your declarant received a telephone call from her sister in Hawaii that their mother had fallen and broken her leg when the powder room door she was exiting simultaneously collided with the adjacent entrance door from the garage that her son and your declarant's brother was entering from.

14.  Attached hereto as Exhibit "L-1 & L-2, " respectively, is a true and correct copy of the Notice of Electronic Filing of the Notice of Hearing on Motion [146] Motion for Order to Show Cause Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court Motion Hearing set for 6/25/2007 11:15 AM before Judge David Alan Ezra (tl) entered, filed, and electronically mailed on May 21, 2007 to Sidney K. Ayabe, Esq., Kevin P.H. Sumida, Calvin E. Young, Lance S. Au, and Nancy J. Youngren; Notice will not be electronically mailed to Dennis M. Lombardi and Patsy N. Sakuma, and which to the best recollection and belief your declarant received under her door on or about June 14, 2007, but which envelope attached as Exhibit "L-2" shows a postmark date of May 23, 2007 and which to the best recollection and belief of your declarant was found under her door on or about June 14, 2007.

15.  Attached hereto as Exhibits "M-1 to M-7" are true and correct copies of Plaintiff's faxed June 26, 2007 Emergency Motion & Notice To Extend Time to Perform under civil Contempt Order Dated June 25, 2007 and Declaration of Patsy N. Sakuma For Medical Reasons and Doctors' Note attached as an exhibit thereto that your declarant faxed to the District Court and Kevin P.H. Sumida, Esq. and Exhibit M-8 is a copy of Sakuma's prescription information.

Ex 3. 127 + 3. 128

16. Attached hereto as Exhibits "N-1 to N-3" are true and correct copies of Pages 1, 4.8 &4.9 of Plaintiff/Appellant's Informal Opening Brief.

I declare under penalty of law that the foregoing is true and correct.

Executed in Los Angeles, California on _July 25_____, 2007.

_____
Patsy N. Sakuma
Plaintiff Pro Se

EX. 3. 128 - 3. 128