Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA        2544-0
LANCE S. AU              6244-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
info@sthawaii.com
ksumida@sthawaii.com
lau@sthawaii.com

Attorneys for Defendants
ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE and HAWAIIANA
MANAGEMENT COMPANY, LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; AND DOES 1-300, inclusive,<br><br>Defendants. | CIVIL NO. 01-00556 DAE BMK<br><br>DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND FINAL ORDER AND "MOTION FOR SANCTIONS AGAINST DEFENDANTS, THEIR ATTORNEYS, AND ATTORNEYS' THEIR LAW FIRMS UNDER RULE 11, 28 U.S.C.A."; CERTIFICATE OF SERVICE<br><br>(Non hearing motion filed 9/5/07) |

## DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND FINAL ORDER AND "MOTION FOR SANCTIONS AGAINST DEFENDANTS, THEIR ATTORNEYS, AND ATTORNEYS' THEIR LAW FIRMS UNDER RULE 11, 28 U.S.C.A."

Enough is enough. Plaintiff has filed her umpteenth motion seeking, yet again, to challenge orders long ago entered herein, reconsidered, appealed to the Ninth Circuit, affirmed, and reconsidered again. Repeated motions for reconsideration and appeals have proved not only fruitless, but a complete waste of time for the courts and the parties.

Plaintiff has also made reference to some kind of "motion for sanctions" against various attorneys and their law firms, but there is no supporting motion, memorandum, or other supporting papers, making the motion impossible to consider or be otherwise be responded to. This alone is grounds to conclude that the latest filing is frivolous.

After carefully and generously considering the repeated and meritless motions of the plaintiff for repeated reconsideration of matters long ago resolved, and affirmed on appeal, this court should not be imposed upon again by yet more of the same. Accordingly, defendants request that plaintiff be designated as a vexatious litigant.

A.  The District Court May Designate Plaintiff A Vexatious Litigant, Pursuant To Federal Law.

The U.S. District Court has recognized the problem with a vexatious litigant. See De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990). A vexatious litigant is a petitioner who has a lengthy legal history of abusive practices. Id. The result of a vexatious litigant, who is left to his own devices, is an abuse the legal system:

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. Second, long delays in adjudication create public dissatisfaction and frustration with the courts. Such delays also result in the unfortunate continuation of wrongs and injustices while the cases that would correct them sit on court calendars. Third, abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims. In re Tyler, 839 F.2d 1290, 1292-3 (8th Cir. 1988).

In order to protect against such abuses of the legal system, the District Court may invoke authority pursuant to 28 U.S.C. § 1651(a) and pursuant to its own inherent power, to declare that a plaintiff is a vexatious litigant. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990). The District Court may also use its discretion to impose a wide variety of carefully tailored restrictions on such an abusive litigant. Id. For example, the District Court may require a plaintiff to

provide a security deposit.  See Wolfe v. George, 385 F.Supp.2d 1004, 1014 (D. Cal. 2000).  The District Court may also chose to enforce Orders from other courts, or even dismiss the lawsuit, in an effort to prevent forum shopping.  See In re Fillbach, 223 F.3d 1089, 1091 (9th Cir. 2000).  Indeed, the District Court has latitude to employ a wide range of carefully tailored restrictions, in the instant case, where Plaintiff is deemed to be a vexatious litigant.

    B.    <u>The District Court May Designate Plaintiff A Vexatious Litigant, Under the Guidance of Hawaii Law.</u>

Chapter 634J of the Hawaii Revised Statutes provides guidance to the District Court as to how, under Hawaii law, Plaintiff may be to be a vexatious litigant.  See Standard Management, Inc. v. Kekona; 98 Hawai'i 95, 106, 43 P.3d 232, 243 (App. 2001).  Section 634J-1 of the Hawaii Revised Statutes defines vexatious litigants as follows:

> §634J-1 Definitions.
> "Vexatious litigant" means a plaintiff who does any of the following:
>
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
>
>> (A) Finally determined adversely to the plaintiff; or
>> (B) Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;

> (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>> (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>> (B) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
>
> (3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay; or
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

As discussed below, Plaintiff qualifies under many of categories listed above, each of which is independently sufficient to find that Plaintiff is a vexatious litigant.

Plaintiff has a history of vexatious litigation. She has demonstrated a history of duplicative motions challenging, again and again, the orders and judgments entered by this Court and affirmed by the Ninth Circuit. She has proven herself to be vexatious litigant by refilling, over and over, the same motions for reconsideration on matters that have already been resolved.

Plaintiff qualifies as a vexatious litigant, pursuant to HRS § 634J(1)(3), because she has been shown to have repeatedly filed, in bad faith, unmeritorious motions, pleadings or papers. Plaintiff has displayed nothing but a history of acting in bad faith and frivolous filings.

This Court, in its discretion, may require Plaintiff to provide a security deposit for fees and costs expected to be incurred by the opposing parties as a condition to the filing of any further pleadings. See Wolfe v. George, 385 F.Supp.2d 1004 (D. Cal. 2000).

In Wolfe v. George, 385 F.Supp.2d 1004 (D. Cal. 2000), the District Court of California held that security deposit was reasonable for a Plaintiff declared to be a vexatious litigant, under California law. The Wolfe District Court stated that, pursuant to the California statute, a defendant may move the court to require the plaintiff to provide security, if the defendant can make a showing that the plaintiff is a vexatious litigant and that there is not a reasonable probability that the plaintiff will prevail in the litigation against the moving party. Upon making the requisite findings, the court may then order the plaintiff to provide security that compensates for the reasonable costs and attorney fees of defending the suit. If the plaintiff fails to post the security, the action may be dismissed. Id.

Hawaii law, found in HRS §§ 634J-2 and -4, give this District Court the authority to require Plaintiff to provide a security deposit, as follows:

> §634J-2 Motion for order requiring plaintiff to post security. In any litigation pending in any court of this State, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant.
>
> §634J-4 Finding; amount of security. If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in an amount and within a time as the court shall fix.

Plaintiff is a clearly vexatious litigant, which satisfies the first requirement. Second, there is no reasonable probability that Plaintiff will prevail on her umpteenth motion for reconsideration, having repeatedly failed to prevail on these motions before the Magistrate, before the District Court, and on appeal to the Ninth Circuit.

The District Court may also impose a requirement that plaintiff post a security deposit, pursuant to its own inherent power to control its docket. See De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990).

CONCLUSION:

There is, admittedly, some hesitation in requesting the instant relief. If plaintiff is declared a vexatious litigant, as she so richly deserves, there are sure to be more motions for reconsideration, additional motions for relief from the order, more appeals, and more motions following disposition of the appeal. However, it is inherently unfair and improper for plaintiff to further impose upon the precious resources of this court and the parties in her manic quest for vindication which she will never receive.

DATED: HONOLULU, HAWAII, September 24, 2007.

_____
KEVIN P.H. SUMIDA
LANCE S. AU
Attorneys for Defendants
ASSOCIATION OF
APARTMENT OWNERS OF
THE TROPICS AT WAIKELE
and HAWAIIANA
MANAGEMENT COMPANY,
LTD.