PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

RECEIVED
CLERK U.S. DISTRICT COURT
OCT 09 2007
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 0 9 2007
at 2 o'clock and 00 min P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co.,<br><br>Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals-No. 07-16396<br> Closed: Nos. 03-15522 & 03-15480<br> Nos. 05-16940 & 06-16121)<br><br>REPLY MEMORANDUM TO DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND FINAL ORDER AND MOTION FOR SANCTIONS AGAINST DEFENDANTS,THEIR ATTORNEYS AND THEIR ATTORNEYS' LAW FIRMS UNDER RULE 11,28 U.S.C.A; DECLARATION OF PATSY N. SAKUMA; CERTIFICATE OF SERVICE<br><br>(Non-Hearing Motion, LR.7.2(e)) |

I.   <u>Defendants Have Admitted Their Breach By Failing To Deny It.</u>

28 U.S.C. Rule 8(d) provides, in pertinent part,

> "<u>Effect of Failure to Deny</u>. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading...."

Likewise, "[i]f a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal." See, *Doi v. Halekulani, Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002).

Here, under Rule 8(d) and *Doi*, co-Defendants Tropics Parties have admitted to breaching the settlement agreement in that they have failed to deny Sakuma's allegations that they each breached their duties under the Joint Tortfeasor Indemnification and Release Agreement ("Release") in their Opposition Mem. Under *Doi*, they have waived any defenses to breaching the Release on appeal by failing to object to this allegation. Furthermore, a pre-filing order for vexatious litigation is not a defense to the breach of settlement agreement, but a request for a prospective, injunctive sanction. *De Long v. Hennessey*, 912 F.2d 1144, 1146-1147 (9th Cir. 1990). It is unclear from Tropics Parties' defective request in their Opp. Mem. at 2 that they are requesting this designation to apply to Sakuma's Rule 60(b)(6) Motion that was filed before Tropics Parties' request. Their request is also technically defective because it should have been made as separate motion and required its own notice of motion under LR.7.1 because this

request requires notice and a hearing. *De Long, supra* at 1147. Therefore, under Rule 8(d) and *De Long*, the effect of Tropics Parties' failure to deny Sakuma's allegations of breach of the Release is that they each have admitted to be in breach of their duties under the Release. Their only defense that Sakuma be designated as a vexatious litigant, is not a defense to their breach, but a prospective, injunctive sanction that should not apply to Sakuma's previously filed Rule 60(b)(6) Motion. Tropics' Parties' request for a vexatious litigant designation against Sakuma also fails because they failed to file a Notice of Motion as required under LR.7.1.

Co-Defendants Love Motooka and Yamamoto ("LYM"), Milton M. Motooka, Esq.("Motooka"), and D.R. Horton Schuler Homes, LLC ("Schuler") have failed to file any Memoranda In Opposition To Plaintiff's Motion For Relief, which was required to be filed and served on September 20, 2007 to Sakuma that date being within eleven days for non-hearing motions under LR.7.4 and three-days for mailing under 28 U.S.C. Rule 6(e). LYM, Motooka, and Schuler thus have waived any defenses to Sakuma's allegation of breach of settlement agreement by failing to file their own Opposition Memorandum. Even if LYM, Motooka and Schuler were to have joined Tropics' Parties' Opposition Mem., they too would have waived any defenses under Rule 8(d) and *Doi* for the same reason as Tropics' Parties as stated above and their request for such a hearing should only apply to any future pleading filed by Sakuma and not this Rule 60(b)(6) Motion.

3

Even if their defective request is excused or applies to Sakuma's Rule 60(b)(6) Motion, their request for such a hearing as a defense still fails or should fail due to all co-Defendants' unclean hands as set forth below.

II. Defendants' Unclean Hands Preclude Their Raising Vexatious Litigant Allegations Against Sakuma.

The maxim "He who comes into equity must come with clean hands," applies here to all co-Defendants. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 241- 242, 54 S.Ct. 146, 78 L.Ed. 293 (1933); *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986); Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 841 (9th Cir. 2002) citing Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945)("The unclean hands doctrine 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.' "). A vexatious litigant's pre-filing order under "The All Writs Act," 28 U.S.C. §1651(a) falls under the court's inherent power to regulate abusive or bad-faith litigation. *Molski et al v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 at IV:21-22 (per curiam) (9th Cir. 2007); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), citing *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2nd Cir. 1982) (§1651(a) empowers court to give injunctive relief against vexatious litigant), cert. denied 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983). A federal court's injunctive power arises from its jurisdiction in equity so long as they have subject-

matter juridiction. *United States v. Holtzman*, 762 F.3d 720, 724 (1985) citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313, 102 S.Ct. 1798, 1802-03, 72 L.Ed.2d 91 (1952). Therefore, a pre-filing order for a vexatious litigant is a sanction under the court's equity powers. *See, id.; Keystone Driller Co., supra.*

All co-Defendants have unclean hands here because they have admitted their breach of the settlement agreement and Release in failing to raise any defense to Sakuma's allegations of their breach as Sakuma asserted in her Rule 60(b)(6) Motion For Relief at 11-13 or failed to file any Opposition Memorandum or failure to join Tropics' Parties' Opposition Memorandum, as stated above. Additionally, Sakuma asserted in her Rule 60(b)(6) Motion at 11 that all co-Defendants have unclean hands because they have alleged throughout this action in their pleadings and at all Hearings since the February 12, 2004 Final Judgment in Appeal No. 03-15522 CR 74 that there was an enforceable completed settlement agreement, and yet they have been in breach of the settlement agreement and Release from that time to the present. They have neither explained for disclosed their breach in their pleadings CR 83-85, and 156, nor at these Hearings CR 116 and 152. Their attorneys have all submitted declarations regarding attorney fees pursuant to order imposing sanctions against Sakuma for multiplying the proceeding in bad faith and filing frivolous pleadings 121-123, 141. In mitigation, however, Sakuma recognizes that co-Defendants LYM, Motooka and Schuler, however, did not join

Tropics' Parties in the Motion For OSC-Contempt Hearing Against Sakuma. Nevertheless, all of their silence of their unclean hands and filings against Sakuma have harmed Sakuma's reputation as an attorney, caused her unnecessary legal work and expenses, and resulted in sanctions CR 119 and a contempt finding against Sakuma CR 151 based on co-Defendants Tropics Parties' apparently defective Motion For OSC CR 146, which Sakuma is presently appealing.

As set forth also above, all co-Defendants have waived their right to raise on appeal their defenses to Sakuma's allegations of their breach of settlement agreement, including the Release. Even assuming that Defendants are indeed requiring the District Court then to order Sakuma to appear before a hearing to determine if such prefiling order is warranted prior to the District Court's ruling on Sakuma's Rule 60(b)(6) Motion and even assuming the deposit under the Hawaii Statute Chapter 634J of the Hawaii Revised Statutes would apply, Defendants' request should be denied based on their unclean hands.

III.  Asserting Only Multiple Filings In One Action Alone And Failure To Identify What Motions, Pleadings And Papers Have Been Filed In Bad-Faith Do Not Meet Any Test For Vexatious Litigant.

Even assuming, Defendants' hands are clean so that the District Court may entertain their request in equity, Defendants generalize contentions without specificity to what motions, pleadings and papers of Sakuma's qualify as vexatious

in their Opposition Mem. at 6 fail to meet the four-prong test under *De Long*[1] or even the Second Circuit's five-prong test under *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), both cited in Molski, supra at 4-5: A pre-filing order cannot issue merely upon a showing of the number of filings and without identifying each motion, pleading and paper that warrants finding a litigant vexatious, *De Long, supra* at 1148. The reason is it would otherwise violate Sakuma's Due Process rights. *Molski*, supra at IV, citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S.Ct. 1148, 71 L.Ed. 2d 265 (noting that the Supreme Court "traditionally has held that the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect

---

[1] *De Long's* four factors are: 1) notice and opportunity to be heard before the order is entered, *De Long* at 1147, 2) the district court must compile "an adequate record for review," *Id.* at 1148, 3) the district court must make substantive findings about the frivolous or harassing nature of plaintiff's litigation, and 4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* The fact that Tropics Parties is the moving party here not the District Court should have put their attorneys' on notice they needed to satisfy the *De Long* four factors. *See, Molski, supra* at §§I & IV and finding the Second Circuit's *Safir's* test is not irreconcilable to the Ninth Circuit's test and one district court in that circuit has correctly observed that the *Safir* factors "have never been adopted by the Ninth Circuit.

*Safir's* five-factors are: 1) litigant's history of litigation and in particular whether it entailed, vexatious, harassing or duplicative lawsuits; 2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; 3) whether the litigant is represented by counsel; 4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and 5) whether other sanctions would be adequate to protect the courts and other parties.

their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1336.3, at 698 (3 ed. 2004). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of pertinent circumstances.

Even assuming the District Court may consider Tropics Parties' Motion for OSC against Sakuma as a vexatious litigant without specificity, it has to or should consider the:1) complexity of issues that Sakuma raised are caught in multiple intra-circuit splits in the Ninth Circuit and inter-circuit splits among the other Circuit Courts of Appeal like what constituted "excusable neglect," (now resolved en banc decision of *Pincay v. Andrews*, 351 F.3d 947 (9th Circ 2003)(en banc), what constitutes "dictum," subject-matter jurisdiction over the settlement agreement, appeal or waiver of late objections to the Magistrate's Findings, or if the merger doctrine of injunctions applied or did not under Orig. LR.60.1 (c) that was not incorporated into reference into Orig. LR 74.1 or 74.2 or whether the power of the court to add a missing signature to the settlement documents, including the Release and Stipulations for Dismissal under 28 U.S. C. Rule 41(a)(1)(ii) , etc., fell under unlawful summary adjudication of indirect civil contempt or could be self-executing under *Doi*, all of which are more particularly contended in Sakuma's Rule 60(b)(6) Motion at 7-11 so as to explain Sakuma's failure to cite the Seventh Circuit's *Wilson v. Wilson*,46 F.3d 660, 664 (7th Cir.

1995) (citing *Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988) in her rehearing and en banc petition even if these cases were cited *MetroNet Services v. U.S. West*, 329 F.3d 986 (9th Cir. 2003) (which Sakuma did cite ) in Appeals Nos. 05-16940 and 06-16121, 2) the page limitation of all of Sakuma's pleadings, 3) the courts' mandate that subject-matter jurisdiction must be considered before the merits, 4) the Hawaii District Court's own action in amending LR.60.1(c), 74.1, & 74.2 under apparently the immediacy exception in 28 U.S.C. §2071(e) apparently without public notice and no actual by Sakuma until after her Opening Brief in Appeal No. 03-15522 was filed and the District Court's retroactive application of those amended local rules that inflated the days late to preclude a finding of excusable neglect that Sakuma has asserted. All of the above, Sakuma asserted may require the U.S. Supreme Court to decide. Sakuma should not be found vexatious for lacking funds to take Appeals Nos. 05-16940 and 06-16121 to the U.S. Supreme Court when she believes she may still challenge the settlement on the merits now due to Defendants' breach.

  Tropics Parties and their attorneys should look into the mirror before they cast aspersions against Sakuma's reputation as an attorney and litigant. Yes, enough is enough: they, not Sakuma, have repeatedly failed to do the necessary legal research, incompetently misconstrue their own cited cases like here again by making a incomplete showing of proof under *De Long*, misconstrued unambiguous

deadlines that have been posted on the Internet like their belatedly filed Joint Answering Brief in Appeal No. 03-15522, Exhibit 12 to CR 78, failed to serve opposing counsel Kevin P.H. Sumida's Findings and Recommended Order in his public performance for the Magistrate to Sakuma at her correct Waikele zip code, Ex. 3 to CR 94 at 14 in addition to their bad acts of breaching the Release set forth in Sakuma's Rule 60(b)(6) Motion at 11-13 and Errata Sheet in addition to their unclean hands and not defending against that charge.

IV. <u>Defendants' Own Admission That Federal Law Applies Defeat Their Attempt To Have Require Sakuma Post A Deposit As Required Under Applicable Hawaii Law Governing A Vexatious Litigant And Is A Prextext</u>.

The District Court clearly has ancillary jurisdiction to enforce its own orders and decrees. Thus, to the extent the settlement is embodied in the judgment, the court can enforce it by execution and contempt proceedings in appropriate cases. *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); *see, Kokkonen v. Guardian Life Ins. Co.*, 511 375, 380-81, 114 S.Ct. 1673, 128 L.Ed. 391 (1994). Where breach of the settlement agreement itself gives rise to a "federal question," the district court has an independent basis for subject-matter jurisdiction. Board of Trustees of Hotel & Restaurant Employees Local 25 v. Madison Hotel, Inc. 97 F.3d 1479, 1484-86 (D.C. Cir. 1996). Federal common law applies to determine the enforceability of oral settlement of Title VII employment discrimination claim, *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209, fn.2 (5th Cir. 1981).

For all the above cases, since the settlement here involves breaches of a settlement action alleging federal handicap law under the FHAA and Title 2 of the ADA, federal law, not the state law of Hawaii governs or should govern whether Sakuma is subject to a vexatious litigant's pre-filing order under "The All Writs Act," 28 U.S.C. §1651(a). Tropics' Parties and their attorneys have admitted federal law applies to the settlement by not arguing Hawaii law applied in their belatedly filed Joint Answering Brief in Appeal No. 03-15522, Exhibit 12 to CR 78, CR 78, as Sakuma alleged in her Opening Brief at 16, Exhibit 4, CR78.

Furthermore, where like here the breach of the settlement agreement and Release pursuant to the District Court's Order Adopting The Magistrate's Recommended Order that attached the Release and Removed Action Stipulation at issue is requested to be enforced with some changes by Sakuma or reopened, and that she be given damages and an order for specific performance against other Defendants, the court's ancillary jurisdiction to enforce its own orders federal invokes federal law, not state law. Lastly, the breach of the settlement agreement in this action and the Removed Action as to Tropics Parties itself give rise to a "federal question" whether Tropics Parties' breaches are breaches of the reasonable parking accommodation they promised under the Release. Defendants and their attorneys are comparing apples with oranges here citing *Wolfe v. George*, 385 F.Supp.2d 1004 (9th Cir. 2005) to support their argument that Hawaii law Chapter

11

634 J of the Haw. Revised Statutes applies. First, as contended above, Tropics' Parties make a generalized argument citing only one factor in any of the vexatious litigation tests above.

Additionally, their reliance on *Wolfe* is misplaced. *Wolfe* is distinguishable. Wolfe filed a complaint in pro per under the Equal Rights Amendment 42 U.S.C. §1983, challenging the constitutionality of a state statute in federal court: California's Vexatious Litigant Statute—alleging violations based on various constitutional grounds. On remand, the Ninth Circuit upheld the California Vexatious Statute, entered an order denying Plaintiff's motion for Judgment on the pleadings and granted Defendants' Cross-Motion for Judgment on the Pleadings, entered judgment in favor of Defendants on all of *Wolfe*'s causes of action, and vacated all maters calendared in this action and directed the Clerk shall close the file and terminate any pending matters. *Wolfe*, therefore, does not stand for the proposition that the district court may apply carte blanc state law without showing a nexus to the filings subject to such a vexatious plaintiff. Sakuma's actions in this action and the Removed Action cite only federal causes of actions, and not Hawaii law as to handicap discrimination. Tropics' Parties argument, therefore, is merely a pretext to make litigation financially over burdensome to Sakuma in order for them to escape facing the music—their liability for their breaches under the Release. Such an egregious use of the law, the District Court and judicial system should be

sanctionable. As a sanction, Sakuma requests Tropics' Parties' Milton M. Motooka, Esq. to be ordered to appear in District Court for a Show Cause Hearing Why They Should Not Be Found Vexatious Litigants. The reasons are their own multiple filings in state court of Hawaii to collect Sakuma's withheld monthly fees due to Tropics' Parties' breaches under the Release and securing a Judgment on a state action that Sakuma had not been served and recording of a Notice of Default subjecting Sakuma to foreclosure, see Exhibits "9.1 to 9.5" to Sakuma's Rule 60(b)(6) Motion, when they and their attorneys, including co-Defendant Motooka, Esq. knew the Ninth Circuit in Appeal No. 03-15480 already found the appeal of the Removed [and related state collection]Action, similar to the one filed in said exhibits [1RC05-1-6232 ] to this Rule 60(b)(6) Motion, was duplicative and unnecessary, see Mem. Opinion, Exhibit 10 to CR 78. Moreover, Tropics Parties failed to remand the Removed Action back to state court is indicative that their causes of action could have been brought in federal court and consolidated in this action as a cross-complaint rather than making Sakuma spend an extra $150.00 to file the Removed Action that she seeks in her motion, a copy of her Removed Action is attached hereto as Exhibits "1.1 to 1.29." Their filing of the new state action service of which Sakuma never received and when they knew or should have known her withholding was due to their breaches under the

Release, makes their Judgment in said action voidable. *See, Western Systems, Inc. v.Ulloa*, 958 F.2d 864,872-874.

V.   Tropics' Parties To Request The District Court Also Enforce Orders From Other Courts Is Nonsensical.

Tropics' Parties reliance *In re Fillbach*, 223 F.3d 1089, 1091 (9th Cir. 2000) to support their contention requesting that the District Court also enforce Orders from other courts is nonsensical because they do not identify what order they are talking about. Assuming the phantom Order is the Hawaii Judgment 1RC05-1-6232, they have unclean hands. In *Fillbach,* the Ninth Circuit affirmed the district court's authority to dismiss a petition filed by a vexatious litigant to avoid a bankruptcy court order. The bankruptcy court is an Article I court under the federal judiciary so there is comity if a district court exercises over its order. Tropics' Parties and their attorneys' simplistic analogy to extend *Fillbach* to apply to a state court order is not only overreaching, but without authority since they also fail to cite any case holding that the district may enforce this state judgment. Their contention here can only be a pretext to avoid liability from their breaches of settlement agreement, which breaches are why Sakuma withheld the money sought in said Judgment. Even if the District Court may enforce the state Judgment that Sakuma had not been properly served, the District Court should enforce it by sanctioning Tropics' Parties'                                                              and also order them to appear at an OSC Hearing To Defend Against A Vexatious Litigant

14

Designation, as stated above. The fact that Tropics' Parties failed to remand the Removed Action back to state court evidences Sakuma's consideration of the judicial system to consolidate similar cases in one action and one court. This plus the fact that Sakuma made filings only in federal court for these causes of action refute the charges that Sakuma has engaged in forum shopping if *Fillbach* applies.

Lastly, the District Court did not sanction Tropics' Parties nor their signatory attorney Kevin P.H. Sumida for filing a similar one-page heading only pleading for Sanctions under Rule 11 in AOAO's Motion To Enforce Settlement, see CR 37 that Tropics Parties now argue is sanctionable against Sakuma here.

For the reasons set forth above, Sakuma requests that the District Court deny Defendants' request for a vexatious litigation designation against her, grant her Rule 60(b)(6) in total, including damages and specific performance under the Release by the breaching co-Defendants, attorney fees and costs, and file a Notice of Motion to Order Tropics' Parties to appear for an OSC Hearing Why They Should Not Be Found Vexatious Litigants.

Dated: Oct. 4, 2007 in Los Angeles, California.

Patsy N. Sakuma
Plaintiff Pro Se