Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA        2544-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i  96813
Telephone No. 808-356-2600
info@sthawaii.com
ksumida@sthawaii.com
lau@sthawaii.com

Attorneys for Defendants
ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE and HAWAIIANA
MANAGEMENT COMPANY, LTD.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; AND DOES 1-300, inclusive,<br><br>    Defendants. | CIVIL NO.  01-00556 DAE BMK<br><br>DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, AND HAWAIIANA MANAGEMENT COMPANY, LTD. SHOULD NOT BE DESIGNATED VEXATIOUS LITIGANTS, FILED OCTOBER 9, 2007, AND REQUEST FOR SANCTIONS, DECLARATION OF KEVIN P.H. SUMIDA; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Judge: Hon. David A. Ezra<br>(Non hearing motion filed 10/9/07) |

**DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, AND HAWAIIANA MANAGEMENT COMPANY, LTD. SHOULD NOT BE DESIGNATED VEXATIOUS LITIGANTS, FILED OCTOBER 9, 2007, AND REQUEST FOR SANCTIONS**

Having been found by this Court to be a vexatious litigant, plaintiff now comes back with an infantile effort to achieve a "tit for tat" with no regard to the merits of such effort. Her instant *Motion for Order to Show Cause* why defendants AOAO Tropics of Waikele and Hawaiiana Management should not be designated "vexatious litigants" has nothing whatsoever attached to it, and plaintiff claims that her "Reply Memorandum," filed 10/09/2007 (document no. 174), in support of her already denied Motion for Relief From Judgment (see order denying motion filed herein on 9/24/2007-- document no. 171) provides the necessary support for the instant motion as well. Unfortunately, the "Reply Memorandum" is devoid of anything which even remotely provides a basis to consider her request.

Section I of her "Reply Memorandum" attempts to re-argue the enforceability of the settlement agreement, a matter which has been long ago disposed of by this court, appealed to the Ninth Circuit, and affirmed. This section also attempts to re-argue her multiple prior motions for relief from judgment, all previously denied, and appealed, and which denials were affirmed on appeal.

Sections II, III and V of her "Reply Memorandum" argue against finding her a vexatious litigant, but this Court has already found her to be a vexatious litigant, based upon ample justification noted in its order.

Second IV of her "Reply Memorandum" is yet another attempt to challenge the enforceability of the settlement agreement, an issue resolved three appeals ago.

The last part of Section III of her "Reply Memorandum" does contain what might pass for a discussion of the basis for the instant motion, but falls far short of the mark. She complains of: alleged mis-citations in legal memoranda filed in connection with motions long ago concluded, alleged "late" appellate filings in appeals already disposed of, alleged failure to properly serve a proposed order which was the subject of long ago resolved several motions and two or three appeals ago (all resolved against her), and some alleged breach of a settlement agreement long ago ordered to be enforced as respects Sakuma. These arguments were either raised and rejected long ago, or are grossly untimely. In any event, such arguments, on their face, have nothing to do with providing a factual basis for a finding of vexatious litigation, and fail so obviously and completely that no further discussion is warranted.

Finally the last part of Section IV of her "Reply Memorandum" contains an argument that some sort of "multiple filings in state court" and a "failure to remand

a removed action" justify a finding of vexatious litigant in this court. These are nonsensical arguments.

As this Court has found, a finding of vexatious litigant is justified where a party has a history of abusing the litigation process. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Plaintiff has made no showing, and there is nothing in the record, which can support such a conclusion as respects defendants.

Indeed, as one reviews the litigation record in the instant case, it is perfectly clear that the only party who has abused the litigation process, and abused it so thoroughly, is plaintiff Patsy Sakuma. The below chart is a summary of all motions filed by Sakuma since the date this Court adopted the Magistrate's Findings of Fact, Conclusion of Law, and Recommended Order on 9/13/2002 (see Doc. No. 47), a disposition which, in a normal case involving normal parties, would have concluded this case at the time. Consider the following:

| Date | Court Doc. No. | Motions filed by Sakuma | Motions filed by Tropics at Waikele. |
|---|---|---|---|
| 9/17/2002 | 48 | Sakuma's FIRST Motion for Reconsideration (**Denied** as untimely. See Document No. 52) | |
| 10/7/2002 | 55 | Sakuma's SECOND Motion for Reconsideration (**Denied** as untimely See Document No. 68) | |

| Date | Doc. No. | Description | Related |
|---|---|---|---|
| 3/17/2003 | | FIRST Appeal by Sakuma (**Judgment affirmed** by the 9th Circuit. See Doc. No. 74). | |
| 1/26/2005 | 76 | Sakuma's FIRST motion for relief from final order and final judgment (**Denied** by District Court. See Doc. No. 93). | |
| 2/4/2005 | 83 | | Defendant's AOAO Tropics at Waikele's motion for award of attorneys' fees and costs (**Granted** by District Court, see Doc. Nos. 119 and 130). |
| 8/26/2005 | 100 | Sakuma's motion for extension of time to file notice of appeal (**Granted** see Doc. No. 102). | |
| 9/26/2005 | 103 | SECOND Appeal by Sakuma (**Judgment affirmed** by 9th Circuit. See Doc. No. 145). | |
| 5/31/2006 | 131 | THIRD Appeal by Sakuma (**Judgment affirmed** by 9th Circuit. See Doc. No. 145). | |
| 12/27/2006 | 142 | Sakuma's motion to correct excerpts and add missing excerpts (Disposition: unknown) | |
| 5/18/2007 | 146 | | Defendant AOAO Tropics at Waikele's motion for Order to Show Cause (**Granted**-Sakuma found in contempt. See Doc. No. 151). |
| 6/26/2007 | 153 | Sakuma's emergency motion to extend time to perform under Civil Contempt Order. (**Denied**, see Doc. No. 155). | |
| 7/24/2007 | 159 | FOURTH appeal by Sakuma (of contempt order--pending, likely to be denied) | |

| | | | |
|---|---|---|---|
| 9/5/2007 | 169 | Sakuma's SECOND motion for relief from judgment and final order (**Denied**- see Doc. No. 172) | |
| 9/24/2007 | 171 | | Defendant AOAO Tropics at Waikele's request for declaration that Sakuma be declared a vexatious litigant (**Granted**-- See Doc. No. 172). |

As is plain to see from the above, Sakuma has filed seven "post judgment" motions in the **five year** period between 9/17/2002 and 9/24/2007, all for a matter which was supposed to be finally concluded on 9/13/2002. Except for two procedural motions, all motions were **denied.** Such motions suffered for being untimely, repetitive, and completely lacking in merit. Of the two other (procedural) motions, one sought an extension to file an appeal, which was granted, and the other, pertaining to correcting excerpts of records pertaining to an appeal already disposed of, was apparently not ruled upon.

The record, as summarized in the above chart, also shows that Sakuma has also filed four appeals in the same five year period. The most recent one, filed on July 24, 2007, is still pending, but the other appeals were all resolved against her. The last two said appeals were so lacking in merit that the Ninth Circuit had no problem affirming the District Court despite the fact that no Answering Brief was filed by the defendants.

In contrast, defendants have filed only two motions in the same five year time frame, both of which were **granted**. One motion, for sanctions and request

for an award of attorneys' fees and costs, was made in response to a frivolous motion filed by Sakuma. The defendants' motion for sanctions was **granted**, and Sakuma was ordered to pay each of the defendants their fees and costs. The second motion was filed a year later because Sakuma refused to pay the fees and costs ordered to be paid to the defendants. This Court agreed that Sakuma had not complied with the sanction order despite having over a year do so, **granted** the motion for order to show cause, and found her to be in contempt of court. It ordered her to pay, by a time and date certain, the fees and costs previously awarded to defendant Tropics of Waikele and Hawaiiana Management.[1]

## CONCLUSION

The record is thus clear that defendants AOAO Tropics at Waikele and Hawaiiana Management have not acted vexatiously. To the contrary, they have acted appropriately in response to the multiple and yes, vexatious filings of the plaintiff. Plaintiff's present motion is so lacking in merit as to rise, as before, to the level of frivolousness, and justifies, as before, an award of attorneys and costs to defendants for having to respond to this frivolous motion.

---

[1] Sakuma remains in willful disregard of this Court's sanction order of 5/17/2006 (Doc. No. 130), because, while she did pay the fees and costs awarded to the Tropics at Waikele and Hawaiiana Management (and only after being found in contempt for not doing so), she has still not paid the fees and costs awarded to the other defendants. See attached declaration of counsel.

Accordingly, defendants request that they be awarded their fees incurred in responding to the instant motion. The attached declaration of counsel is submitted to show defendants' fees incurred.

DATED: HONOLULU, HAWAII, October 18, 2007.

/s/ Kevin P.H. Sumida

KEVIN P.H. SUMIDA
Attorneys for Defendants
ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.