AYABE, CHONG, NISHIMOTO,
 SIA & NAKAMURA
A Limited Liability Law Partnership

SIDNEY K. AYABE        968-0
CALVIN E. YOUNG        3278-0
GARY S. MIYAMOTO       3233-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
Email Address: calvin.young@hawadvocate.com
Attorneys for Defendants
LOVE, YAMAMOTO & MOTOOKA, P.C.
and MILTON M. MOTOOKA

UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE, YAMAMOTO & MATOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; and DOES 1-300, inclusive,<br><br>　　　　　Defendants. | CIVIL NO.: CV 01-00556 DAE BMK<br><br>DEFENDANT LOVE, YAMAMOTO & MOTOOKA, P.C., AND MILTON M. MOTOOKA'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD. SHOULD NOT BE DESIGNATED AS VEXATIOUS LITIGANTS; CERTIFICATE OF SERVICE<br><br>Non-hearing motion filed 10/9/07<br>Judge: Hon. David A. Ezra |

[2001-482/#346753]

DEFENDANT LOVE, YAMAMOTO & MOTOOKA, P.C., AND MILTON M. MOTOOKA'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE AND HAWAIIANA MANAGEMENT COMPANY, LTD. SHOULD NOT BE DESIGNATED AS VEXATIOUS LITIGANTS

Comes Now, Defendants Love, Yamamoto & Motooka, P.C., and Milton M. Motooka (hereinafter collectively referred to as "Motooka"), by and through their attorneys, Ayabe Chong Nishimoto Sia & Nakamura, and for their Memorandum in Opposition to Plaintiff's Motion for Order to Show Cause Why Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd. Should Not Be Designated As Vexatious Litigants.

Motooka submits this memorandum out of an abundance of caution. The Notice of Motion filed October 9, 2007 and its title does not expressly refer to Motooka. However, the last paragraph cites to Plaintiff's Reply Memorandum to Defendants AOAO and Hawaiiana's Opposition to Plaintiff's Motion for Relief From Judgment and Final Order and Motion for Sanctions Against Defendants, Their Attorneys and Their Attorneys' Law Firms Under Rule 11, 28 U.S.C.A. [filed October 9, 2007] (hereinafter "Plaintiff's Reply Memorandum") which includes references to Motooka. On pages 13 and 14 of Plaintiff's Reply Memorandum, Plaintiff requested the Court rule that the AOAO Tropics at Waikele and Hawaiiana Management are vexatious litigants. Plaintiff may have

originally included Motooka in her request but she whitened-out names on the first and second lines on page 13 and the second to the last line of page 14 of her Reply Memorandum.

Plaintiff's Motion should be denied because Plaintiff has not shown that Motooka is a vexatious litigant. Her Reply Memorandum **does not** refer to any "numerous or abusive activities" by Motooka during the litigation that would support a vexatious litigant finding. **De Long v. Hennessey**, 912 F. 2d 1144, 1147 (9th Cir. 1990). She "fail[ed] to set forth in any form the filing of cases and motions that support the conclusion that [Motooka's] filings are so numerous or abusive that they should be enjoined." **Id.**, at 1148.

The total absence of evidence against Motooka is in stark contrast to the Plaintiff's extensive history of filing frivolous motions and appeals in this lawsuit as set forth on pages 13 and 14 of the Court's September 27, 2007 Order and pages 4 through 6 of the opposition memorandum filed October 18, 2007 by Defendant Association of Apartment Owners of the Tropics at Waikele (hereinafter "AOAO"). Plaintiff's history of filings illustrates precisely what a finding of vexatious litigant was intended to prevent; i.e., the filing of meritless lawsuits and pleadings by a single party that require: (a) Motooka, the AOAO and Hawaiiana Management to incur attorneys' fees to oppose; and (b) the Court to expend its time and resources to decide. Motooka has not engaged in similar

conduct that resulted in unnecessary attorney's fees or wasted the Court's time and resources.

The arguments in Plaintiff's Reply Memorandum do not show that Motooka was a vexatious litigant. They are irrelevant to the frivolous litigant standards established in **De Long v. Hennessey, supra**. They concern the denial of Plaintiff's Motion for Relief From Judgment and a blatant reiteration of same frivolous arguments that the Court and the Ninth Circuit Court of Appeals have already rejected.

Plaintiff's arguments based on FRCP Rule 8(d) are frivolous because it was unnecessary for Motooka to file an opposition memorandum to Plaintiff's Motion for Relief From Judgment. Res judicata barred Plaintiff from seeking relief from the Order filed September 16, 2002 because the Ninth Circuit Court affirmed that Order on appeal. **Sakuma v. Association of Apartment Owners of Tropics at Waikele**, 81 Fed. Appx. 931, 2003 U.S. App. Lexis 23910 (2003).

Motooka was not required to file an opposition to Plaintiff's Motion as it related to the contempt of court Order filed June 25, 2007. That Order did not involve Motooka's interest since the Order did not grant relief to Motooka or otherwise affect his position in the litigation. The Order was filed in reference to Plaintiff's failure to pay attorney's fees awarded to the AOAO Tropics at Waikele.

4

**Conclusion**

Plaintiff's Motion should be denied in light of her failure to show that Motooka is a vexatious litigant. Instead of showing that Motooka is a vexatious litigant, Plaintiff's Motion only provides additional support for the Court's finding that Plaintiff is a vexatious litigant whose pleadings should be pre-screened. A pre-screening of this Motion would have prevented this Motion from being filed whereas the Motion is void of any coherent argument and lacks any legal and factual support. It consists of rambling statements that only seek to reargue the merits of the Court's prior rulings in this lawsuit.

DATED: Honolulu, Hawaii, October 19, 2007.

/s/Gary S. Miyamoto
SIDNEY K. AYABE
CALVIN E. YOUNG
GARY S. MIYAMOTO
Attorneys for Defendants
LOVE, YAMAMOTO & MOTOOKA
and MILTON M. MOTOOKA

UNITED STATES DISTRICT COURT

STATE OF HAWAII

| | | |
|---|---|---|
| PATSY N. SAKUMA, an individual, | ) | CIVIL NO.: CV 01-00556 DAE BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE, YAMAMOTO & MATOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; and DOES 1-300, inclusive, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

[2001-482/#346753]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following persons by means of U.S. Mail, postage prepaid and/or electronically as indicated, on the persons below named at their last known address on October 19, 2007.

|  | MAIL | VIA E-MAIL |
|---|---|---|
| PATSY N. SAKUMA, ESQ.<br>10960 Ashton Avenue #307<br>Los Angeles, CA 90024<br>    *Plaintiff Pro Se* | [ x ] |  |
| KEVIN P.H. SUMIDA, ESQ.<br>Matsui, Chung, Sumida & Tsuchiyama<br>737 Bishop Street, Suite 1400<br>Honolulu, HI 96813<br>    *Attorneys for Defendant AOAO Tropics at Waikele*<br>    *and Hawaiiana Management Company, Ltd.* |  | [ x ] |
| DENNIS M. LOMBARDI, ESQ.<br>ROGER S. MOSELEY, ESQ.<br>NANCY J. YOUNGREN, ESQ.<br>Case Bigelow & Lombardi<br>Pacific Guardian Ctr. – Mauka Tower<br>737 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813<br>    *Attorneys for Defendant*<br>    *SCHULER HOMES* |  | [ x ] |

DATED: Honolulu, Hawaii, October 19, 2007.

/s/Gary S. Miyamoto
SIDNEY K. AYABE
CALVIN E. YOUNG
GARY S. MIYAMOTO
Attorneys for Defendants
LOVE, YAMAMOTO & MOTOOKA
and MILTON M. MOTOOKA

2