IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PATSY N. SAKUMA, | ) | CV. NO. 01-00556 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATION OF APARTMENT | ) | |
| OWNERS OF THE TROPICS AT | ) | |
| WAIKELE, an unincorporated | ) | |
| association, HAWAIIANA | ) | |
| MANAGEMENT COMPANY, | ) | |
| LTD., a corporation, LOVE | ) | |
| YAMAMOTO & MOTOOKA, a | ) | |
| professional corporation, MILTON | ) | |
| M. MOTOOKA, an individual, AND | ) | |
| DOES 1-300, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
FROM JUDGMENT FILED ON SEPTEMBER 13, 2002 AND
ORDER FINDING PLAINTIFF IN CONTEMPT FILED ON JUNE 25, 2007;
AND ORDER OF PRE-FILING SCREENING AND ORDER TO COMPLY
WITH JUNE 25, 2007 CONTEMPT ORDER

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Plaintiff's Motion for Relief from

Judgment filed on September 13, 2002, and the Court's Order Finding Plaintiff in

Contempt filed on June 25, 2007, and the supporting and opposing memoranda,

including Plaintiff's Errata Sheet, the Court DENIES Plaintiff's Motion for Relief;

ORDERS that Plaintiff is permanently enjoined from filing motions in the instant

matter except to oppose the instant order of pre-filing screening within 10 days of

the filing of this order, with good faith arguments; and ORDERS that Plaintiff

must immediately comply with the Court's Contempt Order.

## BACKGROUND

On September 13, 2002, the Court filed an Order Adopting the

Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommended

Order Granting in Part and Denying in Part Defendants' Motion to Enforce

Settlement and For Costs and Denying Plaintiff's Motion for Sanctions.  On

October 3, 2002, the Court entered judgment in Plaintiff's case ("2002 Judgment"),

dismissing her case with prejudice.  The 2002 Judgment enforced a settlement in

the underlying litigation that Plaintiff brought against Defendants.  Upon appeal to

the Ninth Circuit, the Ninth Circuit affirmed the Court's decision on November 20,

2003, which decision to affirm was filed in the Court on February 12, 2004.

On January 26, 2005, Plaintiff made a motion for relief from final

order and final judgment and award of attorneys' fees, costs, and sanctions, which

motion the Court denied.  Plaintiff then appealed that decision to the Ninth Circuit,

which affirmed the court's decision to deny relief on February 20, 2007, on the

ground that the motion was untimely under Federal Rules of Civil Procedure

("Fed. R. Civ. P.") 60(b)(1) and (b)(3) and, thus, the district court lacked

jurisdiction to consider the merits. To the extent that Plaintiff's motion was based

on Fed. R. Civ. P. 60(b)(4), the Court properly rejected Plaintiff's contention that

the judgment was void and that it violated her due process. The Ninth Circuit

further found that the Court did not abuse its discretion in imposing sanctions for a

frivolous motion for relief from a judgment that the Ninth Circuit already had

affirmed. All remaining arguments lacked merit.

On May 17, 2006, the Court approved Defendants' declarations of

attorneys' fees and costs according to its order imposing sanctions pursuant to 28

U.S.C. § 1927 ("Order Approving Costs"). The Court approved the fees and costs

after providing Plaintiff with an opportunity to respond in writing to Defendants'

itemized accounting of legal fees that Defendants incurred as a result of responding

to Plaintiff's motion for relief from the final order and final judgment. Plaintiff

failed to respond. After reviewing the declarations of attorneys' fees and costs, the

Court approved Defendants' attorneys' fees and costs in the amount of $1,275.00,

as well as the attorneys' fees and costs for other defendants. The Court ordered

that Plaintiff pay said amount on or before June 5, 2006.

Despite the Order Approving Costs and two letters to Plaintiff, dated December 15, 2006 and February 22, 2007, Plaintiff failed to pay Defendants the $1,275.00 owed.  Consequently, Defendants filed a Motion for Order to Show Cause on May 18, 2007, requesting the Court to order Plaintiff to show cause as to why Plaintiff should not be found in contempt for failing to comply with the Court's Order Approving Costs.  In the Motion for Order to Show Cause, Defendants sought the $1,275.00 owed plus the appellate taxation of costs of $130.00 for a total of $1,405.00.  Defendants also sought a sanction of additional attorneys' fees and costs for the filing of that motion.  Defendants duly served Plaintiff with a copy of the motion.

Plaintiff did not file an opposition to that motion, which was due on June 7, 2007.  Over one week later, on June 15, 2007, she sent a letter to the Court via facsimile, in which she requested leave to file a late opposition memorandum. At no time did Plaintiff, an attorney, actually file a motion for extension or enlargement of time, according to Local Rules 6.2(b) and 7.7, to file her opposition to Defendants' Motion.  Accordingly, the Court did not grant such a request. Plaintiff never filed an opposition, nor did she contact the Court at any other time

regarding a possible extension.[1] Consequently, the Court considered Defendants'

motion and the arguments at the hearing only.

On June 25, 2007, the Court filed its Order Finding Plaintiff in

Contempt of Court ("Contempt Order") based on Plaintiff's failure to comply with

the Court's Order Approving Costs, though given over one year to do so, and

failure to supply any good faith argument to justify that failure or any evidence that

she had taken any steps to comply with the Court's order. Accordingly, the Court

ordered Plaintiff to deliver to Defendants' counsel, Kevin P.H. Sumida, cash or a

cashier's check/money order/or certified check in the amount of $1,405.00 made

payable to Defendants' law firm, Sumida & Tsuchiyama, no later than 4:00 p.m.,

Hawaii time, on June 26, 2007. The Court further ordered that, in the event that

Plaintiff failed to make payment in that amount by that time, the Court would order

Plaintiff into custody until she complied or until further order of the Court were

issued. On July 24, 2007, Plaintiff appealed that decision to the Ninth Circuit,

which appeal still is pending according to the Court's docket.

---

[1]    The Court notes, however, that Plaintiff did show up at the Court's
chambers unannounced the morning of the hearing, verbally asking the Court to
postpone the hearing because she was too sick to attend. As Plaintiff was not too
sick to appear at the Court's chambers less than an hour before the hearing was to
take place, rather than calling or writing, and she did not present the Court with a
doctor's note (or appear ill), the Court proceeded with the hearing.

5

Plaintiff now seeks relief from the 2002 Judgment and the Court's Contempt Order pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 60(b)(6), which Defendants have opposed, requesting that the Court designate Plaintiff as a vexatious litigant.

## STANDARD OF REVIEW

Fed. R. Civ. P. 60(b)(6) provides that, upon motion, the Court may relieve a party from a final judgment, order, or proceeding for the reasons specified under the rule or for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6)'s catch-all provision is only available in "exceptional circumstances." Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984). As such, "[j]udgments are not often set aside under Rule 60(b)(6)." In re International Fibercom, Inc., No. 05-16358, 2007 WL 2610892, at *5 (9th Cir. September 12, 2007). "Rather, Rule 60(b)(6) should be 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" Id. (citing United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). To prevail, a "party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a

proper fashion." Id. (citing Community Dental Servs. v. Tani, 282 F.3d 1164,

1168 (9th Cir. 2002)).

Fed. R. Civ. P. 60(b)(6) further provides that such a motion must be

made "within a reasonable time." A determination concerning what constitutes a

"reasonable time" depends on the facts and circumstances in the case, including

circumstances surrounding the delay, reasons for the delay, and the possibility of

prejudice to the opposing party. See In re International Fibercom, Inc., 2007 WL

2610892, at *9; see also United States v. Holtzman, 762 F.2d 720 (9th Cir. 1985).

DISCUSSION

Plaintiff seeks relief from the 2002 Judgment and all interlocutory

decisions and the Court's Contempt Order to reopen this case. She primarily

argues an injustice in not being able to argue breach of the settlement agreement,

which the Magistrate Judge previously enforced against Plaintiff, because it would

have been inconsistent with her argument that the Court lacked subject matter

jurisdiction over the settlement agreement. She contends that she reasonably

believed that she would have been sanctioned for making such an inconsistent

argument, as the Court sanctioned her for numerous procedural violations in her

filings. She also argues that she has suffered injury as a result, without detailing

that injury. Plaintiff makes further arguments in her errata, which, like her

7

arguments in her Motion for Relief, are not entirely clear. She appears to assert that Nancy J. Youngren's ("Youngren") failure to file and to serve objections to Plaintiff's subpoena issued on June 19, 2007 should result in an order to show cause why Youngren should not be found in contempt, though that argument does not appear to relate to her Motion for Relief. (Plaintiff's Exhibit B-5.)

Defendants, in short, respond that Plaintiff's arguments are frivolous, and, based on Plaintiff's history of judicial abuse in this case, Defendants request that the Court designate Plaintiff as a vexatious litigant.

A. Motion For Relief

Plaintiff, in essence, seeks to set aside the 2002 Judgment against her based on an injustice that she believes that she suffered in failing to present all of her arguments to this Court out of a fear of being sanctioned. That argument appears to relate to the Court's Contempt Order as well, for if judgment had not been entered against her, the Court likely would not have found her in contempt. Plaintiff's fear of being sanctioned for making, what would have amounted to, an "in the alternative" argument is not justified. To the best of the Court's knowledge, the only sanctions that Plaintiff received were for procedural defects, not substantive defects, in her filings, thus providing no reason for her to believe that she would be sanctioned for raising an alternative legal argument.

8

Additionally, Plaintiff is an attorney, she should know that parties commonly raise arguments "in the alternative" to argue, for instance, that should the Court find that it has subject matter jurisdiction, the Court should consider her argument related to breach of the settlement agreement. Plaintiff's decision to argue lack of subject matter jurisdiction, without making an "in the alternative" argument should the Court find jurisdiction was a tactical decision, which was well within her control and knowledge as an attorney.

Moreover, over five years have passed since the 2002 Judgment was entered and multiple actions have occurred since then, including multiple appeals to Ninth Circuit and contempt proceedings. Notably, the most recent Contempt Order was filed over 3 months ago. If Plaintiff was concerned with an inability to make all of her arguments, Plaintiff could have (and should have) raised that argument in her first motion for relief from the final order and judgment before the Ninth Circuit affirmed the Court's 2002 Judgment.[2] At the very least, Plaintiff should have raised any claims of injustice before filing an appeal of the Contempt Order with the Ninth Circuit. Plaintiff provides no actual reason for her delay in

---

[2]    Following the Ninth Circuit's decision to affirm the Court's judgment, on January 26, 2005, Plaintiff made a motion for relief from final order and final judgment and award of attorneys' fees, costs, and sanctions, which motion the Court denied.

9

raising the issues in the instant motion. In fact, she has not presented the Court

with any reason to suggest that something occurred that was "beyond her control,"

preventing her from proceeding in a proper fashion, nor has she prevented the

Court with any indication that manifest injustice has resulted. In re International

Fibercom, Inc., 2007 WL 2610892, at *5.

Additionally, Plaintiff's appeal to the Ninth Circuit in relation to the

Court's Contempt Order raises jurisdictional concerns. According to the Court's

docket, the Ninth Circuit appeal (appellate docket no. 07-16396) still is pending.

(Docket No. 166.) As such, even if Plaintiff had presented extraordinary

circumstances for the Court to reconsider its Contempt Order, the Court's

jurisdiction to grant relief from the Contempt Order is questionable. The proper

course would have been for Plaintiff to file a motion for reconsideration of the

Contempt Order before filing the Notice of Appeal. Furthermore, the Court

unquestionably does not have jurisdiction to set aside the Ninth Circuit's decision

on appeal, as Plaintiff appears to request.

As for Plaintiff's arguments concerning Youngren, the Court is

unclear how those arguments would affect the instant decision to grant relief to

Plaintiff for the 2002 Judgment and the subsequent Contempt Order. The Court is

equally unclear about the purpose that the subpoena was supposed to serve. On

June 19, 2007, Plaintiff issued a subpoena to Youngren. The Proof of Service that Plaintiff apparently attached to the subpoena does not specify the reason for the subpoena. (Pl's Ex. B-6.) Plaintiff may have issued the subpoena to compel Youngren to appear for the hearing on the Motion for Order to Show Cause. Still, Plaintiff cites Fed. R. Civ. P. 45(c)(2)(B) in support of her argument that Youngren should have filed and served Plaintiff with objections, thus indicating that the purpose was not to compel Youngren to appear but rather was to command her to produce, permit inspection, or permit copying of something, without specifying what. As the Court is unclear about the purpose of the subpoena, and thus the actions to take according to it, Youngren likely was equally unclear. In any case, Plaintiff's complaints with Youngren would not affect its decision to grant relief to Plaintiff for the 2002 Judgment, interlocutory appeals, and the Contempt Order, and Plaintiff has not presented the Court with any reason to justify issuance of an order to show cause against Youngren.

In sum, the Court finds that Plaintiff has failed to present any extraordinary circumstances that prevented her from making the arguments concerning the 2002 Judgment in her first motion for relief, which she filed on January 26, 2005, or some time thereafter before an appeal on the Contempt Order. Plaintiffs' arguments not only are without merit, but they are untimely. The Court

also questions its jurisdiction to entertain such arguments in relation to the

Contempt Order while an appeal is pending before the Ninth Circuit. Finally, the

Court lacks jurisdiction to set aside the Ninth Circuit's decisions. Because Plaintiff

has failed to provide the Court with any reason to set aside its judgment under Rule

60(b)(6), the Court DENIES Plaintiff's Motion for Relief.

B. <u>Vexatious Litigant</u>

That does not end the matter, however, as Defendants, in pure

disbelief at Plaintiff's conduct, request the Court to designate Plaintiff as a

vexatious litigant. In light of Plaintiff's history of abusing the litigation process,

<u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990), the Court agrees with

Defendants that "[e]nough is enough" and that such a designation is necessary

under these circumstances.

A vexatious litigant is one with a history of abuses of the judicial

process. <u>See</u> <u>Hennessey</u>, 912 F.2d at 1147. To prevent the continued abuses,

federal courts have been granted inherent authority to regulate the activities of

vexatious litigants through the imposition of carefully tailored restrictions under

appropriate circumstances, such as a pre-filing order pursuant to 28 U.S.C.

§ 1651(a). <u>See</u> <u>id.</u> Such restrictions, however, should be used sparingly and only

under extreme circumstances. <u>See</u> <u>Hennessey</u>, 912 F.2d at 1147. Thus, before

entering a pre-filing order, the Ninth Circuit has set forth the following guidelines:
(1) adequate notice to the plaintiff to oppose a restrictive pre-filing order before it
is entered; (2) presentation by the trial court of an adequate record for review; (3)
substantive findings concerning the frivolous or harassing nature of the plaintiff's
filings; and (4) a narrow tailoring of the order to remedy the abuses. See id. at
1147-48.

 The Court sets forth the history of the proceedings that have prompted
it to designate Plaintiff as a vexatious litigant:

 1. On October 3, 2002, the Court entered judgment in Plaintiff's case
("2002 Judgment"), dismissing her case with prejudice, which the Ninth Circuit
affirmed.

 2. On January 26, 2005, Plaintiff made a motion for relief from final
order and final judgment and award of attorneys' fees, costs, and sanctions, which
motion the Court denied.  After issuing an order to show cause, the Court imposed
sanctions against Plaintiff pursuant to 28 U.S.C. § 1927 for unreasonable and
vexatious conduct and pursuant to the Court's inherent power.

 3. Thereafter, the Ninth Circuit affirmed the Court's decision to deny
the motion for relief on the grounds that her motion was untimely and the
arguments lacked merit.  The Ninth Circuit further upheld the Court's imposition

13

of sanctions for a frivolous motion for relief from a judgment that the Ninth Circuit already had affirmed.

4.  On November 16, 2005, Defendants submitted their attorneys' fees and costs, which the Court approved on May 17, 2006, <u>without opposition</u> from Plaintiff.  Plaintiff filed another appeal to the Ninth Circuit of the Court's Order Approving Costs, which the <u>Ninth Circuit affirmed.</u>

5.  <u>Despite the Order Approving Costs, two letters to Plaintiff dated December 15, 2006 and February 22, 2007, and the Ninth Circuit's decision to affirm the Order Approving Costs,</u> Plaintiff failed to pay Defendants the $1,275.00 owed.

6.  On May 18, 2007, Defendants filed their Motion for Order to Show Cause, again <u>without opposition,</u> leading the Court to filed its June 25, 2007 Contempt Order, finding Plaintiff in contempt of the Court's Order Approving Costs and ordering Plaintiff to pay Defendants.  Thereafter, the Court denied Plaintiff's emergency motion to extend the time to perform pursuant to the Court's Contempt Order, noting that the Court had given Plaintiff over a year to comply with its Order Approving Costs.  Plaintiff, naturally, <u>appealed that decision to the Ninth Circuit, which appeal still is pending.</u>

14

Rather than comply with the Court's Contempt Order, Plaintiff, for a second time, seeks relief from the Court's 2002 Judgment and the Court's Contempt Order based upon frivolous and untimely claims to stall payment according to the 2002 Judgment and the subsequent proceedings. Plaintiff has filed <u>four</u> appeals to date to the Ninth Circuit, one of which was an appeal of the Court's decision to deny Plaintiff's first motion for relief, which the Ninth Circuit agreed contained untimely and frivolous arguments. The Ninth Circuit has affirmed three, and the fourth is still pending. Still, even with an appeal pending, Plaintiff attacks the Court's most recent order, not to mention the appellate decisions, despite jurisdictional concerns.

As of today, the Court is unaware of Plaintiff's compliance with its Contempt Order. Thus, Plaintiff remains in contempt after having numerous opportunities to challenge the Court's decisions. Yet, instead of paying the relatively small amount owed of $1,405.00, Plaintiff chooses to disregard the Court's orders, and the Ninth Circuit's decisions, to inundate the Court with additional, frivolous requests, costing both the Court and Defendants time and money.[3] In light of the history of this case, Plaintiff's filings are harassing and

---

[3]     Notably, the most recent appeal to the Ninth Circuit cost Plaintiff $455.00, which does not include the costs for her other three appeals and those

(continued...)

15

vexatious. Consequently, the Court finds that Plaintiff is a vexatious litigant,

causing "vexation, harassment and needless expense" to Defendants and the Court.

Matter of Hartford Textile Corp., 681 F.2d 895, 897 (9th Cir. 1982).

       The only question remaining pertains to relief. Defendants claim that,

after designating Plaintiff as a vexatious litigant, the Court may impose a

requirement that Plaintiff post a security deposit, pursuant to its inherent authority

to control its docket. See Hennessey, 912 F.2d at 1147. Defendants also argue that

the Court has this power according to Hawaii Revised Statutes ("Haw. Rev. Stat.")

§§ 634J-2 and 634J-4. Those statutes, however, apply to litigation pending in state

court. See Haw. Rev. Stat.") §§ 634J-2. To argue that the Hawaii state statute

applies here, Defendants point to Wolfe v. George, in which a district court found

that California's Vexatious Litigant Statute's imposition of a security deposit did

not violate the due process and equal protection clauses of the Fourteenth

---

    [3](...continued)
associated with her continued failure to comply with the 2002 Judgment. (Docket
No. 166.) At this juncture, the Court is reminded of Plaintiff's reason provided
during the contempt hearing for failing to pay Defendants in the first place, that is,
that she has been unable to make the payment due to expenses associated with
caring for her mother and other life expenses. With that in mind, compliance with
the Court's judgment and orders, following appeal, not only would have been the
most prudential course of action, but, given Plaintiff's 'weighty' financial burdens,
the most cost-effective course. As an attorney, Plaintiff should fully understand
the costs, literally, of her strategic decisions.

Amendment, among other things. 385 F. Supp. 2d 1004, 1014-16 (N.D. Cal. 2005). Notwithstanding that determination, the district court had subject matter jurisdiction to hear those arguments because the case involved issues under the United States Constitution. Here, the Court is not asked to address issues of constitutional law, thus raising a federal question, or any other supplemental state law issues that might make applicable Hawaii's Vexatious Litigant Statute. Moreover, although posting a security deposit may be an option under the Court's inherent power to regulate abuses by vexatious litigants, Hennessey, 912 F.2d at 1147, the Court does not view a security deposit as a practical form of relief, given that the instant proceedings are based on Plaintiff's continued failure to pay Defendants. Defendants may, upon motion, seek additional sanctions against Plaintiff for expenses associated with her continued failure to comply, but, given the proceedings thus far, the Court views injunctive relief as the more appropriate form of relief at this time.

The Court's power to grant injunctive relief is well-established. See Hartford Textile Corp., 681 F.2d at 897. As the Ninth Circuit found in Hartford Textile Corp., this Court, too, is "convinced that, unless precluded from so doing, [Plaintiff] will continue to make similar groundless and vexatious claims in the future and that, therefore, an injunction should issue to prevent the continuance of

17

such harassment." Id. The Court, therefore, finds an injunction necessary to prevent the filing of similar groundless and vexatious claims in the future.

THE COURT HEREBY:

ORDERS that Plaintiff, Patsy N. Sakuma, is permanently enjoined from filing motions in the instant case, CV NO. 01-00556 DAE/BMK, except to oppose the instant order of pre-filing screening, with good faith arguments, within 10 days of its filing. Subject to that limited exception, the Court shall screen all of Plaintiff's attempted filings in the instant case to determine whether they merit further review and whether they are proper for filing.

ORDERS that Plaintiff must immediately comply with the Court's Contempt Order, if she has not already, to deliver to Defendants' counsel, Kevin P.H. Sumida, cash or a cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants' law firm, Sumida & Tsuchiyama. Upon non-compliance, Defendants may move the Court to order Plaintiff into custody until she complies or until further order of the Court, pursuant to the Contempt Order. Plaintiff may respond to such a motion, in good faith, if made.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for

Relief; ORDERS that Plaintiff is permanently enjoined from filing motions in the

instant matter except to oppose the instant order of pre-filing screening within 10

days of the filing of this order, with good faith arguments; and ORDERS that

Plaintiff must immediately comply with the Court's Contempt Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 27, 2007.



David Alan Ezra
United States District Judge


Patsy N. Sakuma vs. Association of Apartment Owners of the Tropics at Waikele,
et al., Civil No. 01-00556 DAE-BMK; ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT FILED ON SEPTEMBER 13, 2002
AND ORDER FINDING PLAINTIFF IN CONTEMPT FILED ON JUNE 25,
2007; AND ORDER OF PRE-FILING SCREENING AND ORDER TO COMPLY
WITH JUNE 25, 2007 CONTEMPT ORDER

CM/ECF-DC V3.0.4 (3/07) **LIVE**                                    https://ecf.hid.circ9.dcn/cgi-bin/Dispatch.pl?468735473275435

## Orders on Motions
1:01-cv-00556-DAE-BMK Sakuma v. AOAO Tropics Waikele, et al **CASE CLOSED on**
**09/30/2002**

### U.S. District Court

### District of Hawaii - CM/ECF V3.04 (3/07)

## Notice of Electronic Filing

The following transaction was entered on 9/27/2007 at 11:24 AM HST and filed on 9/27/2007
**Case Name:**        Sakuma v. AOAO Tropics Waikele, et al
**Case Number:**      1:01-cv-556
**Filer:**
**WARNING: CASE CLOSED on 09/30/2002**
**Document Number:** 172

**Docket Text:**
ORDER DENYING [169] PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT FILED ON
SEPTEMBER 13, 2002 AND ORDER FINDING PLAINTIFF IN CONTEMPT FILED ON JUNE 25,
2007; AND ORDER OF PRE-FILING SCREENING AND ORDER TO COMPLY WITH JUNE 25,
2007 CONTEMPT ORDER. Signed by Judge DAVID ALAN EZRA on 9/27/07. THE COURT
HEREBY:ORDERS that
Plaintiff, Patsy N. Sakuma, is permanently enjoined from filing motions in the instant case, CV NO.
01-00556 DAE/BMK, except to oppose the instant order of pre-filing screening, with good faith
arguments, within 10 days of its filing. Subject to that limited exception, the Court shall screen all of
Plaintiff' s attempted filings in the instant case to determine whether they merit further review and
whether they are proper for filing. ORDERS that Plaintiff must immediately comply with the Court's
Contempt Order, if she has not already, to deliver to Defendants' counsel, Kevin P.H. Sumida, cash or a
cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants'
law firm, Sumida & Tsuchiyama. Upon non-compliance, Defendants may move the Court to order
Plaintiff into custody until she complies or until further order of the Court, pursuant to the Contempt
Order. Plaintiff may respond to such a motion, in good faith, if made. (afc)


**1:01-cv-556 Notice has been electronically mailed to:**
Sidney K. Ayabe sidney.ayabe@hawadvocate.com
Kevin P.H. Sumida ksumida@sthawaii.com, knekomoto@sthawaii.com
Calvin E. Young calvin.young@hawadvocate.com
Lance S. Au lau@sthawaii.com
Nancy J. Youngren njy@caselombardi.com

**1:01-cv-556 Notice will not be electronically mailed to:**

Dennis M. Lombardi
Case Lombardi & Pettit

CM/ECF-DC V3.0.4 (3/07) **LIVE**                          https://ecf.hid.circ9.dcn/cgi-bin/Dispatch.pl?468735473275435

Pacific Guardian Center Mauka Tower
737 Bishop St Ste 2600
Honolulu, HI 96813

Patsy N. Sakuma
10960 Ashton Avenue #307
Los Angeles, CA 90024

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=9/27/2007] [FileNumber=357140-0]
[4a62604be626c1486fff4c233bc026ad69d0bc758ad376df3bad2041db33e082ec8a
980a3cef410bd3bfd60b03faba5f8a3040fc1e089b274b0103c72b004c8b]]

09/27/2007 11:24 AM