" Original "

PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br>         Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co.,<br>         Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals-No. 07-16396<br>Closed: Nos. 03-15522 & 03-15480<br>Nos. 05-16940 & 06-16121)<br><br>PLAINTIFF'S RECONSIDERATION MEMORANDUM TO DISTRICT COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT FILED ON SEPTEMBER 13, 2002 AND ORDER FINDING IN CONTEMPT FILED ON JUNE 25, 2007; AND ORDER OF PRE-FILING SCREENING AND ORDER TO COMPLY WITH JUNE 25, 2007 CONTEMPT ORDER; DECLARATION OF PATSY N.SAKUMA; EX."1.1" TO "5" CERTIFICATE OF SERVICE<br><br>(Non-Hearing MotionLR.7.2 (d)<br>  LR.60.1(c)) |

Plaintiff Patsy N. Sakuma ("Sakuma") timely files her Reconsideration

Memorandum ("Pl.'s 2007 Reconsideration") to the District Court's Order

Denying Pl.'s Motion For Relief From Judgment Filed On September 13, 2002

And Order Finding Pl. In Contempt Filed On June 25, 2007 ("2007 Motion For

Relief"); And Order Of Pre-Filing Screening And Order To Comply With June 25,

2007 Contempt Order ("Sept. 27 Order") (collectively, "Sept. 27 Orders")

presumably under Local Rule ("LR") 60.1(c)'s ten business days to object to these

interlocutory orders. To Sakuma's best information and belief, she has lost 7 days

from the 10 business days to file her Opposition since the U.S. Postal Service did

not deposit it in her mailbox until 7days after the September 27, 2007 postmark on

the envelope enclosing said order.

I.    MOTION FOR ORDER OF PRE-FILING SCREENING RAISED SUA
      SPONTE SINCE COURT ENTERED IT BEFORE LR.7.4'S DEADLINE.

With respect, the District Court has apparently raised the issue of vexatious

litigant sua sponte even if its Sept. 27 Orders state they were pursuant to LR.7.2(d)

that provides for its discretionary authority to decide any motion without a hearing

since the District Court did not wait under LR.7.4's 11 day deadline of October 9,

2007 for Sakuma's timely filed Reply to co-Defendants' Association of Apartment

Owners Of The Tropics' At Waikele, an unincorporated association ("AOAO")

and Hawaiian Management Company, Ltd.'s [a corporation, "Hawaiiana,"

Hawaiiana and AOAO collectively, "Tropics"] Opposition To Plaintiff's Motion

For Relief From Judgment and Final Order and Motion For Sanctions Against

Defendants, Their Attorneys' And Attorneys' Law Firms Under Rule 11, 28

U.S.C.A."; Certificate of Service (Tropics' Opposition"), see copies of Sakuma's

FedEx Express Overnight U.S. Airbill Tracking No. 8592-6262-9941 dated

October 5, 2007 and delivery on October 9, 2007 at 12:44 P.M. due to the

Columbus Day Holiday on October 8, 2007, copies of which are attached hereto as

Exhibits "1.1" to "1.2."

II.    **THE DISTRICT COURT ERRED BECAUSE PROOF OF SAKUMA'S $1,405 OVERPAYMENT WAS IN THE RECORD SINCE JUNE 27, 2007.**

With respect, Sakuma believes the District Court erred as a matter of fact

and law in denying her 2007 Motion For Relief, and then issuing its Order Of Pre-

Filing Screening And Order To Comply With June 25, 2007 Contempt Order under

*Matter of Hartford Textile Corp.,* 681 F.2d 895, 897 (9th Cir. 1982) because

Sakuma's hands are clean. The later Order To Comply With June 25, 2007

Contempt Order troubles Sakuma since she believes on information and belief that

the District Court Judge the Honorable David Alan Ezra knew or should have

known of Sakuma's compliance with his June 25 Contempt Order in her

overpayment of $1,450 for the $1,405 ordered payment via delivering her cashier's

check on June 26, 2007 at opposing counsel's Kevin P.H. Sumida's ("Sumida")

offices because:

1) Tropic's Lead attorney promptly filed his Declaration of Kevin P.H. Sumida with Exhibit the next day on June 27, 2007 informing the District Court of Sakuma's compliance with its June 25 Contempt Order and he enclosed as Exhibit a copy of Sakuma's cashier's check showing the $45 overpayment of $1,450, a copy which is attached hereto as Exhibits "2.1" to "2.4." It is entered in the Docket as CR 156. Sakuma has yet to be refunded the $45 overpayment as Sumida promised her on June 26, 2007 when she informed him of her overpayment.

2) Based on Sakuma's information and belief, the District Court presumably directed or caused the Clerk of the Court on August 2, 2007 to prepare the Docket Sheet, including the one listing Sumida's June 27 Declaration CR 156, for Sakuma's Appeal No. 07-16396, as noted on the URL address and date on the relevant Docket Sheets, copies of which are attached hereto as Exhibits "3.1" to "3.2."

3) Sakuma attached Sumida's June 26 Declaration as Exhibits "3.40"-"3.42" to her Errata Sheet To 2007 Notice of Motion and Motion For Relief filed on or about September 5, 2007, attached hereto as Exhibits "2.1" to "2.4," and Sakuma declared that she complied to the June 25 Contempt Order in her Motion To Compel Compliance With Subpoena Duces Tecum By Nancy Youngren, Esq. and Sumida at 4, marked as Exhibits "3.1&3.114" of "3.128" to her 2007 Errata Sheet To Motion For Relief and 2007 Errata Sheet Motion To Compel Compliance With Subpoena Duces Tecum By Youngren and Sumida, copies of which are attached hereto as Exhibits "3.3" to "3.6."

4) Based on her information and belief, Sakuma believes the District Court directed the Clerk of the Court to return to Counsel [Sakuma] her Motion To Compel Compliance With Subpoena Duces Tecum three times pursuant to Sue Beitia, Clerk's letters dated July 27, 2007, August 3, 2007 and August 27, 2007, copies of these letters were attached as Exhibits "12.1" to "12.3" to Sakuma's Mem. Of Points & Authorities In Support of 2007 Motion For Relief and are attached hereto as Exhibits "4.1" to "4.3."

With respect, the Honorable District Judge David Alan Ezra is subject to

Canons 3, 3(A)(1) and should be "faithful to and maintain professional competence

in the law"... & under 3A(5)'s oath of the Code of Conduct For United States

Judges in disposing of matters promptly, efficiently and fairly, [he] ...must

demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary costs or delay." With respect, it then escapes Sakuma why the Honorable Judge Ezra would then subject her to this unlawful June 27 Order To Comply With June 25 Contempt Order, which is taking up 3 precious pages in this Reconsideration when she is subject to the page-limitation under LR.10.1 and LR.7.5 (a)-(f), and would also subject her to potential unlawful arrest under color of the law if she does not timely object by this Order when the fact of her compliance to his June 25 Contempt Order was clear, proof of her $1,450 overpayment was placed in the record by opposing counsel Sumida over three months ago and then by Sakuma on September 18, 2007 when she filed her Errata Sheet To 2007 Motion For Relief. Sakuma is already subject to unnecessary page limitation caused by her computer repair shop being unable to correct the default of the larger 18-font as the smaller 14-font, even if she inserts the 14-font in her WORD software required under LR.10.2 to file this motion and her appeal.

Sakuma's inability to pay earlier also stems in part on: 1) costs to seek redress of Defendants' unclean hands in breaching the settlement as set forth below, 2) financial hardship due to four water-leak damages to her Los Angeles residence in 2004, as she has again reiterated at the June 25, 2007 Contempt Hearing, see copy of Transcript at 9:17-25 & 10:6 and acknowledged by the District Court in its Order at 16-17, and 3) based on her information and belief that

Hawaiiana had paid Tropics' attorneys their $100 costs in Appeal No. 03-15522

involuntarily for Sakuma via her AOAO monthly fees pursuant to their letter dated

December 4, 2003, from Patty Dystra, CMCA ®, AMS®, Management Executive

of Hawaiiana, informing her of the AOAO's Board's new priority of payments of

her HOA monthly fees, which were current and timely paid at that date , see a copy

of said letter attached hereto as Exhibit "5." Accordingly, the unclean hands bar

under *Matter of Hartford Textile Corp, supra*, applies or should apply to

Defendants, not Sakuma.

III.    The District Court Erred Because Defendants' Unclean Hands Preclude Or
        Should Preclude Their Motion And Court's Order Of Pre-Filing Screening.

   28 U.S.C. Rule 8(d) provides, in pertinent part,

> "Effect of Failure to Deny. Averments in a pleading to which a
> responsive pleading is required, other than those as to the amount of
> damages, are admitted when not denied in the responsive pleading...."

Likewise, "[i]f a party fails to raise an objection to an issue before judgment, he or

she waives the right to challenge the issue on appeal." See, *Doi v. Halekulani,*

*Corp.,* 276 F.3d 1131, 1140 (9th Cir. 2002). With respect, the District Court erred

as a matter of fact and law in denying Sakuma's 2007 Motion For Relief because

of all the co-Defendants' unclean hands. Under Rule 8(d) and *Doi,* co-Defendants

Tropics Parties have admitted to breaching the settlement agreement in that they

have failed to deny Sakuma's allegations that they each breached their duties under

the Joint Tortfeasor Indemnification and Release Agreement ("Release") in their

Opposition Mem. Under *Doi*, they have waived any defenses to breaching the

Release on appeal by failing to object to this allegation. Furthermore, a pre-filing

order for vexatious litigation is not a defense to the breach of settlement

agreement, but a request for a prospective, injunctive sanction. *De Long v.*

*Hennessey*, 912 F.2d 1144, 1146-1147 (9th Cir. 1990). It is unclear from Tropics'

defective request in their Opp. Mem. at 2 that they are requesting this designation

to apply to Sakuma's Rule 60(b)(6) Motion when it was filed before Tropics'

request.  Their request is also technically defective because it should have been

made as separate motion and required its own notice of motion under LR.7.1. *De*

*Long, supra* at 1147.  Therefore, under Rule 8(d) and *De Long*, the effect of

Tropics' failure to deny Sakuma's allegations of breach of the Release is that they

each have admitted to be in breach of their duties under the Release and so they

have unclean hands in a court of equity. If the District Court relied on Tropics'

Sept. 24 Motion in its Sept. 27 Order then the District Court erred since Tropics'

failed to file a Notice of Motion as required under LR.7.1 that rendered or should

have rendered their Motion void. Sakuma has timely objected to their defective

filing in her Oct. 4 Opposition Mem. at 2-3.

Co-Defendants Love Motooka and Yamamoto ("LYM"), Milton M.

Motooka, Esq.("Motooka"), and D.R. Horton Schuler Homes, LLC ("Schuler")

have failed to file any Memoranda In Opposition To Pl.'s 2007 Motion For Relief,

which was required to be filed and served on September 20, 2007on Sakuma that date being within 11 days for non-hearing motions under LR.7.4 and 3 days for mailing under 28 U.S.C. Rule 6(e). LYM, Motooka, and Schuler thus have waived any defenses to Sakuma's allegation of breach of settlement agreement by failing to file their own Opposition Memorandum. Even if LYM, Motooka and Schuler were to have joined Tropics' Opposition Mem., they too would have waived any defenses under Rule 8(d) and *Doi* for the same reason as Tropics' as stated above . Additionally, their request for such a hearing should only apply to any future pleading filed by Sakuma and not this Rule 60(b)(6) Motion.

Even if Tropics' defective request is excused or applies to Sakuma's Rule 60(b)(6) Motion, their request for such a hearing as a defense still fails or should fail due to all co-Defendants' unclean hands as set forth below.

The maxim "He who comes into equity must come with clean hands," applies here to all co-Defendants. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 241- 242, 54 S.Ct. 146, 78 L.Ed. 293 (1933); *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841 (9th Cir. 2002) citing *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 65 S.Ct. 993, 89 L.Ed. 1381 (1945)("The unclean hands doctrine 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.").

A vexatious litigant's pre-filing order under "The All Writs Act," 28 U.S.C. §1651(a) falls under the court's inherent power to regulate abusive or bad-faith litigation. *Molski et al v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 at IV:21-22 (per curiam) (9th Cir. 2007); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), citing *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2nd Cir. 1982) (§1651(a) empowers court to give injunctive relief against vexatious litigant), cert. denied 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983). A federal court's injunctive power arises from its jurisdiction in equity so long as they have subject-matter juridiction. *United States v. Holtzman*, 762 F.3d 720, 724 (1985) citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-313, 102 S.Ct. 1798, 1802-03, 72 L.Ed.2d 91 (1952). Therefore, a pre-filing order for a vexatious litigant is a sanction under the court's equity powers. *See,Keystone, supra.*

All co-Defendants have unclean hands here because they have admitted their breach of the settlement agreement and Release in failing to raise any defense to Sakuma's allegations of their breach as Sakuma asserted in her Rule 60(b)(6) Motion For Relief at 11-13 or failed to file any Opposition Memorandum or failure to join Tropics' Parties' Opposition Memorandum, as stated above. Additionally, Sakuma asserted in her Rule 60(b)(6) Motion at 11 that all co-Defendants have unclean hands because they have alleged throughout this action in their pleadings and at all Hearings since the February 12, 2004 Final Judgment in Appeal No. 03-

15522 CR 74 that there was an enforceable completed settlement agreement, and

yet they have been in breach of the settlement agreement and Release from that

time to the present. They have neither explained nor disclosed their breach in their

pleadings CR 83-85, and 156, nor at these Hearings CR 116 and 152. Their

attorneys have all submitted declarations regarding attorney fees pursuant to order

imposing sanctions against Sakuma for multiplying the proceeding in bad faith and

filing frivolous pleadings 121-123, 141. In mitigation, however, Sakuma

recognizes that co-Defendants LYM, Motooka and Schuler, however, did not join

Tropics' Parties in the Motion For OSC-Contempt Hearing Against Sakuma.

Nevertheless, all of their silence of their unclean hands and filings against Sakuma

have harmed Sakuma's reputation as an attorney, caused her unnecessary legal

work and expenses, and resulted in sanctions CR 119 and a contempt finding

against Sakuma CR 151 based on co-Defendants Tropics Parties' apparently

defective Motion For OSC CR 146, which Sakuma is presently appealing.

Now to compare other instances of Defendants' unclean hands: Yes, enough

is enough: Defendants, their attorneys and their attorney's law firms, not Sakuma,

have repeatedly failed to do the necessary legal research, incompetently

misconstrue their own cited cases like here again by making a incomplete showing

of proof under *De Long* citing on multiple filings and not any of the other three

factors to warrant the Order For Pre-Filing Screening, misconstrued unambiguous

deadlines that have been posted on the Internet like their belatedly filed Joint

Answering Brief in Appeal No. 03-15522, Exhibit 12 to CR 77&78 causing

Sakuma unnecessary work and expenses in having then to file a Motion For

Extension To File her Reply Brief and Opposition To Defs/Appellees' Motion For

Extension To File Late Brief, Exhibits 11 & 13 to CR 77&78, failed to serve

opposing counsel Kevin P.H. Sumida's Findings and Recommended Order in his

public performance for the Magistrate to Sakuma at her correct Waikele zip code,

Exhibit 3 to CR 94 at 14,  in addition to their unclean hands in breaching the

Release set forth in Sakuma's Rule 60(b)(6) Motion at 11-13 and Errata Sheet and

not defending against that charge, see Tropics' Opposition Mem To Pl.'s 2007

Motion For Relief. Therefore, Defendants are or should be precluded from raising

their request for this Order and with respect, the District Court erred in granting

such Order apparently sua sponte.

IV.    The Court's List Of Sakuma's Motions, Pleadings And Papers Filed In This
       Action Is Clearly Erroneous And Violates Sakuma's Due Process Rights.

Even assuming, Tropics' hands are clean so the District Court may entertain

their request in equity, the District Court's  even, Defendants generalize

contentions without specificity to what motions, and pleadings and papers of

Sakuma's qualify as vexatious in their Opposition Mem. at 6 fail to meet the four-

prong test under *De Long*[1] or even the Second Circuit's five-prong test under *Safir*

*v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), both cited in Molski,

supra at 4-5: A pre-filing order cannot issue merely upon a showing of the number

of filings without identifying each motion, pleading and paper that warrants

finding a litigant  vexatious, *De Long, supra* at 1148. The reason is it would

otherwise violate Sakuma's Due Process rights. *Molski,* supra at IV, citing *Logan*

*v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S.Ct. 1148, 71 L.Ed. 2d 265 (the

Supreme Court "traditionally has held that the Due Process Clauses protect civil

litigants who seek recourse in the courts, either as defendants hoping to protect

their property or as plaintiffs attempting to redress grievances"); 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure §1336.3, at 698 (3 ed.

2004). A court should enter a pre-filing order constraining a litigant's scope of

actions in future cases only after a  cautious review of pertinent circumstances.

---

[1] *De Long's* four factors are: 1) notice and opportunity to be heard before the order
is entered, *De Long* at 1147, 2) the district court must compile "an adequate record
for review," *Id.* at 1148, 3) the district court must make substantive findings about
the frivolous or harassing nature of plaintiff's litigation, and 4) the vexatious
litigant order "must be narrowly tailored to closely fit the specific vice
encountered." *Id.* The fact that Tropics Parties is the moving party here not the
District Court should have put their attorneys' on notice they needed to satisfy the
*De Long* four factors. *See, Molski, supra* at §§I & IV and finding the Second
Circuit's *Safir's* test is not irreconcilable to the Ninth Circuit's test and one district
court in that circuit has correctly observed that the *Safir* factors "have never been
adopted by the Ninth Circuit.

Even assuming the District Court may consider Tropics' Motion for Pre-filing Screening without specificity or based on its Motion sua sponte, with respect, it erred as a matter of fact and law in finding Sakuma's 2005 Motion For Relief and her 2007 Motion For Relief warranted her to be subject to its Pre-Filing Order. With respect, the reason the District Court erred was minimizing the complexity of the subject-matter jurisdictional issues Sakuma raised by the fact they are subject to intracircuit and intercircuit splits, some brewing over twenty years, as follows:

1) What constituted "excusable neglect"? Why Article I of the Bill of Rights and the Due Process Clauses are the great equalizers for the court system's built-in equities like drawing the wrong judge in a split, *see (*Dissent, Kozinski, J.) in the case resolving this split that was unresolved as of Sakuma's 03-15522 Opening and Reply Brief: *Pincay v. Andrews,* 389 F.3d 853, 864 n.4 (9th Circ 2003)(en banc), *cert denied Pincay v. Andrews,* 2005 US LEXIS 2976 (Apr. 4, 2005).

With respect, Sakuma was prejudiced by the District Court's retroactive application of Amended LR.60.1(c)'s new 10 business day objection rule and its incorporation into multiple-Amended 74.2 and 74.1's new 11 day objection rule that inflated the 1-3days late to bar a finding of excusable neglect for her CR 63, and which multiple amendments were made under apparently the immediacy exception in 28 U.S.C. §2071(e) without public notice and no actual notice by Sakuma until after her Opening Brief in Appeal No. 03-15522 and barred the "merger doctrine" of injunctions under *Hook v. Arizona, infra,* from deeming her LR.60.1(c) objection as timely.

2) What constitutes "dictum"? *Cornejo-Barreto v. Sierfert,* 379 F.3d 1075, 1082-83 (9th Cir. 2004). U*nited States v. Johnson,* 256 F.3d 895, 890 (9th Cir. 2001)(en banc)(Kozinski, J. concurring) supports Sakuma's position that enforcement of a completed settlement agreement requires its own basis of subject-matter jurisdiction, quite separate from the underlying federal question as an alternate holding under *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 395, 128 L.3e 2d 391, 114 S.Ct. 1673 (1994); *Hagestad v. Tragesser,* 49 F.3d 1430, 1433 (9th Cir. 1995). If so, it makes or should make the 2 factors that make a settlement complete jurisdictional, not substantive. *Harrop v. Western Airlines,*

*Inc.,* 550 F.2d 1143, 1145 (9th Cir. 1997)(consent by all parties); *Kokkonen, supra*
at 395-396; under *Callie v. Near,* 829 F.2d 888, 890-891 (9th Cir. 1987)(a district
court only has jurisdiction to enforce completed settlement agreements.

    3) Whether settlement documents here were: (a) self-executing as Ninth
Circuit Panel held in 05-16940 and 06-16121 citing only §636(b)(1)(B)[summary
enforcement] & implicitly *Doi, supra,* [in accord, Seventh Circuit's *Wilson v.
Wilson,*46 F.3d 660, 664 (7th Cir. 1995) (citing *Pierce v. Underwood,* 487 U.S.
552, 558 n.1 (1988), which later two cases Sakuma did not cite in her rehearing
and en banc petition for Appeals Nos. 05-16940 & 06-16121 but implicitly did in
citing *MetroNet Services v. U.S. West,* 329 F.3d 986 (9th Cir. 2003) that did cite
that 7th Cir. case.

    (b) Whether the power of the court to add Sakuma's missing signature here
was unlawful summary adjudication of indirect civil contempt under *International
Union UMW v. Bagwell,* 512 U.S. 821, 828-834, 114 S.Ct. 2252, 129 L.Ed 2d 643;
"Magistrate Judge's lack of jurisdiction over Tropics' Motion To Enforce
Settlement Hearing here under its civil contempt" authority per §636(e)(6)(B)(iii).
The Ninth Circuit has only decided the magistrate's criminal contempt authority
under *Bingman v. Ward,* 100 F.3d 653, 655-656; *United States v. Ritte,* 558 F.2d
926, 927 (9th Cir. 1977)(in accord, but predates the 2003 Amendment to Mag.'s
§636(e) contempt statute). Supreme Court reserving this issue under *Thomas v.
Arn,* 474 U.S. 140, 153-155 &n.15, 106 S.Ct. 466, 88 L.Ed 2d 435 (1985).

    4) Whether there is appellate review of "late objections" to Magistrate's
Findings under §636(b)(1)(B) with intercircuit split by *Martinez v. Ylst,* 951 F.2d
1153, 1157 (9th Cir. 1991)(allowing if waiver results in substantial inequities) or is
a bar under intercircuit and intracircuit splits discussed in *Douglas v.United States
Automobile Association,* 79 F.3d 1415, 1427 (5th Cir. 1996).

    5) Whether the merger doctrine of injunctions under *Hook v. Arizona,* 107
F.3d 1397, 1401 (9th Cir. 1997) that all interlocutory orders merge into the final
judgment and may be appealed then applied or not under Orig. LR.60.1 (c) or
conflicted with §636(b)(1)(B)'s objection deadline under applicable court rule like
Orig. LR.60.1(c) so to make objection to Sakuma's post-judgment objections to
D.Court's Adopted Order and Magistrate's Findings timely under §636(b)(1)(B)
even if Mag. and D.Court refused to consider it as timely objection of Adopted
Order that was still interlocutory when Sakuma filed her LR.60.1(c) objection.

    6) Whether subject-matter jurisdiction must be considered before the merits
and so the 2 factors for enforcing a settlement are jurisdictional, not substantive,
under *Citizens For A Better Environment,* 523 US 83, 94-95, 140 L.Ed 2d 210, 118
S.Ct. 1003 (1988); *Wilbur v. Locke, 423 F.3d 1101, 1105 (9th Cir. 1998);it* cannot
be conferred by waiver under *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct.
1781, 152 L.Ed 2d 860 (2002); *Miguel v. Country Funding Corp.,* 309 F.3d 1161,

1163-64 (9th Cir. 2002); *nor conferred by laches, In* re Center Wholesale, 759 F.2d 1440, 1448 (9th Cir. 1985) that was contingent on the dictum issue, infra at ¶2.

Again, as Sakuma raised in her 2007 Motion For Relief at 7-11 she believed she could not raise inconsistent arguments under *Marx v. Loral Corp.*, 87 F.3d 1049, 1056 (9th Cir. 1996) by raising a lack of subject-matter jurisdiction and then argue there was to argue of Defendants breaches, she had page space limitations, the font sanction in the District Court's OSC CR108 took up nine pages in her Informal Opening Brief of Appeal No. 06-16121, and she believed she would be sanctioned if she did raise the opposite.

For the reasons set forth above, Sakuma requests that the District Court reconsider, dismiss its Order For Pre-Filing Screening and Order To Comply With June 25, 2007 Contempt Order, and grant Sakuma's 2007 Motion For Relief in total, including damages, specific performance under the Release by the breaching co-Defendants, attorney fees and costs under *TNT Marketing v. Agresti,* 796 F.2d 276, 278 (9th Cir. 1986). Additionally, Sakuma requests the District Court issue a Notice of Motion on her Notice of Motion and Motion for OSC Hearing Why Tropics' Should Not Be Found Vexatious Litigants in her Reply To Tropics' Opposition Mem. To Pl's 2007 Motion For Relief.

Dated: ___Oct. 11___, 2007 in Los Angeles, California.

Patsy N. Sakuma
Plaintiff Pro Se

Patsy N. Sakuma
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. No. (310) 478-6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual, | CIVIL NO. 01-00556 DAE:BMK |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER HOMES, LLC, a Delaware Limited Liability Co., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that a copy of the attached <u>Plaintiff's Reconsideration Memorandum</u>

<u>To District Court's Order Denying Plaintiff's Motion For Relief From Judgment</u>

CV01-00556 DAE:BMK
101007certsvc_m4reconsid

Sakuma v. AOAO Tropics Waikele et al.

1

Filed On September 23, 2002 And Order Finding In Contempt Filed On June 25, 2007; And Order Of Pre-Filing Screening And Order To Comply With June 25, 2007 Contempt Order; Declaration of Patsy N. Sakuma; Ex. 1.1 to 5; Certificate of Service dated October 11, 2007.

|  | MAIL | HAND-DELIVERED |
|---|---|---|
| KEVIN P.H. SUMIDA, ESQ.<br>  ksumida@sthawaii.com | [X] | [ ] |
| LANCE S. AU, ESQ.<br>  lau@sthawaii.com | [X] | [ ] |

Sumida & Tsuchiyama, LLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
Tel. (808) 356-2600
Fax (808) _____

| NANCY J. YOUNGREN, ESQ.<br>  njy@caselombardi.com | [X] | |

Case Lombardi & Pettit
Pacific Guardian Center Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813
Tel. (808) 547-5400
Fax (808) 523-5573
Co-Lead Attorneys for Defendant,
AOAO TROPICS AT WAIKELE

| MARILYN S.H. NAITOH, ESQ.<br>  info@triallawhawaii.com | [X] | [ ] |
| KEVIN P.H. SUMIDA, ESQ.<br>  see above email address | [X] | [ ] |

Matsui Chung
fka Matsui Chung Sumida Tsuchiyama
737 Bishop Street, Suite 1400/ Mauka Tower

CV01-00556 DAE:BMK
101007certsvc_m4reconsid                                  Sakuma v. AOAO Tropics Waikele et al.

2

Honolulu, Hawaii 96813
Tel. No. 808.536.3711
Fax. No. 808.599.2979
Attorneys for Defendants,
AOAO TROPICS AT WAIKELE
and HAWAIIANA MANAGEMENT
COMPANY, LTD.

SIDNEY K. AYABE, ESQ.                [X]              [ ]
  sidney.ayabe@hawadvocate.com
CALVIN E. YOUNG, ESQ.                [X]              [ ]
  calvin.young@hawadvocate.com
Ayabe, Chong, Nishimoto, Sia & Nakamura
Suite 2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Tel. (808) 527-6119
Fax (808) 526-3491
Attorneys for Defendants/Appellees
LOVE YAMAMOTO & MOTOOKA
and Milton M. Motooka

DENNIS M. LOMBARDI, ESQ.    [X]              [ ]
NANCY J. YOUNGREN, ESQ.     [X]              [ ]
  *see above email address
Pacific Guardian Center
Case Lombardi & Pettit
fka Case Bigelow & Lombardi
Suite 2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813
Attorneys for Defendants/Appellees
D.R. HORTON-SCHULER HOMES, LLC
A DELAWARE-LIMITED LIABILITY COMPANY, DBA
SCHULER HOMES, FORMERLY KNOWN AS SCHULER
HOMES, INC.

CV01-00556 DAE:BMK
101007certsvc_m4reconsid

Sakuma v. AOAO Tropics Waikele et al.

DATED: _Oct. 11_____, 2007, Los Angeles, CA 90024

Signature: _____

Print Name: Patsy N. Sakuma

[For]:        Patsy N. Sakuma
              Plaintiff, Pro Se
              10960 Ashton Ave. #307
              Los Angeles, CA 90024
              Tel. 310.478.6755

Patsy N. Sakuma
10960 Ashton Avenue #307
Los Angeles, CA 90024
(310) 478-6755
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>        Plaintiff,<br><br>vs.<br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual, and D.R. HORTON-SCHULER, HOMES, LLC, a Delaware Limited Liability Co.,<br><br>        Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>Ninth Circ. Appeal: 07-16396<br>(Closed Nos. 03-15522, 03-15480<br>Nos. 05-16940 & 06-16121)<br><br><br>DECLARATION OF<br>PATSY N. SAKUMA<br>AND EXHIBITS "1-1" to "5" |

## DECLARATION OF PATSY N. SAKUMA

Sakuma v. AOAO Tropics et al.
CV-01-00556 DAE:BMK

092007_m2corrpnsdeclaration

STATE OF CALIFORNIA      )
                            )   SS.

CITY OF LOS ANGELES     )

       PATSY N. SAKUMA, declares under penalty of perjury and says

that:

       1. She is the Plaintiff pro se in the above-entitled action. Your

declarant is also the Defendant, pro se, in the related state-court action entitled

ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT

WAIKELE by its Board of Directors ("Tropics") v. PATSY NAOMI SAKUMA,

an individual, which action was first filed in the First Circuit Court of the State of

Hawaii, Ewa Division, Civil No. 1RC01-5514, which she as Defendant Sakuma

removed to this District Court and it was renumbered as CV02-00147HG:LEK

("Removed Action") without remand by the Plaintiff AOAO, and which is part of

the global settlement with this action.

       2. Attached hereto as Exhibits "1.1" to "1.2" are true and correct

copies your Declarant's FedEx US Airbill Tracking No. 8592-6262-09941 dated

October 5, 2007 to the Clerk of the Court, U.S. District Court- Hawaii, 300 Ala

Moana Blvd. C-338, Honolulu, HI 96850-0338 and Result for your Declarant's

Reply To Defs. AOAO Tropics At Waikele and Hawaiiana Management

Company, LTD.'s Opposition To Plaintiff's Motion For Relief From Judgment

And Final Order And "Motion For Sanctions Against Defendants, Their

Attorneys, And Their Attorneys' Law Firms Under Rule 11, 28 U.S.C.A.;

Declaration of Patsy N. Sakuma; Certificate of Service.

       3. Attached hereto as Exhibits "2.1" to "2.4" are copies of opposing

counsel and Lead Attorney for Defendants Kevin P.H. Sumida, Esq.'s

Declaration Regarding Order Finding Patsy N. Sakuma In Contempt Of Court

Dated June 25, 2007 filed by Association of Apartment Owners of the Tropics at

Waikele with Exhibit attached that is a copy of your Declarant's cashier's check

No. 9106989.121301028. 0090.000160 drawn from Bank of Hawaii –Waikele

Branch payable to co-Defendant AOAO Tropics At Waikele c/o Kevin P.H.

Sumida, Esq., in the amount of $1,450.00 signed by Brian Steward, and entered

into the Docket on June 26, 2007 as CR 156. Your Declarant's payment above

overpaid Tropics by $45.00 of the $1,405.00 contempt payment required

pursuant to the District Court's June 25, 2007 Contempt Order CR 151.

       4. Attached hereto as Exhibits "3.1" to "3.2" are copies your

Declarant received from the Clerk of the Court for the U.S. District Court of the

Hawaii District of pages one and fourteen of the current Docket Sheet, showing

as CR 151 entered on June 25, 2007 the District Court's June 25, 2007 Order

Finding Patsy N. Sakuma In Contempt Of Court and as CR 156 entered on June

27, 2007 the Declaration of Kevin P.H. Sumida Regarding Order Finding Patsy N. Sakuma In Contempt Of Court Dated 6/25/07 filed by AOAO of Tropics At Waikele.

5.  Attached hereto as Exhibits "3.3" to "3.6" are true and correct copies of the: (1) title pages of your Declarant's Errata Sheet To: [2007] Notice of Motion and Motion For Relief From Judgment and Final Order; Declaration of Patsy N. Sakuma; Exhibits "1.1 to 12.3," attached hereto as "Exhibit "3.3," (2) Errata Sheet "Stamped Return To Counsel" To: Notice of Motion and Motion To Compel Compliance With Subpoena Duces Tecum By Nancy J. Youngren, Esq. and Order To Show Cause Why Youngren and Kevin P.H. Sumida, Esq. Should Not Be Found In Contempt Of Court For Not Complying With Subpoena Duces Tecum; Declaration of Patsy N. Sakuma; Exhibits "A-1 to N-3," attached hereto as Exhibit "3.4"l, and another copy of said title page that was attached as Exhibit 3.107 of 3.128, Exhibit "3.5" hereto,  and (3) page 8 of 15 of your Declarant's 2007 Motion For Relief.

6.  Attached hereto as Exhibits "4.1" is a copy of  letter dated July 27, 2007 from Sue Beitia, Clerk by: Anna F. Chang, Deputy Clerk, that your Declarant received from the Office of the Clerk, U.S. District Court, Hawaii District.

7. Attached hereto as Exhibits "4.2" is a copy of letter dated August 3, 2007 from Sue Beitia, Clerk by: Anna F. Chang, Deputy Clerk, that your Declarant received from the Office of the Clerk, U.S. District Court, Hawaii District with a date stamp "RECEIVED" Clerk U.S. District Court Aug. 13, 2007, District of Hawaii and handwritten notation by your Declarant dated August 7, 2007.

8. Attached hereto as Exhibits "4.3" is a copy of letter dated August 24, 2007 from Sue Beitia, Clerk by: Anna F. Chang, Deputy Clerk, that your Declarant received from the Office of the Clerk, U.S. District Court, Hawaii District.

9. Attached hereto as Exhibit "5," is a copy of letter dated December 4, 2003 that your Declarant received from Patty Dystra, CMCA ®, AMS ®, Management Executive, from Hawaiiana Management Company, Ltd., 711 Kapiolani Blvd., Suite 700, Honolulu, HI 96813.

10. On June 26, 2007 at or around 5:00p.m Hawaii time after the District Court denied your Declarant's Emergency Motion To Extent Time To Comply With Contempt Order Dated June 25, 2007 due to illness, in compliance with said order to avoid a bench warrant for your Declarant's arrest and using the best of your Declarant's efforts, your Declarant complied with the June 25

Contempt Order. Your Declarant complied in spite of being very ill and on medication that warns her to not drive, her entire family living at the Waikele residence being also very ill. Copies of said prescription and doctor's note confirming you Declarant had been treated for vomiting, diarrhea, and nausea already had been filed with the court as Exhibits to your Declarant's Emergency Motion To Extent Time To Perform Under Civil Contempt Order Dated June 25, 2007 (except for warning to not drive instructions for prescription that was filed later as Exhibit "M-8 of M-8" to your Declarant's Motion To Compel Compliance With Subpoena), and also as Exhibits "3.100" to "3.103" to your Declarant's Motion For Relief filed on or about September 5, 2007. Your Declarant's averment above was also made in your Declarant's Declaration of Patsy N. Sakuma to her 2007 Motion To Compel Compliance With Subpoena at 6&7, Exhibits "M-1" to "M-7," thereto & Exhibit "3.127" to 2007 Motion For Relief.

11. To your Declarant's recollection and belief, sometime between September 2006 or on or about October 13, 2006 or thereabouts, your Declarant took her computer to her local computer repair shop to attempt to repair it and remove any mobile [wireless-phone] adapter in her computer. To your Declarant's information and belief, the computer repair shop was unable to

permanently fix your Declarant's computer to correct the default of font size 14 as font size 18.

I declare under penalty of law that the foregoing is true and correct.

Executed in Los Angeles, California on _____Oct. 11_____, 2007.

_____

Patsy N. Sakuma
Plaintiff Pro Se

Track Shipments/FedEx Kinko's Orders
## Detailed Results

? Quick Help

| Tracking number | 859262629941 | Delivered to | Mailroom |
|---|---|---|---|
| Signed for by | L.GERONIMO | Service type | Priority Pak |
| Ship date | Oct 5, 2007 | Weight | 2.0 lbs. |
| Delivery date | Oct 9, 2007 12:44 PM | | |

**Status**    Delivered

**Signature image available**    Yes

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Oct 9, 2007 | 12:44 PM | Delivered | | |
| | 11:06 AM | On FedEx vehicle for delivery | HONOLULU, HI | |
| Oct 8, 2007 | 12:35 PM | Delivery exception | HONOLULU, HI | Holiday - Business closed |
| | 12:11 PM | Delivery exception | HONOLULU, HI | Holiday - Business closed |
| | 11:26 AM | Delivery exception | HONOLULU, HI | Holiday - Business closed |
| | 9:02 AM | At local FedEx facility | HONOLULU, HI | |
| | 8:56 AM | At dest sort facility | HONOLULU, HI | |
| Oct 7, 2007 | 9:28 PM | In transit | OAKLAND, CA | |
| | 9:28 PM | Departed FedEx location | OAKLAND, CA | |
| Oct 5, 2007 | 11:22 PM | Arrived at FedEx location | OAKLAND, CA | |
| | 8:41 PM | Left origin | MARINA DEL REY, CA | |
| | 4:10 PM | Picked up | LOS ANGELES, CA | |

[ Signature proof ]    [ E-mail results ]    [ Track more shipments/orders ]

Subscribe to tracking updates (optional)

**Your Name:** [ ]    **Your E-mail Address:** [ ]

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [ ] | English | ▨ | ☐ |
| [ ] | English | ▨ | ☐ |
| [ ] | English | ▨ | ☐ |
| [ ] | English | ▨ | ☐ |

Select format: ⦿ HTML ○ Text ○ Wireless

Add personal message:

Not available for Wireless or non-English characters.

[ ] By selecting this check box and the Submit button, I agree to these Terms and Conditions    [ Submit ]

Exhibit "1.20 of "1.2"

Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA        2544-0
LANCE S. AU              6244-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
info@sthawaii.com
ksumida@sthawaii.com
lau@sthawaii.com

Attorneys for Defendants
ASSOCIATION OF APARTMENT
OWNERS OF THE TROPICS AT
WAIKELE and HAWAIIANA
MANAGEMENT COMPANY, LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an unincorporated association, HAWAIIANA MANAGEMENT COMPANY, LTD., a corporation, LOVE YAMAMOTO & MOTOOKA, a professional corporation, MILTON M. MOTOOKA, an individual; AND DOES 1-300, inclusive,<br><br>    Defendants. | CIVIL NO.  01-00556 DAE BMK<br><br>DECLARATION OF KEVIN P.H. SUMIDA REGARDING ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT DATED 6/25/07; CERTIFICATE OF SERVICE<br><br>Hearing Date:  June 25, 2007<br><br>Judge:  Hon. David A. Ezra |

Exhibit "2.1" "2.4"

EXHIBIT "D1" of D-3

EXHIBIT 3.40

**DECLARATION OF KEVIN P.H. SUMIDA**
**REGARDING ORDER FINDING PLAINTIFF**
**PATSY N. SAKUMA IN CONTEMPT OF COURT DATED 6/25/07**

STATE OF HAWAII             )
                                   ) SS.
CITY AND COUNTY OF HONOLULU   )

      KEVIN P.H. SUMIDA, being first duly sworn upon oath, deposes and says that:

      1.     He is an attorney duly licensed to practice in all the Courts of the State of Hawaii.

      2.     He is an attorney for defendants ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE and HAWAIIANA MANAGEMENT COMPANY, LTD.

      3.     On June 26, 2007 at 5:00 p.m., Patsy Sakuma appeared at your declarant's office and gave to your declarant a cashier's check in the amount of $1450.00, payable to "AOAO Tropics at Waikele c/o Kevin P.H. Sumida, Esq."

      4.     A copy of the said check is attached hereto.

      Further declarant sayeth naught.

      Dated:  Honolulu, Hawaii, on June 26, 2007.

                                        KEVIN P.H. SUMIDA

Exhibit "22" "24" EXHIBIT "B2" of B-3

EXHIBIT 3.41

recieved 6/26/07 at 5:00 pm

Exhibit "2.3" + "2.4"

EXHIBIT "B3" of B-3

342



"Enlarged + Better Copy of Ex. to
Kevin P.H. Sumida's June 27, 2007 Declaration
released 6/30/07 at 5:00 m"

CR 157

CV 01:0056 DAE:BMK

Ex. "2.4" or "2.4"
Ex. "D 37" D 3"
EV. "3.42"

APPEAL

# U.S. District Court
## District of Hawaii - CM/ECF V3.04 (3/07) (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:01-cv-00556-DAE-BMK

Sakuma v. AOAO Tropics Waikele, et al
Assigned to: Judge David Alan Ezra
Referred to: JUDGE BARRY M. KURREN
Demand: $0
Case in other court: Ninth Circuit Court of Appeals, 6-16121
         05-16940
Cause: 42:3601 Fair Housing Act

Date Filed: 08/21/2001
Date Terminated: 09/30/2002
Jury Demand: Defendant
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Federal Question

**Plaintiff**

**Patsy N. Sakuma**
*an Individual*

represented by **Patsy N. Sakuma**
10960 Ashton Avenue #307
Los Angeles, CA 90024
310-478-6755
PRO SE

V.

**Defendant**

**Association of Apartment Owners of The Tropics at Waikele**
*an Unincorporated Association*

represented by **Kevin P.H. Sumida**
Sumida & Tsuchiyama, LLLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
356-2600
Email: ksumida@sthawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance S. Au**
Sumida & Tsuchiyama, LLLC
735 Bishop Street, Suite 411
Honolulu, HI 96813
356-2600
Email: lau@sthawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marilyn S.H. Naitoh**
Matsui Chung
737 Bishop St Ste 1400
Honolulu, HI 96813
536-3711
Email: info@triallawhawaii.com
*TERMINATED: 01/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Exhibits "3.1 A "3.6"

08/02/2007 2:21 P

| 06/25/2007 | 151 | ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT re 146. Signed by Judge DAVID ALAN EZRA on 6/25/07. *Court HEREBY FINDS PLAINTIFF PATSY N.SAKUMA in civil contempt. It is ORDERED that Plaintiff will deliver toDefendants' counsel, Kevin P.H. Sumida, cash or a cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants' law firm,Sumida & Tsuchiyama, no later than 4:00 p.m., Hawaii time, on June 26, 2007. In the event that Plaintiff fails to make payment in that amount by that time, the Court shall order Plaintiff into custody until she complies or until further order of the Court is issued.* (afc) (Entered: 06/25/2007) |
| 06/25/2007 | | COURT'S CERTIFICATE of Service - a copy of 151 ORDER FINDING PLAINTIFF PATSY N. SAKUMA IN CONTEMPT OF COURT, has been served by First Class Mail to the addresses of record on June 25, 2007. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (afc) (Entered: 06/25/2007) |
| 06/25/2007 | 152 | EP:Motion Hearing held on 6/25/07-Re-146-MOTION for Order to Show Cause Why Plaintiff Patsy N. Sakuma Should Not be Found in Contempt of Court-Court hereby Grants the Motion. Motion terminated. The Plaintiff Patsy Sakuma is ordered to pay the Defendants a Total Sum of $1,405.00 by 4:00 p.m., June 26, 2007. If the Plaintiff fails to make payment, a Bench Warrant will be issued for her arrest. (Court Reporter Cynthia Fazio.) (Judge DAVID ALAN EZRA )(lls, ) (Entered: 06/25/2007) |
| 06/25/2007 | 153 | Return of Service on Subpoena Kevin P.H. Sumida, Esq. was served on 6/25/07 (afc) (Entered: 06/26/2007) |
| 06/26/2007 | 154 | Facsimile transmittal received: Emergency MOTION and Notice to Extend Time to Perform under Civil Contempt Order dated June 25, 2007 for Medical Reasons § 401, 28 USCA - filed by Patsy N. Sakuma. (Attachments: # 1 Declaration # 2 Exhibit A # 3 Facsimile Transmittal Cover Sheet)(afc) (Entered: 06/26/2007) |
| 06/26/2007 | 155 | ORDER signed by Judge DAVID ALAN EZRA denying 154 plaintiff's Emergency MOTION and Notice to Extend Time to Perform under Civil Contempt Order dated June 25, 2007, etc. ~ *"The Court has given the Plaintiff a year to comply. No further extensions will be allowed."* ~ (afc) (Entered: 06/26/2007) |
| 06/26/2007 | | COURT'S CERTIFICATE of Service - a copy of 155 the ORDER regarding plaintiff's Emergency Motion and its NEF, has been served by First Class Mail to the addresses of record on June 26, 2007. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (afc) (Entered: 06/26/2007) |
| 06/27/2007 | 156 | Additional Exhibits *Declaration of Kevin P.H. Sumida Regarding Order Finding Patsy Sakuma In Contempt of Court Dated 6/25/07* filed by Association of Apartment Owners of The Tropics at Waikele. (Sumida, Kevin) (Entered: 06/27/2007) |
| 07/05/2007 | 157 | Return of Service on Subpoena. Kevin P.H. Sumida, Esq. was served on 6/26/07 (Attachments: # 1 Accompanying notation by plaintiff)(afc) (Entered: 07/06/2007) |
| 07/06/2007 | 158 | TRANSCRIPT of Proceedings (M/OSC) held on 6/25/07 before Judge DAVID ALAN EZRA. Court Reporter: Cynthia Fazio. (18 pp.) (cf@hid.uscourts.gov) (Entered: 07/06/2007) |
| 07/24/2007 | 159 | NOTICE OF APPEAL as to 151 Order finding Plaintiff Patsy N. Sakuma in Contempt of Court - filed by Patsy N. Sakuma. Filing fee $ 455. (Attachments: # 1 Representation Statement # 2 Civil Appeals Docketing Statement # 3 Copy of 6/25/07 order (doc 151) # 4 Copy of 5/17/06 Order (doc 130) # 5 June 15, 2007 FAX |

Exhibit "3.20" "9.6"

PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br><br>          Plaintiff,<br><br><br>vs.<br><br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF THE TROPICS AT<br>WAIKELE, an unincorporated<br>association, HAWAIIANA<br>MANAGEMENT COMPANY, LTD., a<br>corporation LOVE YAMAMOTO<br>AND MOTOOKA, a professional<br>corporation, MILTON M.<br>MOTOOKA, an individual,<br>and D.R. HORTON-SCHULER<br>HOMES, LLC, a Delaware Limited<br>Liability Co.,<br>          Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals-07-16396<br>Closed:Nos. 03-15522 & 03-15480<br>Nos. 05-16940 & 06-16121)<br>   **"ERRATA SHEET"** TO:<br>NOTICE OF MOTION AND<br>MOTION  FOR RELIEF FROM<br>JUDGMENT AND FINAL ORDER;<br> MOTION FOR SANCTIONS<br>AGAINST DEFENDANTS, THEIR<br>ATTORNEYS', LAW FIRMS<br>UNDER RULE 11, 28USCA;<br>DECLARATION OF PATSY N.<br>SAKUMA; EXHIBITS "1.1 to 12.3"<br><br>Rule 60(b)(6), 28 U.S.C.A.<br>Rule 11, 28 U.S.C.A.<br>Local Rule 7.1-7.9, U.S. District Court<br>   for the Hawaii District<br><br>(Non-Hearing Motion, LR.7.2(e)) |

COMES NOW Plaintiff Pro Se Patsy N. Sakuma ("Sakuma"), hereby

submits the following errata sheet correcting typographical errors and omissions to

Exhibit "3.3" of "3.6"

RETURN TO COUNSEL

PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br><br>       Plaintiff,<br><br><br>vs.<br><br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF THE TROPICS AT<br>WAIKELE, an unincorporated<br>association, HAWAIIANA<br>MANAGEMENT COMPANY, LTD., a<br>HEARING; DECLARATION<br>corporation, LOVE YAMAMOTO<br>& MOTOOKA, a professional<br>corporation, MILTON M.<br>MOTOOKA, an individual,<br>and D.R. HORTON-SCHULER<br>HOMES, LLC, a Delaware Limited<br>Liability Co.,<br><br>       Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals- Closed<br>Nos. 03-15522 & 03-15480<br>Nos. 05-16940 & 06-16121)<br>    **"ERRATA SHEET"** TO:<br>NOTICE OF MOTION AND<br>MOTION  TO COMPEL<br>COMPLIANCE WITH SUBPOENA<br>DUCES TECUM BY NANCY J.<br>YOUNGREN, ESQ. TO REQUEST<br>ONE AND ORDER TO SHOW<br>CAUSE WHY YOUNGREN<br>SHOULD NOT BE FOUND IN<br>CONTEMPT FOR NOT COMPLY-<br>ING WITH SUBPOENA DUCES<br>TECUM'S REQUEST 2 & 3, OR<br>TO ALL 3 REQUESTS, & ORDER<br>TO SHOW CAUSE WHY KEVIN<br>P.H. SUMIDA, ESQ. SHOULD NOT<br>BE FOUND IN CONTEMPT OF<br>COURT FOR NOT COMPLYING<br>WITH SUBPOENA DUCES TECUM;<br>DECLARATION OF PATSY N.<br>SAKUMA; EXHIBITS "A-1to N-3"<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. David A. Ezra |

EXHIBIT "3.1" ~~███~~
Exhibit "3.4" or "3.6"

PATSY N. SAKUMA
10960 Ashton Ave. #307
Los Angeles, CA 90024
Tel. 310.478.6755
Plaintiff Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA,<br>an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF THE TROPICS AT<br>WAIKELE, an unincorporated<br>association, HAWAIIANA<br>MANAGEMENT COMPANY, LTD., a<br>HEARING; DECLARATION<br>corporation, LOVE YAMAMOTO<br>& MOTOOKA, a professional<br>corporation, MILTON M.<br>MOTOOKA, an individual,<br>and D.R. HORTON-SCHULER<br>HOMES, LLC, a Delaware Limited<br>Liability Co.,<br>　　　　　Defendants. | CIVIL NO. 01-00556 DAE:BMK<br><br>(Ninth Circuit Appeals- Closed<br>Nos. 03-15522 & 03-15480<br>Nos. 05-16940 & 06-16121)<br><br>NOTICE OF MOTION AND<br>MOTION  TO COMPEL<br>COMPLIANCE WITH SUBPOENA<br>DUCES TECUM BY NANCY J.<br>YOUNGREN, ESQ. TO REQUEST<br>ONE AND ORDER TO SHOW<br>CAUSE WHY YOUNGREN<br>SHOULD NOT BE FOUND IN<br>CONTEMPT FOR NOT COMPLY-<br>ING WITH SUBPOENA DUCES<br>TECUM'S REQUEST 2 & 3, OR<br>TO ALL 3 REQUESTS, & ORDER<br>TO SHOW CAUSE WHY KEVIN<br>P.H. SUMIDA, ESQ. SHOULD NOT<br>BE FOUND IN CONTEMPT OF<br>COURT FOR NOT COMPLYING<br>WITH SUBPOENA DUCES TECUM;<br>DECLARATION OF PATSY N.<br>SAKUMA; EXHIBITS<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. David A. Ezra |

Ex. 3. 107 4 3.128
Exhibit "3.5" of "3.6"

due process rights had been violated by the Court. Sakuma also averred she was still too sick to comply with the Court's 4:00 PM deadline on June 26, 2007.  Her doctor's note dated June 25, 2007 after the Hearing stated that she had been treated for vomiting and diarrhea that started on June 24, 2007 and that her may be limited activities for the next 48-72 hours, a copy of which is attached hereto as Exhibits "M-1- to M-5." The District Court denied her Emergency Motion. *See, id.*

On June 26, 2007, around 5:00 PM even if her entire family members residing at the premises were sick (Exhibit "M-2"), Sakuma complied with the Court's June 25, 2007 Order. Sakuma also personally served Sumida at his law office at 735 Bishop Street, Suite 411, Honolulu, Hawaii 96813 a subpoena duces tecum. Said subpoena requested that Sumida produce for inspection and copying: 1) Exhibit D to CR 58, and 2) the August 6, 2005 letter by him to Sakuma.

## DISCUSSION:

Youngren failed to properly file and serve her objections to Sakuma's subpoena. Rule 45(c)(2)(B) provides, in part, that …"a person commanded to produce and permit inspection…, if such time is less than 14 days after service [of the subpoena], serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials…"

Rule 45(c)(2)(B) required Youngren to serve her written objection as a pleading to Sakuma's subpoena pursuant to a Proof of Service and then filing the

Ex 3.114 7 3.128
Exhibit "36" of "36"

*Returning to USDC Hawaii for filing*

# UNITED STATES DISTRICT COURT

*Cert. Service*

OFFICE OF THE CLERK
DISTRICT OF HAWAII
300 ALA MOANA BLVD.
HONOLULU, HAWAII 96850

*Mailed this week Aug, 1, 2007 w/ errata Sheet*

SUE BEITIA
CLERK

TELEPHONE
(808)541-1300
FAX 541-1303

July 27, 2007

*Mahalo*
*Patsy Sakuma*

Patsy N. Sakuma, Esq.
10960 Ashton Avenue # 307
Los Angeles, California 90024

RE: Civil 01-00556DAE-BMK Patsy N. Sakuma vs. AOAO of the Tropics at Waikele, et al.

*Plaintiff Pro Se*

Dear Ms. Sakuma:

Upon the direction of the Chambers of U. S. District Judge David Alan Ezra, the Office of the Clerk is returning your documents titled:

- "NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM BY NANCY J. YOUNGREN, ESQ. TO REQUEST ONE AND ORDER TO SHOW CAUSE WHY YOUNGREN SHOULD NOT BE FOUND IN CONTEMPT FOR NOT COMPLYING WITH SUBPOENA DUCES TECUM'S REQUEST 2 & 3, OR TO ALL 3 REQUESTS, & ORDER TO SHOW CAUSE WHY KEVIN P.H. SUMIDA, ESQ. SHOULD NOT BE FOUND IN CONTEMPT OF COURT FOR NOT COMPLYING WITH SUBPOENA DUCES TECUM; DECLARATION OF PATSY N. SAKUMA; EXHIBITS"; and

- "DECLARATION OF PATSY N. SAKUMA AND EXHIBITS 'A-1 TO N-3'"

Although an appeal from this case number is pending before the 9th Circuit Court of Appeals (re: Notice of Appeal filed July 24, 2007), your case in this District Court was terminated on September 30, 2002 and remains closed.

Very truly yours,

SUE BEITIA, Clerk

by: Anna Chang

Anna F. Chang, Deputy Clerk

encl.

Ex. 12.1 of 123
Exhibits "4.1" "4.3"

*Aug. 7, 2007 Tue*

*Resubmitting for your reconsideration.*

*Mahalo, DNBMK*

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
DISTRICT OF HAWAII
300 ALA MOANA BLVD.
HONOLULU, HAWAII 96850

(L.G)
**RECEIVED**
CLERK U.S. DISTRICT COURT

SUE BEITIA
CLERK

AUG 13 2007

TELEPHONE
(808)541-1300
FAX 541-1303

**DISTRICT OF HAWAII**          August 3, 2007

Patsy N. Sakuma, Esq.
10960 Ashton Avenue # 307
Los Angeles, California 90024

RE: Civil 01-00556DAE-BMK Patsy N. Sakuma vs. AOAO of the Tropics at Waikele, et al.

Dear Ms. Sakuma:

Upon the direction of the Chambers of U.S. District Judge David Alan Ezra, the Office of the Clerk is returning the documents you had submitted. Although an appeal from this case number is pending before the 9th Circuit Court of Appeals (re: Notice of Appeal filed July 24, 2007), your case in this District Court was terminated on September 30, 2002 and remains closed.

Very truly yours,

SUE BEITIA, Clerk

by _____
Anna F. Chang, Deputy Clerk

encl.

EX 12.2 of 12.3

*Exhibits "4.2" & "4.3"*

# UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK
DISTRICT OF HAWAII
300 ALA MOANA BLVD.
HONOLULU, HAWAII 96850

SUE BEITIA
CLERK

TELEPHONE
(808)541-1300
FAX 541-1303

August 24, 2007

Patsy N. Sakuma, Esq.
10960 Ashton Avenue # 307
Los Angeles, California 90024

  RE: Civil 01-00556DAE-BMK Patsy N. Sakuma vs. AOAO of the Tropics at Waikele, et al.

Dear Ms. Sakuma:

  Please find enclosed those documents you had re-submitted with your request for the Court to reconsider its notice on not filing the documents. The Chambers of U.S. District Judge David Alan Ezra has reiterated its stance that because your case is closed, the Office of the Clerk is directed to return your documents.

    Very truly yours,

    SUE BEITIA, Clerk

    by: _Anna Chang_

    Anna F. Chang, Deputy Clerk

encl.

12.3 of 12.3

Ex. "4.3" "4.3"



## HAWAIIANA

Hawaiiana Management Company, Ltd.
711 Kapiolani Boulevard Suite 700
Honolulu, Hawaii 96813
Tel: (808) 593-9100
Fax: (808) 593-6333
Internet: www.hmcmgt.com

December 4, 2003

Dear Tropics at Waikele Owner:

The Board of Directors has approved the 2004 Operating Budget, which was prepared on a cash basis, and Reserve Study that was prepared using the **cash-flow analysis** method. After careful review of the Association's current and long-range requirements and to conform to Hawaii State Reserve Funding Laws, the Board has approved the budget with **no increase** in maintenance fees for 2004.

Hawaii Revised Statute 514A requires that owners be provided with certain information on an annual basis with regard to the Operating Budget and Reserve Study. This data is enclosed for your information. Additionally, your Bylaws state that Maintenance fees are due and payable on the first day of the month. Should an owner fail to pay the common expense assessment on time or any other assessment when due, the owner will be subject to a late fee for each such default or defaults. The late fee will be assessed on the 15th day of each month. The Board of Directors may impose a priority of payments plan that allows payments to be applied to attorneys' fees, late fees, special assessments, and the unpaid balance of maintenance fees, should a delinquency exist.

Coupons and return envelopes for each month of 2004 are enclosed (except for those of you on our automatic Surepay Plan - in your case, coupons are not needed). Please return the larger portion of the coupon for the appropriate month with each payment. **If you are not using our Surepay system for automatic payments, you may consider it now.** Return the enclosed application to Hawaiiana Management Company, Ltd., prior to December 15, 2003, to ensure that your January 2004 payment is made on time.

*Please be advised that the Association has an established priority of payments policy. If your account is not current, payments received will be applied in accordance with the Association's application of payments policy and Section 514A-15.1, HRS, i.e. applied first to unpaid legal fees, late fees and fines, if any, then to common expenses. If you fail to remit payment for all charges assessed, your account will be delinquent and shall be charged additional late fees.*

*Finally, all owners are encouraged to obtain and maintain either a Homeowner's insurance policy or landlord/renters policy to ensure individual losses, such as personal property, can be covered should the Association's policy preclude full coverage, as a result of the policy deductible or coverage limitations. The Association's policy only provides for damages to be repaired to the "as built" condition, which in many cases is insufficient due to upgrades by owners.*

Sincerely,

FOR THE BOARD OF DIRECTORS
AOAO TROPICS AT WAIKELE

*Patty Dykstra*

Patty Dykstra, CMCA ®, AMS®
Management Executive

Ex "5"

Enclosures