IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATSY N. SAKUMA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ASSOCIATION OF APARTMENT )<br>OWNERS OF THE TROPICS AT )<br>WAIKELE, an unincorporated )<br>association, HAWAIIANA )<br>MANAGEMENT COMPANY, )<br>LTD., a corporation, LOVE )<br>YAMAMOTO & MOTOOKA, a )<br>professional corporation, MILTON )<br>M. MOTOOKA, an individual, AND )<br>DOES 1-300, inclusive, )<br>)<br>Defendants. )<br>_____ ) | CV. NO. 01-00556 DAE-BMK |

ORDER DENYING PLAINTIFF'S MOTION OPPOSING COURT'S PRE-FILING SCREENING ORDER, INCLUDING PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE AGAINST DEFENDANTS; GRANTING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS; AND ORDERING THE CLERK OF THE COURT TO TRANSFER COPIES OF THIS <u>ORDER AND PREVIOUS ORDERS TO THE STATE BAR OF CALIFORNIA</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's response to the Court's Pre-Filing Screening Order and Defendants reply, the Court DENIES Plaintiff's motion opposing the Court's Pre-Filing Screening Order, including Plaintiff's

request for order to show cause why Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd. Should Not Be Found Vexatious Litigants; GRANTS Defendants' request for attorneys' fees and costs in the amount of $1,020.00, directing Plaintiff to pay those fees immediately; and ORDERS the clerk of the Court to make a copy of this order and the previous orders of the Court to transfer them, without delay, to the disciplinary officer of the State Bar of California for the State Bar's review and possible initiation of disciplinary proceedings against Plaintiff.[1]

## BACKGROUND

On September 13, 2002, the Court filed an Order Adopting the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommended

---

[1] In response to the Court's Order Denying Plaintiff's Motion for Relief from Judgment filed on September 13, 2002 and Order Finding Plaintiff in Contempt filed on June 25, 2007; and Order of Pre-Filing Screening and Order to Comply with June 25, 2007 Contempt Order ("Pre-Filing Screening Order"), filed on September 27, 2007, Plaintiff filed a Notice of Motion for Order to Show Cause Why Association of Apartment Owners of the Tropics at Waikele, and Hawaiiana Management Company, Ltd. Should Not Be Designated Vexatious Litigants, to which Defendants responded. The Court construes Plaintiff's motion as a response to the Court's Pre-Filing Screening Order, as the Court only permitted Plaintiff to oppose, with good faith arguments, the Court's pre-filing screening decision within 10 days of its filing. Additionally, as discussed herein, the Court finds Plaintiff's motion requesting the Court to find Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd. vexatious litigants without merit.

2

Order Granting in Part and Denying in Part Defendants' Motion to Enforce Settlement and For Costs and Denying Plaintiff's Motion for Sanctions. On October 3, 2002, the Court entered judgment in Plaintiff's case ("2002 Judgment"), dismissing her case with prejudice. The 2002 Judgment enforced a settlement in the underlying litigation that Plaintiff brought against Defendants. Upon appeal to the Ninth Circuit, the Ninth Circuit affirmed the Court's decision on November 20, 2003, which decision to affirm was filed in the Court on February 12, 2004.

On January 26, 2005, Plaintiff made a motion for relief from final order and final judgment and award of attorneys' fees, costs, and sanctions, which motion the Court denied. Plaintiff then appealed that decision to the Ninth Circuit, which affirmed the court's decision to deny relief on February 20, 2007, on the ground that the motion was untimely under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 60(b)(1) and (b)(3) and, thus, the district court lacked jurisdiction to consider the merits. The Ninth Circuit found that, to the extent that Plaintiff's motion was based on Fed. R. Civ. P. 60(b)(4), the Court properly rejected Plaintiff's contention that the judgment was void and that it violated her due process. The Ninth Circuit further found that the Court did not abuse its discretion in imposing sanctions for a frivolous motion for relief from a judgment that the Ninth Circuit already had affirmed. All remaining arguments lacked merit.

3

On May 17, 2006, the Court approved Defendants' declarations of attorneys' fees and costs according to its order imposing sanctions pursuant to 28 U.S.C. § 1927 ("Order Approving Costs"). The Court approved the fees and costs after providing Plaintiff with an opportunity to respond in writing to Defendants' itemized accounting of legal fees that Defendants incurred as a result of responding to Plaintiff's motion for relief from the final order and final judgment. Plaintiff failed to respond. After reviewing the declarations of attorneys' fees and costs, the Court approved Defendants' attorneys' fees and costs in the amount of $1,275.00, as well as the attorneys' fees and costs for other defendants. The Court ordered that Plaintiff pay said amount on or before June 5, 2006.

Despite the Order Approving Costs and two letters to Plaintiff, dated December 15, 2006 and February 22, 2007, Plaintiff failed to pay Defendants the $1,275.00 owed. Consequently, Defendants filed a Motion for Order to Show Cause on May 18, 2007, requesting the Court to order Plaintiff to show cause as to why Plaintiff should not be found in contempt for failing to comply with the Court's Order Approving Costs. In the Motion for Order to Show Cause, Defendants sought the $1,275.00 owed plus the appellate taxation of costs of $130.00 for a total of $1,405.00. Defendants also sought a sanction of additional

attorneys' fees and costs for the filing of that motion. Defendants duly served Plaintiff with a copy of the motion.

Plaintiff did not file an opposition to that motion, which was due on June 7, 2007. Over one week later, on June 15, 2007, she sent a letter to the Court via facsimile, in which she requested leave to file a late opposition memorandum. At no time did Plaintiff, an attorney, actually file a motion for extension or enlargement of time, according to Local Rules 6.2(b) and 7.7, to file her opposition to Defendants' Motion. Accordingly, the Court did not grant such a request. Plaintiff never filed an opposition, nor did she contact the Court at any other time regarding a possible extension.[2] Consequently, the Court considered Defendants' motion and the arguments at the hearing only.

On June 25, 2007, the Court filed its Order Finding Plaintiff in Contempt of Court ("Contempt Order") based on Plaintiff's failure to comply with the Court's Order Approving Costs, though given over one year to do so, and failure to supply any good faith argument to justify that failure or any evidence that

---

[2] The Court notes, however, that Plaintiff did show up at the Court's chambers unannounced the morning of the hearing, verbally asking the Court to postpone the hearing because she allegedly was too sick to attend. As Plaintiff was not too sick to appear at the Court's chambers less than an hour before the hearing was to take place, rather than calling or writing, and she did not present the Court with a doctor's note (or appear ill), the Court proceeded with the hearing.

5

she had taken any steps to comply with the Court's order. Accordingly, the Court ordered Plaintiff to deliver to Defendants' counsel, Kevin P.H. Sumida, cash or a cashier's check/money order/or certified check in the amount of $1,405.00 made payable to Defendants' law firm, Sumida & Tsuchiyama, no later than 4:00 p.m., Hawaii time, on June 26, 2007. The Court further ordered that, in the event that Plaintiff failed to make payment in that amount by that time, the Court would order Plaintiff into custody until she complied or until further order of the Court were issued. On July 24, 2007, Plaintiff appealed that decision to the Ninth Circuit, which appeal still is pending according to the Court's docket.

Plaintiff subsequently sought relief from the 2002 Judgment and the Court's Contempt Order pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 60(b)(6), which Defendants opposed, requesting that the Court designate Plaintiff as a vexatious litigant. On September 27, 2007, the Court filed its Pre-Filing Screening Order, denying Plaintiff's motion for relief, ordering that Plaintiff is permanently enjoined from filing motions in the instant matter except to oppose the instant order of pre-filing screening within 10 days of the filing of this order, with good faith arguments; and ordering that Plaintiff must immediately comply with the Court's Contempt Order, if she had not already. The Court also found

Plaintiff a vexatious litigant, setting forth the history of Plaintiff's abuses in the instant litigation.

On October 9, 2007, Plaintiff filed the instant motion, which Defendants opposed on October 18, 2007.

## DISCUSSION

Instead of presenting good faith arguments opposing the Court's decision to impose the pre-filing screening order, she instead attempts to turn the table on Defendants, in, as Defendants state, a "tit for tat" maneuver, seeking the Court to designate Defendants vexatious litigants. Plaintiff's claims are so outlandish that the Court has a difficult time digesting them and taking the time to address them. Plaintiff argues that Defendants have admitted their breach of a settlement agreement by failing to deny it, which issue already has been litigated, decided against Plaintiff, and affirmed on appeal not once but twice. She also argues that Defendants "unclean hands," by admitting their breach of the settlement agreement when they allegedly failed to deny it, prevents them from claiming that Plaintiff is a vexatious litigant. That argument holds as little merit as Plaintiff's first.

Plaintiff also argues that Defendants failed to justify their request to designate Plaintiff a vexatious litigant because they did not identify any vexatious

7

activities other than multiple filings in the instant lawsuit. The Court disagrees. A vexatious litigant is one with a history of abuses of the judicial process. See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Multiple filings that are outrageously untimely and frivolous and only serve to cause Defendants "vexation, harassment and needless expense" and the Court and supporting personnel "unnecessary burden" certainly can justify a finding of vexatiousness. Matter of Hartford Textile Corp., 681 F.2d 895, 897 (9th Cir. 1982). Defendants have identified numerous frivolous and untimely filings, as did the Court in its Pre-Filing Screening Order, which Defendants nicely summarized in a chart. Those filings include:

     1. Plaintiff's motion for reconsideration of Magistrate Judge Barry M. Kurren's findings of facts and conclusion of law, filed on September 17, 2002, which was denied as untimely. (Docket Nos. 28, 52.)

     2. Plaintiff's motion for reconsideration to alter or amend the 2002 final judgment, filed on October 7, 2002, which was denied as untimely. (Docket Nos. 55, 68.)

     3. Plaintiff's first appeal to the Ninth Circuit, filed on March 17, 2003, from which the Ninth Circuit affirmed the Court's judgment. (Docket Nos. 70, 74.)

4. Plaintiff's first motion for relief from final order and final judgment, which the Court denied, awarding attorneys' fees, costs, and sanctions. (Docket Nos. 76, 93.)

5. Plaintiff's motion for extension of time to file a notice of appeal, which the Court granted. Plaintiff's subsequent filing of a second appeal to the Ninth Circuit concerning the Court's order denying relief from judgment and an additional appeal from the Court's imposition of sanctions. The Ninth Circuit affirmed the Court's decision in both regards. (Docket Nos. 100, 102, 103, 131, 145.) Concerning the issue of sanctions, the Ninth Circuit found, "[t]he district court did not abuse its discretion in imposing sanctions for [Plaintiff's] frivolous motion for relief from a judgment that had already been affirmed by this court." (Ninth Circuit Opinion at 3.) That made three appeals that were affirmed.

6. On May 18, 2007, Defendants filed a motion for order to show cause why Plaintiff should not be found in contempt, which the Court granted, finding Plaintiff in contempt. (Docket Nos. 146, 151.)

7. On June 26, 2007, Plaintiff filed an emergency motion to extend the time to perform under the contempt order, which the Court denied. (Docket Nos. 154, 155.)

8. Plaintiff filed her fourth appeal on July 24, 2007, which appeal is pending.

9. Despite that pending appeal and the Ninth Circuit's previous decisions to affirm, Plaintiff filed another motion for relief from judgment and final order on September 5, 2007, which the Court denied in its Pre-Filing Screening Order. (Docket Nos. 169, 172.) Defendants also requested that the Court find Plaintiff a vexatious litigant, which the Court did.

10. Finally, although Plaintiff has paid Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd. $1,450.00, according to the Court's June 25, 2007 contempt order, she did not pay the other defendants, according to the costs awarded in the May 17, 2006 order imposing sanctions, because "economics of the matter prevented them from filing further motions seeking such payment." (Sumida's Decl. ¶ 9.)

Now, Plaintiff not only fails to respond with good faith arguments to the Court's Pre-Filing Screening Order, but she seeks to have the Court find Defendants vexatious litigants with absolutely no basis. That the Court declines to do.

In light of having to respond to Plaintiff's present motion, which contained more frivolous arguments on issues that were not before the Court,

Defendants request an award of attorneys fees and costs, requesting an award of $1,020.00 ($150.00/hour x 6.8 hours). (Sumida's Decl. ¶ 5.) The Court GRANTS Defendants' request for attorneys' fees and costs in the amount of $1,020.00, directing Plaintiff to pay those fees immediately.

Finally, due to Plaintiff's actions in this matter which fall so far below standards of professional behavior as to warrant careful review by the State Bar of California, the Court orders that the Clerk of the Court make a copy of this order and the previous orders of the Court to transfer them, without delay, to the disciplinary officer of the State Bar of California for the State Bar's review and possible initiation of disciplinary proceedings against Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion opposing the Court's Pre-Filing Screening Order, including Plaintiff's request for order to show cause why Association of Apartment Owners of the Tropics at Waikele and Hawaiiana Management Company, Ltd. Should Not Be Found Vexatious Litigants; GRANTS Defendants' request for attorneys' fees and costs in the amount of $1,020.00, directing Plaintiff to pay those fees immediately; and ORDERS the Clerk of the Court to make a copy of this order and the previous orders of the Court to transfer them, without delay, to the disciplinary officer of the

11

Dbtf!2;12.dw.11667.EBF.CNL!!!!!Epdvn fou!292!!!!!Gjme!2103:031:18!!!!!Qbhf!23!pg!23

State Bar of California for the State Bar's review and possible initiation of disciplinary proceedings against Plaintiff.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2007.



_____
David Alan Ezra
United States District Judge

<u>Patsy N. Sakuma vs. Association of Apartment Owners of the Tropics at Waikele, et al.</u>, Civil No. 01-00556 DAE-BMK; ORDER DENYING PLAINTIFF'S MOTION OPPOSING COURT'S PRE-FILING SCREENING ORDER, INCLUDING PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE AGAINST DEFENDANTS; GRANTING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES AND COSTS; AND ORDERING THE CLERK OF THE COURT TO TRANSFER COPIES OF THIS ORDER AND PREVIOUS ORDERS TO THE STATE BAR OF CALIFORNIA